IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

DAVID JOSEPH CERNANCE,

      Plaintiff,

  vs.

CARMAX AUTO SUPERSTORES,
INC.,

      Defendant.

CIVIL ACTION FILE
NO.: 2:25-cv-00387-SCJ

(Removed from the Superior Court
of Pickens County, Georgia, Civil
Action File No. 2025SUCV0721)

## ANSWER OF DEFENDANT CARMAX AUTO SUPERSTORES, INC. TO PLAINTIFF'S VERIFIED COMPLAINT FOR DAMAGES

COMES NOW defendant CarMax Auto Superstores, Inc. ("CarMax") and, in response to plaintiff's verified complaint for damages ("complaint"),[1] shows this Court the following:

### First Defense

Any injuries, losses, and damages that may have been sustained by plaintiff, as alleged in the complaint, resulted from the acts or omissions of persons, firms, or corporations other than CarMax, for whom CarMax is not liable.

---

[1] With the complaint, plaintiff also filed a document entitled "Motion to Submit Affidavit and Exhibits in Support of Complaint" (hereinafter "motion"). This motion is not a proper pleading pursuant to Rule 7 of the Federal Rules of Civil Procedure and, thus, should not be considered by the Court. To the extent that the motion is considered, CarMax expressly denies all allegations contained therein, and it further denies any mischaracterization of any exhibits purported to be offered by plaintiff.

## Second Defense

Neither CarMax nor anyone for whom CarMax could be held liable has been guilty of any negligence, fault, or other wrongful conduct, and therefore, CarMax has no liability to plaintiff.

## Third Defense

No acts or omissions of CarMax, or anyone for whom CarMax could be liable, were the proximate cause of any alleged damage to the plaintiff, and thus, CarMax has no liability to plaintiff.

## Fourth Defense

Plaintiff's complaint, in whole or in part, fails to state a claim on which relief may be granted against CarMax.

## Fifth Defense

Plaintiff has failed to mitigate his alleged damages.

## Sixth Defense

There is, at a minimum, a bona fide controversy between the parties hereto, and CarMax has at no time acted in bad faith or been stubbornly litigious or caused plaintiff any unnecessary trouble and expense; therefore, plaintiff is not entitled to recover any attorney's fees or expenses of litigation against CarMax pursuant to O.C.G.A. § 13-6-11 or any other statute.

## Seventh Defense

The incident and damages alleged by plaintiff were caused by subsequent intervening or superseding events, occurrences, or conditions for which CarMax bears no responsibility.

## Eighth Defense

Plaintiff's complaint fails to plead all special damages with particularity as required by Fed. R. Civ. P. 9(g).

## Ninth Defense

CarMax reserves the right to modify its Answer, including adding additional affirmative defenses under Fed. R. Civ. P. 8(c)(1), as discovery and new information may require.

## Tenth Defense

CarMax further responds to the numbered paragraphs of plaintiff's complaint as follows:

1.

CarMax is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 1 of plaintiff's complaint, and, therefore, it can neither admit nor deny same.

2.

Responding to paragraph no. 2 of plaintiff's complaint, CarMax admits that

it has a principal office address in Richmond, Virigina, that it is authorized to transact business in the State of Georgia, and that it sells automobiles.  Except as specifically admitted herein, paragraph no. 2 of plaintiff's complaint is denied.

3.-4.

Responding to paragraph nos. 3 and 4 of plaintiff's complaint, CarMax admits that jurisdiction and venue are proper in the United States District Court for the Northern District of Georgia, Gainesville Division.  Except as specifically admitted herein, paragraph nos. 3 and 4 of plaintiff's complaint are denied.

5.

Responding to paragraph no. 5 of plaintiff's complaint, CarMax admits that on or about May 16, 2024, plaintiff entered into an agreement with CarMax to purchase a 2018 RAM 2500 (VIN 3C6MR5AJ6JG347736) ("subject vehicle") for $44,139.86 at which time the vehicle had approximately 7,807 miles on the odometer.  Except as specifically admitted herein, paragraph no. 5 of plaintiff's complaint is denied.

6.-9.

CarMax is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph nos. 6, 7, 8, and 9 of plaintiff's complaint, and, therefore, it can neither admit nor deny same.

-4-

10.

Paragraph no. 10 of plaintiff's complaint is denied.

11.-13.

CarMax is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph nos. 11, 12, and 13 of plaintiff's complaint, and, therefore, it can neither admit nor deny same.

14.

Responding to paragraph no. 14 of plaintiff's complaint, CarMax admits that plaintiff communicated to the Better Business Bureau and to the Georgia Attorney General about the subject vehicle.  Except as specifically admitted herein, paragraph no. 14 of plaintiff's complaint is denied.

15.-16.

Paragraph nos. 15 and 16 of plaintiff's complaint are denied.

17.-23.

CarMax is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph nos. 17, 18, 19, 20, 21, 22, and 23 of plaintiff's complaint, and, therefore, it can neither admit nor deny same.

24.-25.

Paragraph nos. 24 and 25 of plaintiff's complaint are denied.

26.

Answering paragraph no. 26 of plaintiff's complaint, CarMax adopts and incorporates by reference its responses to paragraph nos. 1 through 25 of plaintiff's complaint the same as if fully set forth verbatim herein.

27.

Paragraph no. 27 of plaintiff's complaint is denied.

28.

CarMax is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph no. 28 of plaintiff's complaint, and, therefore, it can neither admit nor deny same.

29.

Paragraph no. 29 of plaintiff's complaint is denied.  CarMax further denies the allegations in the "Prayer for Relief" and "Affidavit" paragraphs immediately following paragraph no. 29 of plaintiff's complaint.

**Eleventh Defense**

Any and all allegations, claims, contentions, demands, and prayers for relief contained in plaintiff's complaint that CarMax has not expressly admitted in this answer are hereby expressly denied.

**DEMAND FOR JURY TRIAL**

CarMax demands a trial by a jury in this action.

-6-

WHEREFORE, CARMAX AUTO SUPERSTORES, INC., having fully responded to plaintiff's verified complaint for damages, prays that it be henceforth discharged and that all costs be cast upon the plaintiff.

This 11th day of December, 2025.

/s/ Sean E. Boyd
John L. McKinley, Jr.
Georgia Bar No. 495513
Sean E. Boyd
Georgia Bar No. 302874

Attorneys for Defendant
CarMax Auto Superstores, Inc.

MOZLEY, FINLAYSON & LOGGINS LLP
1050 Crown Pointe Parkway, Suite 1500
Atlanta, Georgia 30338-7704
(404) 256-0700 (telephone)
(404) 250-9355 (facsimile)
jmckinley@mfllaw.com
sboyd@mfllaw.com

-7-

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

DAVID JOSEPH CERNANCE,

     Plaintiff,

  vs.

CARMAX AUTO SUPERSTORES,
INC.,

     Defendant.

CIVIL ACTION FILE
NO.: 2:25-cv-00387-SCJ

(Removed from the Superior Court
of Pickens County, Georgia, Civil
Action File No. 2025SUCV0721)

## **CERTIFICATE OF SERVICE AND TYPE SIZE COMPLIANCE**

This is to certify that on this date, I electronically filed the foregoing *Answer of Defendant CarMax Auto Superstores, Inc. to Plaintiff's Verified Complaint for Damages* with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing, as well as sent a copy via statutory electronic service and via first class mail in a properly addressed envelope with adequate postage thereon to the following:

David Joseph Carnance
616 Hickory Cove Road
Jasper, Georgia 30143
davidcernance@gmail.com

Pursuant to Local Rule 5.1, NDGa., the foregoing certification is prepared in Times New Roman, 14 point.

This 11th day of December, 2025.

/s/ *Sean E. Boyd*
Sean E. Boyd
Georgia Bar No. 302874

MOZLEY, FINLAYSON & LOGGINS LLP
1050 Crown Pointe Parkway, Suite 1500
Atlanta, Georgia 30338-7704
(404) 256-0700 (telephone)
(404) 250-9355 (facsimile)
sboyd@mfllaw.com