IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| DAVID JOSEPH CERNANCE,<br><br>Plaintiff,<br><br>vs.<br><br>CARMAX AUTO SUPERSTORES, INC.,<br><br>Defendant. | CIVIL ACTION FILE<br>NO.: 2:25-cv-00387-SCJ<br><br>(Removed from the Superior Court of Pickens County, Georgia, Civil Action File No. 2025SUCV0721) |

## ANSWER OF DEFENDANT CARMAX AUTO SUPERSTORES, INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW defendant CarMax Auto Superstores, Inc. ("CarMax") and, in response to plaintiff's first amended complaint, shows this Court the following:

### First Defense

Any injuries, losses, and damages that may have been sustained by plaintiff, as alleged in the first amended complaint, resulted from the acts or omissions of persons, firms, or corporations other than CarMax, for whom CarMax is not liable.

### Second Defense

Neither CarMax nor anyone for whom CarMax could be held liable has been guilty of any negligence, fault, or other wrongful conduct, and therefore, CarMax has no liability to plaintiff.

### Third Defense

No acts or omissions of CarMax, or anyone for whom CarMax could be liable, were the proximate cause of any alleged damage to the plaintiff, and thus, CarMax has no liability to plaintiff.

### Fourth Defense

Plaintiff's first amended complaint, in whole or in part, fails to state a claim on which relief may be granted against CarMax.

### Fifth Defense

Plaintiff has failed to mitigate his alleged damages.

### Sixth Defense

There is, at a minimum, a bona fide controversy between the parties hereto, and CarMax has at no time acted in bad faith or been stubbornly litigious or caused plaintiff any unnecessary trouble and expense; therefore, plaintiff is not entitled to recover any attorney's fees or expenses of litigation against CarMax pursuant to O.C.G.A. § 13-6-11 or any other statute.

### Seventh Defense

The incident and damages alleged by plaintiff were caused by subsequent intervening or superseding events, occurrences, or conditions for which CarMax bears no responsibility.

**Eighth Defense**

Plaintiff's first amended complaint fails to plead all special damages with particularity as required by Fed. R. Civ. P. 9(g).

**Ninth Defense**

Any claims by plaintiff for punitive damages fail to set forth any claims upon which relief can be granted against CarMax:

(a)     Because CarMax has not been guilty of any conduct that would authorize any award of punitive damages;

(b)     Alternatively, because any award of punitive damages against CarMax herein would violate the due process and equal protection rights and other constitutional rights of CarMax under the Georgia and United States Constitutions. Further, any claims for punitive damages fail to satisfy the requirements of Georgia law.

**Tenth Defense**

Unless CarMax's liability for punitive damages as well as the appropriate amount of punitive damages is established by clear and convincing evidence, any award of punitive damages would violate CarMax's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution, the due process provisions of the Georgia Constitution, and the provisions of O.C.G.A. § 51-12-5.1.

**Eleventh Defense**

Plaintiff's claim for punitive damages cannot be sustained because any award of punitive damages under Georgia law without bifurcating the trial of all punitive damages issues would violate CarMax's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution, the due process provisions of the Georgia Constitution, and the provisions of O.C.G.A. § 51-12-5.1.

**Twelfth Defense**

Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages under Georgia law by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a punitive damages award, (2) is not instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of individually discriminatory characteristics, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate CarMax's due process and equal protection

-4-

rights guaranteed by the Fourteenth Amendment to the United States Constitution, the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and the Georgia Constitutional provisions providing for due process, equal protection, and guaranty against double jeopardy.

## Thirteenth Defense

Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages under Georgia law for the purpose of compensating plaintiff for elements of damage not otherwise recognized by Georgia law would violate CarMax's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Georgia Constitution.

## Fourteenth Defense

Plaintiff's claim for punitive damages cannot be sustained because any such award of punitive damages under Georgia law exceeding the limits authorized by state penal laws would constitute a cruel and unusual punishment in violation of the Fourteenth Amendment to the United States Constitution, the Eighth Amendment as incorporated into the Fourteenth Amendment, and the Georgia Constitutional provisions providing for due process and protection against excessive fines and cruel and unusual punishment.

**Fifteenth Defense**

Any award of punitive damages based on anything other than CarMax's conduct in connection with specific actions directed toward plaintiff, to the extent such actions are the subject of this lawsuit, would violate the due process clause of the Fourteenth Amendment to the United States Constitution, the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and the Georgia Constitutional provisions providing for due process and guaranty against double jeopardy, because any other judgment for punitive damages in this case cannot protect CarMax against impermissible multiple punishment for the same wrong.

**Sixteenth Defense**

Plaintiff's claim for punitive damages cannot be sustained to the extent it does not bear a reasonable relationship to compensatory damages.

**Seventeenth Defense**

Plaintiff's claim for punitive damages cannot be sustained because CarMax did not receive fair notice not only of the conduct that will subject CarMax to punishment but also to the severity of the penalty that state law may impose.

**Eighteenth Defense**

CarMax reserves the right to modify its Answer, including adding additional affirmative defenses under Fed. R. Civ. P. 8(c)(1), as discovery and new

information require.

## Nineteenth Defense

CarMax further responds to the numbered paragraphs of plaintiff's first amended complaint as follows:

1.

Answering paragraph no. 1 of plaintiff's first amended complaint, CarMax hereby adopts and incorporates by reference its responses to each and every paragraph and prayer for relief alleged in plaintiff's original verified complaint for damages that CarMax previously set forth in its answer to plaintiff's original verified complaint for damages, the same as if fully set forth verbatim herein.

2.-4.

Paragraph nos. 2, 3, and 4 of plaintiff's first amended complaint are denied. CarMax further denies the allegations set forth in the "WHEREFORE" clause immediately following paragraph no. 4 of plaintiff's first amended complaint.

## Twentieth Defense

Any and all allegations, claims, contentions, demands, and prayers for relief contained in plaintiff's first amended complaint that CarMax has not expressly admitted in this answer are hereby expressly denied.

## DEMAND FOR JURY TRIAL

CarMax demands a trial by a jury in this action.

WHEREFORE, CARMAX AUTO SUPERSTORES, INC., having fully responded to plaintiff's first amended complaint, prays that it be henceforth discharged and that all costs be cast upon the plaintiff.

This 11th day of December, 2025.

/s/ Sean E. Boyd
John L. McKinley, Jr.
Georgia Bar No. 495513
Sean E. Boyd
Georgia Bar No. 302874

Attorneys for Defendant
CarMax Auto Superstores, Inc.

MOZLEY, FINLAYSON & LOGGINS LLP
1050 Crown Pointe Parkway, Suite 1500
Atlanta, Georgia 30338-7704
(404) 256-0700 (telephone)
(404) 250-9355 (facsimile)
jmckinley@mfllaw.com
sboyd@mfllaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

DAVID JOSEPH CERNANCE,

      Plaintiff,

  vs.

CARMAX AUTO SUPERSTORES,
INC.,

      Defendant.

CIVIL ACTION FILE
NO.: 2:25-cv-00387-SCJ

(Removed from the Superior Court
of Pickens County, Georgia, Civil
Action File No. 2025SUCV0721)

## **CERTIFICATE OF SERVICE AND TYPE SIZE COMPLIANCE**

This is to certify that on this date, I electronically filed the foregoing *Answer of Defendant CarMax Auto Superstores, Inc. to Plaintiff's First Amended Complaint* with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing, as well as sent a copy via statutory electronic service and via first class mail in a properly addressed envelope with adequate postage thereon to the following:

David Joseph Carnance
616 Hickory Cove Road
Jasper, Georgia 30143
davidcernance@gmail.com

Pursuant to Local Rule 5.1, NDGa., the foregoing certification is prepared in Times New Roman, 14 point.

This 11th day of December, 2025.

/s/ Sean E. Boyd

Sean E. Boyd
Georgia Bar No. 302874

MOZLEY, FINLAYSON & LOGGINS LLP
1050 Crown Pointe Parkway, Suite 1500
Atlanta, Georgia 30338-7704
(404) 256-0700 (telephone)
(404) 250-9355 (facsimile)
sboyd@mfllaw.com