IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINSVILLE DIVISION

| | |
|---|---|
| DAVID J. CERNANCE,<br><br>Plaintiff,<br><br>vs.<br><br>CARMAX AUTO SUPERSTORES, INC.,<br><br>Defendant. | CIVIL ACTION FILE<br>NO.:  2:25-CV-00387-SCJ<br><br>(Removed from the Superior<br>Court of Pickens County,<br>Georgia, Civil Action File No.<br>2025SUCV0721) |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

**1.    Description of Case:**

(a)    Describe briefly the nature of this action.

This is a tort action in which plaintiff seeks to recover general, special, and punitive damages.

(b)    Summarize, in the space provided below, the facts of this case.  The summary should not be argumentative nor recite evidence.

On or about May 16, 2024, plaintiff purchased a 2018 RAM 2500 (VIN 3C6MR5AJ6JG347736) ("subject vehicle") from defendant for about $45,000 at which time it had 7,807 miles on the odometer.  Plaintiff claims that the time that he purchased the subject vehicle, it had extensive rust damage.

(c)    The legal issues to be tried are as follows:

<u>Fraudulent misrepresentation, fraudulent inducement, breach of contract, violation of the Georgia Fair Business Practices Act, causation, and damages (general, special, and punitive).</u>

(d)    The cases listed below (include both style and action number) are:

(1) Pending Related Cases: <u>None</u>

(2) Previously Adjudicated Related Cases:  <u>None</u>

**2.    This case is complex because it possesses one or more of the features listed below (please check):**

  ___ (1)    Unusually large number of parties
  ___ (2)    Unusually large number of claims or defenses
  ___ (3)    Factual issues are exceptionally complex
  ___ (4)    Greater than normal volume of evidence
  _X_ (5)    Extended discovery period is needed
  ___ (6)    Problems locating or preserving evidence
  ___ (7)    Pending parallel investigations or action by government
  _X_ (8)    Multiple use of experts
  ___ (9)    Need for discovery outside United States boundaries
  ___ (10) Existence of highly technical issues and proof
  ___ (11) Unusually complex discovery of electronically stored information

**3.    Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

<u>Plaintiff</u>:    None.  Plaintiff is self represented.

<u>Defendant</u>:  Sean E. Boyd, Esq.
Georgia Bar No. 302874
MOZLEY, FINLAYSON & LOGGINS LLP
1050 Crown Pointe Parkway, Suite 1500

Atlanta, Georgia 30338-7704
(404) 256-0700 (telephone)
(404) 250-9355 (facsimile)
sboyd@mfllaw.com

**4.    Jurisdiction**:

Is there any question regarding this Court's jurisdiction?

Plaintiff's Position:      Yes  _X_      No  ____

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection.  When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based.  Each objection should be supported by authority.

Please see Exhibit A attached hereto.

Defendant's Position:    Yes  ____      No  _X_

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection.  When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based.  Each objection should be supported by authority.  N/A

**5.    Parties to This Action:**

(a)    The following persons are necessary parties who have not been joined:

Plaintiff's Position:      Tony Rouse.

Defendant's Position:    None.

-3-

(b)    The following persons are improperly joined as parties: <u>None.</u>

(c)    The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:  <u>None.</u>

(d)    The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.    Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

(a)    List separately any amendments to the pleadings that the parties anticipate will be necessary: <u>The plaintiff has filed a motion for leave to amend complaint and motion to remand.  The defendant will file a timely response memorandum in opposition thereto.</u>

(b)    Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.    Filing Times for Motions:**

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a)     *Motions to Compel:* before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b)     *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c)     *Other Limited Motions:* Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)     *Motions Objecting to Expert Testimony:* Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.     Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.  NOTE: Your initial disclosures should include electronically stored information.  Refer to Fed. R. Civ. P. 26(a)(1)(B).

The parties have no objections.

**9.    Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.

The parties do not request a scheduling conference at this time.

**10.    Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

Fraudulent misrepresentation, fraudulent inducement, breach of contract, violation of the Georgia Fair Business Practices Act, causation, and damages (general, special, and punitive).

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

The parties would request a six (6) month discovery period to ensure appropriate time to complete all discovery, including discovery related to potential expert witness.

**11.  Discovery Limitation and Discovery of Electronically Stored Information:**

(a)  What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

The parties are unaware of any at this time.

**(b)  Is any party seeking discovery of electronically stored information?**

  X   Yes                    ___   No

If "yes,"

(1)  The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The parties are seeking photographs, non-privileged documents, and non-privileged communications relating to the subject vehicle, the claims alleged by plaintiff, and the damages sought by plaintiff.  Further, the parties may seek other electronic communications, such as social media, that are relevant to the material issues presented in this case.

(2)     The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

The parties will produce discoverable electronically stored information in PDF, JPEG, or similar format to the extent reasonably available.  The parties reserve the right to request discovery or production of native file format information.  To the extent that social media is produced, it will be produced via downloading the file from the appropriate social media website.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12.     Other Orders:**

What other orders do the parties think that the Court should enter under Rule

26(c) or under Rule 16(b) and (c)?

The parties may seek a Protective Order from the Court pursuant to Fed. R. Civ. P. 26(c) pertaining to discovery materials that are confidential or constitute a trade secret.

**13.    Privileged or Protected Material:**

Do the parties anticipate any issues about claims for privilege or of protection with respect to trial-preparation materials?

_____ Yes                              X   No

If "yes,"

The parties have discussed their views and proposals on any such issues, including the timing and method for complying with Rule 26(b)(5)(A) and whether, if they agree on a procedure to assert the claims after production, to ask the Court to include their agreement in an order under Federal Rule of Evidence 502.  The parties have agreed as follows:     N/A

**14.    Settlement Potential:**

(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on December 18, 2025, and that they participated in settlement discussions.  Participants in the settlement discussions are listed according to party.

For plaintiff: Lead counsel:        */s/ David Joseph Cernance, Pro Se*

Other participants:              None.

<u>For defendant</u>: Lead Counsel:   */s/ Sean E. Boyd*

Other participants:              <u>None</u>

(b)     **All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

<u>Plaintiff's Position</u>:

( X  )   A possibility of settlement before discovery.

(____) A possibility of settlement after discovery.

(      ) A possibility of settlement, but a conference with the judge is needed.

(      ) No possibility of settlement.

<u>Defendant's Position</u>:

(      )   A possibility of settlement before discovery.

( X  ) A possibility of settlement after discovery.

(      ) A possibility of settlement, but a conference with the judge is needed.

(      ) No possibility of settlement.

(c)     Counsel ( X  ) do or (  ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference <u>to be determined</u>.

(d)     The following specific problems have created a hindrance to settlement of this case:

<u>The parties disagree on their positions of the case.</u>

**15.     Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)     The parties (        ) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form  has  been  submitted  to  the  clerk  of  court this _____ day of _____, 20__.

(b)     The parties (__X__) do not consent to having this case tried before a magistrate judge of this Court.

Respectfully submitted this 23rd day of December, 2025.

*/s/ David Joseph Cernance*
David Joseph Cernance, Pro se
(*signed by Sean E. Boyd, Georgia Bar No. 302874, in response to plaintiff's express approval of Joint Preliminary Report and Discovery Plan*)

616 Hickory Cove Road
Jasper, Georgia 30143
(817) 570-7097 (telephone)
davidcernance@gmail.com

*/s/ Sean E. Boyd*
John L. McKinley, Jr.
Georgia Bar No. 495513

Sean E. Boyd
Georgia Bar No. 302874

Attorneys for Defendant
CarMax Auto Superstores, Inc.

MOZLEY, FINLAYSON & LOGGINS LLP
1050 Crown Pointe Parkway, Suite 1500
Atlanta, Georgia 30338-7704
(404) 256-0700 (telephone)
(404) 250-9355 (facsimile)
jmckinley@mfllaw.com
sboyd@mfllaw.com

-0-

# EXHIBIT A

-0-

**Plaintiff's Jurisdictional Objection**

Plaintiff objects to federal jurisdiction and respectfully submits that remand to the Superior Court of Pickens County is required. Defendant removed this case under 28 U.S.C. §§ 1332, 1441, and 1446, asserting diversity jurisdiction. Diversity is incomplete because a necessary party, Tony Rouse, is a Georgia resident whose conduct is central to the claims.

As set forth in Plaintiff's Verified Complaint and affidavit, Mr. Rouse, acting as Service Manager for CarMax Roswell, personally reinspected the vehicle on May 21, 2024 and November 11, 2025. On both occasions, he represented that the rust present was "cosmetic," despite CarMax's own records and contracted repair shops documenting structural rust. As Service Manager, he is trained and responsible for distinguishing between cosmetic and structural corrosion, and his statements concerned material facts about the safety and condition of the vehicle. Under Georgia law, an employee is personally liable for his own torts, including fraud and misrepresentation, even when acting within the scope of employment. Mr. Rouse's misclassification concealed a defect that voided the warranty, induced reliance, and constitutes actionable fraud.

Defendant filed its Notice of Removal on Friday, December 5, 2025. On Wednesday, December 10, 2025, Plaintiff contacted the Superior Court to check for any response and was informed only that a motion to remove had been filed. Plaintiff did not understand that the filing of the Notice of Removal immediately divested the Superior Court of jurisdiction. Believing the case remained active in state court, Plaintiff filed a Motion for Leave to Amend and a Motion to Remand at approximately 8:22 a.m. that same day. Upon returning home, Plaintiff received the official removal papers in the mail and confirmed with the clerk that the Superior Court no longer had jurisdiction. Plaintiff promptly re-filed the Motion for Leave to Amend and Motion to Remand in the United States District Court on December 11, 2025, before 9:30 a.m., the first opportunity to file in the proper court.

Under 28 U.S.C. § 1447(e), when a plaintiff seeks to join a non-diverse defendant whose conduct is central to the claims, the Court must either deny joinder or permit joinder and remand. Joinder of Mr. Rouse is proper because (1) he is a necessary party whose conduct is directly at issue, (2) his presence is required for complete relief and to avoid inconsistent obligations, and (3) his joinder destroys diversity jurisdiction.

For these reasons, Plaintiff respectfully requests that the Court permit joinder of Mr. Rouse, find that diversity jurisdiction is incomplete, and remand this matter to the Superior Court of Pickens County.

Respectfully submitted,

**David Joseph Cernance** Pro Se Plaintiff

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

The initial discovery period shall be eight (6) months from the date of

commencement of the discovery period for the reasons set forth in the Joint

Preliminary Report and Discovery Plan.

_____

_____

IT IS SO ORDERED, this _____ day of _____, 202_.


_____
JUDGE STEVEN C. JONES
UNITED STATES DISTRICT JUDGE,
NORTHERN DISTRICT OF GEORGIA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

DAVID JOSEPH CERNANCE,

      Plaintiff,

    vs.

CARMAX AUTO SUPERSTORES,
INC.,

      Defendant.

CIVIL ACTION FILE
NO.: 2:25-cv-00387-SCJ

(Removed from the Superior Court
of Pickens County, Georgia, Civil
Action File No. 2025SUCV0721)

## CERTIFICATE OF SERVICE AND TYPE SIZE COMPLIANCE

This is to certify that on this date, I electronically filed the foregoing *Joint Preliminary Report and Discovery Plan* with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing, as well as sent a copy via statutory electronic service and via first class mail in a properly addressed envelope with adequate postage thereon to the following:

David Joseph Carnance
616 Hickory Cove Road
Jasper, Georgia 30143
davidcernance@gmail.com

Pursuant to Local Rule 5.1, NDGa., the foregoing report is prepared in Times New Roman, 14 point.

This 23rd day of December, 2025.

/s/ Sean E. Boyd

Sean E. Boyd
Georgia Bar No. 302874

MOZLEY, FINLAYSON & LOGGINS LLP
1050 Crown Pointe Parkway, Suite 1500
Atlanta, Georgia 30338-7704
(404) 256-0700 (telephone)
(404) 250-9355 (facsimile)
sboyd@mfllaw.com