IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

DAVID JOSEPH CERNANCE,

    Plaintiff,

    vs.

CARMAX AUTO SUPERSTORES, INC.,

    Defendant.

CIVIL ACTION FILE
NO.: 2:25-cv-00387-SCJ

## DEFENDANT CARMAX AUTO SUPERSTORES, INC.'S RESPONSE MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND MOTION TO REMAND

COMES NOW defendant CARMAX AUTO SUPERSTORES, INC. (hereinafter "CarMax") and hereby files this, its response memorandum in opposition to plaintiff's motion for leave to amend complaint and motion to remand (Doc. No. 6) (hereinafter "motion for leave to amend") in which plaintiff seeks to add a defendant, Tony Rouse, whose conduct he contends is central to his fraud claim.

As explained herein, not only was Mr. Rouse was not directly involved in the sale of the subject vehicle to plaintiff, but plaintiff also necessarily knew of him prior to commencing this lawsuit in the Superior Court of Pickens County, Georgia, and before later amending his complaint while the matter was pending therein. Thus, plaintiff's efforts to add Mr. Rouse immediately after CarMax

removed the case to federal court and before discovery commenced (or the parties have made their initial disclosures) are not only dilatory, but they also demonstrate that plaintiff has sought to amend his complaint now simply to defeat federal jurisdiction. Since plaintiff has not set forth allegations that are legally sufficient to support a fraud claim in the first instance, and he cannot do so based on the lack of involvement of Mr. Rouse in the sale of the subject vehicle to him, plaintiff does not have a viable claim against Mr. Rouse. In other words, while plaintiff contends that Mr. Rouse is central to his fraud claim, he has not pointed (and cannot point) to any evidence to support the necessary elements of such a claim.

Accordingly, for the reasons discussed herein, this Court should exercise its discretion and deny plaintiff's motion for leave to amend and, furthermore, not remand this case back to the Superior Court of Pickens County, Georgia.

## I.   Background

**A.   Plaintiff's original and first amended complaint set forth claims against CarMax based on misconduct that purportedly occurred in connection with the sale of the subject vehicle to plaintiff.**

This case arises out of issues that plaintiff purportedly experienced with a 2018 RAM 2500 ("subject vehicle") that he purchased from CarMax on or about May 16, 2024. (Ex. 1, Verified Compl.). Specifically, plaintiff alleges that the subject "vehicle suffered mechanical failure due to a rusted fan clutch" and that this "[r]ust damage **was pre-exiting and undisclosed at the time of sale**." (*Id.* ¶¶

6, 10) (emphasis added).  As a result, plaintiff contends that he "suffered substantial financial and operational harm," including actual damages claimed of $92,194.00.  (*Id.* ¶¶ 16, 23).

On November 7, 2025, plaintiff commenced this action in the Superior Court of Pickens County, Georgia.  In his initial verified complaint – in which he named CarMax as the only defendant and did not identify any John Doe defendant – plaintiff set forth claims against CarMax sounding in fraudulent misrepresentation (Count I), breach of contract (Count II), and violation of the Georgia Fair Business Practices Act ("GFBPA") (Count III).  (Ex. 1, Verified Compl.).  In support of the fraudulent misrepresentation and GFBPA claims, plaintiff alleged that "Defendant knowingly or recklessly failed to disclose materials defects, including rust damage that rendered the vehicle unsafe and unfit for business use."  (*Id.* ¶¶ 24, 26).  In further support of the GFBPA claim, plaintiff alleged that "Defendant CarMax Auto Superstores, Inc. engaged in deceptive trade practices" that violated Georgia law, which included by "[c]oncealing extensive rust damage affecting critical vehicle systems," by "[f]ailing to disclose known defects **at the time of sale despite internal inspection and knowledge**," and "[m]isrepresenting the vehicle as clean and mechanically sound based on surface appearance and low mileage." (*Id.* ¶ 27) (emphasis added).  Thus, pursuant to the allegations, the claims in this case center around plaintiff's contention that CarMax allegedly failed to disclose

certain information to him about the subject vehicle (*i.e.*, rust damage) *before* he purchased that vehicle.

On December 3, 2025, plaintiff filed his first amended complaint in the Superior Court of Pickens County, Georgia.  (Ex. 2, First Am. Compl.)  He did not include any new or additional factual allegations.  Nor did he allege that any other party or individual engaged in any purported misconduct or that some other party might bear responsibility to him for his claimed injuries and damages.  Rather, plaintiff simply added a claim for punitive damages against CarMax based on "Defendant's conduct, as set forth in the original Complaint."  (*Id.* ¶¶ 1-2.)

On December 5, 2025, CarMax removed this case to this Court pursuant to 28 U.S.C. §1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.  (Doc. No. 1.)  On December 11, 2025, CarMax timely filed answers to both complaints.  (Doc. Nos. 7 and 8).

**B.      Although plaintiff seeks to add Tony Rouse as a defendant, he has not set forth any factual allegations to support a fraud claim against Mr. Rouse, nor can he set forth such allegations since Mr. Rouse was not directly involved with the sale of the subject vehicle to plaintiff.**

On December 11, 2025, plaintiff also filed the subject motion for leave to amend in which he seeks to add Tony Rouse, a Georgia resident, as a defendant, allegedly to assert a fraud claim against him pursuant to Georgia law. (Doc. No. 6).

Although plaintiff claims that Mr. Rouse was "directly involved in the transaction and representations concerning the vehicle at issue," he has not set

forth any particular or specific allegations to support a claim for fraud. (*Id.* ¶ III)

For instance, the motion for leave to amend does not contain a proposed amended

complaint or otherwise make statements that identify the misrepresentation(s) or

false statement(s) that Mr. Rouse purportedly made to plaintiff, that reveal that Mr.

Rouse made any such misrepresentation(s) or false statement(s) to plaintiff to

induce him to purchase the subject vehicle, that show that plaintiff justifiably relied

on any such purported misrepresentation(s) or false statement(s), or that reveals

what Mr. Rouse purportedly gained by such misrepresentation(s) or false

statement(s).  In fact, plaintiff has not set forth a single allegation revealing what

involvement, if any, that Mr. Rouse purportedly had in sale of the subject vehicle

to him in the first instance or that identifies the conduct on his part that may be at

issue.

The absence of any such allegations is because Mr. Rouse did not sell the

subject vehicle to plaintiff (nor was he otherwise directly involved with the sale of

that vehicle) and, thus, he could not have engaged in any actionable misconduct.

Mr. Rouse has worked as the Operations Manager at the CarMax store

located in Roswell, Georgia since October 2023.  (Ex. 3, Rouse Decl. ¶¶ 2-3, 8).  In

this position, though, he is not generally involved in the direct process of selling

vehicles to customers.  (*Id.* ¶ 6).  Consequently, he does not generally talk with

customers about matters related to or concerning a vehicle that a customer intends

to purchase *before* the purchase occurs, including the vehicle's condition.  (*Id.* ¶ 7).

With respect to the subject vehicle, Mr. Rouse was not directly involved in selling that vehicle to plaintiff, nor did he speak with plaintiff about that vehicle before plaintiff purchased it.  (Ex. 3, Rouse Decl. ¶¶ 8-10).  Thus, Mr. Rouse did not make any representations (and could not make misrepresentations) to plaintiff about the subject vehicle before he purchased it, including about its condition.  (*Id.* ¶ 11).  Nor did Mr. Rouse disclose (or could he fail to disclose) any information to plaintiff about the vehicle, including its condition, before he purchased it.  (*Id.* ¶ 12).  In fact, Mr. Rouse did not speak with plaintiff about the subject vehicle until *after* plaintiff had already purchased it and, thus, had become its owner.  (*Id.* ¶ 13).  Mr. Rouse also is not a party to any contract with plaintiff.  (*Id.* ¶ 14).

Consequently, since Mr. Rouse was not directly involved with the sale of the subject vehicle to plaintiff, and for the other reasons set forth below, this Court should exercise its discretion to deny the motion for leave to amend and, thus, decline to remand this case back to the Superior Court of Pickens County, Georgia.

## II.   Argument and Citation of Authority

### A. Standard for adding a non-diverse defendant after removal.

Mr. Rouse is a resident and citizen of the State of Georgia.  (Ex. 3, Rouse Decl., ¶ 15).  Thus, his joinder would destroy subject matter jurisdiction, which is based on diversity of citizenship.  Since plaintiff seeks to add Mr. Rouse after

removal, his motion for leave to amend is governed by 28 U.S.C. § 1447(e), which provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject mater jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State Court."  Thus, a district court has "only two options: (1) deny joinder; or (2) permit joinder and remand [the] case to state court." *Ingram v. CSX Tranp.*, 146 F.3d 858, 862 (11th Cir. 1998).

In deciding whether to exercise its discretion to permit or deny joinder of a nondiverse defendant after removal, this Court previously recognized:

> Although the Eleventh Circuit has not addressed in a precedential decision the standard that a court should apply when determining whether a plaintiff can amend to join a non-diverse party, it has seemingly endorsed the weighing of four factors to determine if joinder is appropriate: 'the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether [the] plaintiff has been dilatory in asking for amendment, whether [the] plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities.'

*Darden v. Walmart Stores E. LP*, No. 2:22-CV-00109-SCJ, 2023 U.S. Dist. LEXIS 236342, *3 (N.D. Ga. Jan. 23, 2023) (quoting *Dever v. Family Dollar Stores of Ga., LLC*, 755 F. App'x 866, 869 (11th Cir. Nov. 2, 2018)) (attached as Exs. 4 and 5, respectively).

### B. Plaintiff's motion for leave to amend should be denied because the equities do not support permitting the amendment.

Consideration of each of the four factors outlined above demonstrates that the equities way in favor of denying plaintiff's motion for leave to amend.

### *1. The timing and circumstances of plaintiff's proposed amendment demonstrate that his purpose is to defeat federal jurisdiction.*

"The first factor . . . to consider is 'the extent to which the purpose of the amendment is to defeat complete diversity.'" *Darden*, 2023 U.S. Dist. LEXIS 236342, at \*4 (quoting *Hickerson v. Enter. Leasing Co. of Georgia, LLC*, 818 Fed. App'x 880, 885 (11th Cir. June 11, 2020) (attached as Ex. 6)).

In analyzing this factor, "one consideration is whether the plaintiff seeks to add a non-diverse defendant immediately after removal and before any discovery takes place." *Dunham v. Heartland Express*, No. 1:15-CV-1488-SCJ, 2015 U.S. Dist. LEXIS 198613, at \*4-\*5 (N.D. Ga. Nov. 25, 2015) (attached as Ex. 7). When this occurs, the request "should be looked at carefully because one implication is that it has been undertaken with the specific purpose of destroying federal jurisdiction." *Id.* at 3 (internal quotation marks omitted). *See Mayes v. Rapoport*, 198 F.3d 457, 463 (4th Cir. 1999) ("[W]here . . . a plaintiff seeks to add a nondiverse defendant immediately after removal but before any additional discovery has taken place, district courts should be wary that the amended sought is for the specific purpose of avoiding federal jurisdiction.").

District courts have been more likely to find that such a specific purpose exists when "the plaintiff knew about the proposed defendant at the time [that] the action was filed in state court." *Dunham*, 2015 U.S. Dist. LEXIS 198613, at \*5 (finding motive to defeat jurisdiction when plaintiff had identifying information for

-8-

individual defendant when plaintiff filed suit in state court); *Wang v. Am. Equity Inv. Life Ins. Co.*, No. 1:20-cv-01728-JPB, 2021 U.S. Dist. LEXIS 5417, *4-*5 (N.D. Ga. Jan 12, 2021) (finding motive to defeat jurisdiction where plaintiff knew proposed individual defendant's identity and role in matter before filing suit) (attached as Ex. 8); *Hickerson v. Enter. Leasing Co. of Georgia, LLC*, No. 1:18-CV-1199-SCJ, 2018 U.S. Dist. LEXIS 247651, *4 (N.D. Ga. Aug. 8, 2018) (same) (attached as Ex. 9).

Here, before CarMax removed this action to federal court, plaintiff filed two complaints in the Superior Court in which he chose to allege claims only against CarMax. Moreover, a review of the allegations set forth in those complaints shows that neither one of them included any contentions that suggested that plaintiff intended or desired to hold any other party or individual liable for the purported misconduct alleged therein, notwithstanding the fact that plaintiff necessarily knew about Mr. Rouse at the time of both filings. In fact, plaintiff did not include a single allegation about an individual, including identifying a John Doe defendant. However, within a week of CarMax removing the case, and before any discovery or initial exchanges occurred, plaintiff filed the subject motion for leave to amend in which he seeks to add Mr. Rouse as a defendant, claiming for the first time that Mr. Rouse engaged in "conduct [that] is central to Plaintiff's fraud claims." (Doc. No. 6, II ¶ 4). Since plaintiff knew about Mr. Rouse but did not allege any claims

against him until after CarMax removed the case to federal court, the timing of plaintiff's request for leave to amend demonstrates that he has moved to amend his complaint for the purpose of defeating subject matter jurisdiction.

Another consideration "in the analysis of whether a plaintiff's purpose in adding a non-diverse defendant is to defeat subject matter jurisdiction is . . . the relative merits or strengths of the plaintiff's claim against the diversity destroying defendant." *Smith v. White Consol. Indus.*, 229 F. Supp. 2d 1275, 1280 (N.D. Ala 2002). When "the claim . . . is relatively weak or has no merit, that factor should be taken into account and . . . weigh against joinder." *Id.* (finding weakness of claim to be alleged against non-diverse party weighed against allowing amendment and ultimately denied request to amend).

To prove a fraud claim under Georgia law, a "plaintiff must establish five elements: (1) a false representation by a defendant, (2) scienter, (3) intention to induce the plaintiff to act or refrain from acting, (4) justifiable reliance by plaintiff, and (5) damage to plaintiff." *Sun Nurseries, Inc. v. Lake Erma, LLC*, 316 Ga. App. 832, 835 (2012). To allege a viable fraud claim in the first instance, "Federal Rule of Civil Procedure 9(b) sets specific requirements." *WESI, LLC v. Compas Enctl., Inc.*, 509 F. Supp. 2d 1353, 1358 (N.D. Ga. 2007). It provides that when "alleging fraud . . a party must state with particularly the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To meet this "heightened pleading" requirement:

a complaint must set forth: (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Odion v. Google Inc.*, 628 Fed. App'x 635, 637 (11th Cir. Oct. 5, 2015) (attached as Ex. 10). "[C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." *WESI, LLC*, 509 F. Supp. 2d at 1358 (internal quotations omitted); *Odion v. Google, Inc.*, 628 Fed. App'x at 638 (affirming district court dismissal of conspiracy to commit fraud claims as to 23 defendants "because the complaint contained only conclusory allegations").

In this case, while plaintiff contends in a conclusory manner that Mr. Rouse engaged in fraud, he has not set forth any particular allegations to support such a claim. Specifically, plaintiff has not included any factual contentions that show (1) the statement(s) that Mr. Rouse allegedly made to him, (2) the time and place when Mr. Rouse purportedly made those statement(s) to plaintiff, (3) the content of those statement(s) and the manner in which they misled plaintiff, or (4) what Mr. Rouse obtained as a consequent of his purported fraud.

This is undoubtedly so since Mr. Rouse was not directly involved in the sale of the subject vehicle to plaintiff and did not speak with plaintiff until *after* he had already purchased the vehicle from CarMax. As such, Mr. Rouse did not make any

representations (and could not make misrepresentations) to plaintiff about the subject vehicle *before* he purchased it. Nor did he disclose (or could he fail to disclose) any information to plaintiff about the vehicle *before* he purchased it. Furthermore, Mr. Rouse was not a party to any contract with plaintiff. Thus, plaintiff has not met (and cannot meet) the heightened pleading requirements of Rule 9 of the Federal Rules of Civil Procedure necessary to set forth a fraud claim.

Accordingly, since plaintiff waited until after removal to seek to add a non-diverse individual of whom he knew about when he first filed the lawsuit, and against whom he has not and cannot set forth a viable claim for fraud, this Court should find that the purpose of the motion for leave to amend is simply to defeat subject matter jurisdiction.

2. **Since plaintiff knew about Mr. Rouse before he commenced this action, plaintiff was dilatory in waiting until after the case was removed to seek permission to add Mr. Rouse as a defendant.**

When a plaintiff has knowledge of a purported individual defendant before filing his initial complaint but chooses not to include him, courts in this district generally have held that a plaintiff acts dilatory in moving to add the defendant after removal. *See, e.g.*, *Wang*, 2021 U.S. Dist. LEXIS 5417, *6-*7 (finding plaintiff acted dilatory in seeking to add non-diverse defendant of whom plaintiff had full knowledge of involvement before filing lawsuit); *Durham*, 2015 U.S. Dist. LEXIS 198613, at *8 (recognizing that plaintiff acted dilatory where he could have

included the non-diverse defendant in original complaint).

In this case, the parties have not exchanged information through disclosures or discovery. Therefore, although plaintiff has not demonstrated that he has a viable fraud claim against Mr. Rouse (for the reasons discussed previously), to the extent that plaintiff *might* have believed that he had any such claim against him, plaintiff necessarily had this knowledge *before* commencing this action in the Superior Court. Nonetheless, plaintiff did not include Mr. Rouse as a defendant in the original complaint or the amended complaint, nor did he allege any facts suggesting that he intended to assert any claim against him. Instead, plaintiff waited until after the case was removed to attempt to allege a claim against him.

Accordingly, since plaintiff knew about Mr. Rouse before filing his lawsuit, he has been dilatory in waiting to add him as a defendant until after the case was removed to this Court.

### 3. Plaintiff will not be significantly injured if he is not permitted to amend his complaint to add Mr. Rouse as a defendant.

First, if plaintiff is not permitted to amend his complaint to add Mr. Rouse as a party in this case, he remains free to pursue any claims that he believes that he *might* have against Mr. Rouse in an appropriate State or Superior Court in Georgia. To the extent that plaintiff might argue that doing so exposes him to the risk of duplicative, redundant, and/or multiplication of proceedings, this is doubtful since, for the reasons stated above, plaintiff does not have a viable fraud claim against

-13-

Mr. Rouse in the first instance. Therefore, any case that plaintiff might attempt to bring against Mr. Rouse likely will not proceed past the pleading stage.

Second, although CarMax denies that it has any liability to plaintiff and, thus, will be subject to any judgment, plaintiff has not alleged that CarMax would be unable to satisfy any such judgment against it and, thus, the inclusion of Mr. Rouse is necessary to ensure recovery. Nor can he make any such allegations. *See Thornton v. McCarthy Bldg. Cos.*, No. 1:20-cv-01257, 2020 U.S. Dist. LEXIS 214173, at *5 (N.D. Ga Nov. 17, 2020) ("In analyzing this [factor], courts generally attempt to determine whether a plaintiff can be afforded complete relief in the absence of the amendment.") (attached as Ex. 11).

Third, plaintiff will be entitled to the same general discovery with or without Mr. Rouse as a party defendant in this case.

Accordingly, since plaintiff will not be significantly injured if he is not permitted to amend his complaint to add Mr. Rouse, the third factor weighs in favor of denying the motion for leave to amend.

### 4. Other facts bearing on the equities support denying plaintiff motion for leave to amend.

When "balancing the equities, the parties are not on equal footing, and the court should give consideration to the defendant's right to choose the federal forum." *Thornton*, 2020 U.S. Dist. LEXIS 214173, at *6. As one district court has explained:

-14-

> This is because of the diverse defendant's right to choose between a state or federal forum. . . . Giving diverse defendants the option of choosing the federal forum is the very purpose of the removal. . . . Just as plaintiffs have the right to choose to sue in state court when complete diversity does not exist, non-resident defendants have the right to remove to and litigate in federal court when diversity of citizenship does exist.

*Seropian v. Wachovia Bank, N.A.*, No. 10-80397-CIV-MARRA/JOHNSON, 2010 U.S. Dist. LEXIS 144314, *7 (S.D. Fla July 16, 2010) (citations omitted) (attached as Ex. 12).

Here, CarMax has an interest in proceeding in a federal court to provide it with an impartial tribunal that is free from local prejudices. As discussed above, plaintiff has not indicated that he has a viable claim against Mr. Rouse sounding in fraud, and the evidence indicates that he cannot set forth a viable claim. Thus, to the extent that plaintiff might argue that some other equities weigh in his favor, such is misleading given the absence of a viable claim as to Mr. Rouse.

### III.    Conclusion

In conclusion, consideration of the relevant equities demonstrates that this Court should deny plaintiff's motion for leave to amend, in which plaintiff seeks to add Tony Rouse as a defendant, and further deny plaintiff's request to remand the case back to the Superior Court of Pickens County, Georgia.

Mr. Rouse was not directly involved in the sale of the subject vehicle to plaintiff, but given the stage of the proceedings, plaintiff necessarily knew of him

prior to commencing this lawsuit in the Superior Court. Thus, by seeking to add Mr. Rouse soon after CarMax removed the case, and before discovery commenced, plaintiff acted both dilatory and for the purpose of defeating federal jurisdiction. Furthermore, plaintiff has not set forth allegations that are legally sufficient to support a fraud claim against Mr. Rouse in the first instance, and he cannot do so based on the lack of involvement of Mr. Rouse in the underling sale of the subject vehicle to him, so denying his request for leave to amend will not prejudice him. Finally, CarMax has a greater interest in proceeding in federal court before an impartial tribunal, then plaintiff has in having the case remanded back to Superior Court to pursue a baseless claim against Mr. Rouse.

Accordingly, CarMax respectfully requests that this Court exercise its discretion to deny plaintiff's motion for leave to amend complaint and motion to remand, and that it not remand this case back to the Superior Court of Pickens County, Georgia.

This 23rd day of December, 2025.

/s/ Sean E. Boyd
John L. McKinley, Jr.
Georgia Bar No. 495513
Sean E. Boyd
Georgia Bar No. 302874

Attorneys for Defendant
CarMax Auto Superstores, Inc.

-16-

-17-

MOZLEY, FINLAYSON & LOGGINS LLP
1050 Crown Pointe Parkway, Suite 1500
Atlanta, Georgia 30338-7704
(404) 256-0700 (telephone)
(404) 250-9355 (facsimile)
jmckinley@mfllaw.com
sboyd@mfllaw.com

# EXHIBIT 1

**IN THE SUPERIOR COURT OF PICKENS COUNTY
STATE OF GEORGIA**

**DAVID JOSEPH CERNANCE,**
Plaintiff,

v.

**CARMAX AUTO SUPERSTORES, INC.,**
Defendant.

**Civil Action File No.:** 2025 SUCV 721

## VERIFIED COMPLAINT FOR DAMAGES

Plaintiff David Joseph Cernance, appearing pro se, respectfully submits this Verified Complaint for Damages against Defendant CarMax Auto Superstores, Inc., and alleges as follows:

## I. PARTIES

1. Plaintiff is a resident of Jasper, Georgia, and sole proprietor of Stump Brothers.
2. Defendant is a licensed automobile dealership headquartered in Richmond, Virginia, and authorized to do business in Georgia.

## II. JURISDICTION AND VENUE

3. Jurisdiction is proper under O.C.G.A. § 15-7-2.
4. Venue is proper in Pickens County under O.C.G.A. § 9-10-30.

## III. FACTUAL ALLEGATIONS

5. On May 16, 2024, Plaintiff purchased a 2018 RAM 2500 from Defendant for approximately $45,000, with 7,807 miles.
6. By August 7, 2024, at 12,932 miles, the vehicle suffered mechanical failure due to a rusted fan clutch.
7. The mechanic described the rust as "like cancer," indicating pervasive structural damage.

8. Additional repairs were required at Jasper Paint & Body, Crenshaw Auto, and Turner Tire, totaling over $4,261.34.
9. The vehicle was kept in a clean, enclosed garage and maintained in immaculate condition.
10. Rust damage was pre-existing and undisclosed at the time of sale.
11. CarMax's return window expired before the failure occurred.
12. Business branding and modifications disqualified the vehicle from return.
13. Plaintiff suspended his stump removal business and accepted employment at Piedmont Mountainside Hospital.
14. Complaints were filed with the BBB and Georgia Attorney General.
15. CarMax offered a vague verbal resolution but refused written clarification.
16. Plaintiff suffered substantial financial and operational harm.

---

## IV. DAMAGES

17. Plaintiff incurred paid repairs totaling **$3,261.34**, including:

- **$1,689.27** paid to **Crenshaw Automotive** toward a brake system repair estimate of $4,685.45
- **$1,572.07** paid to **Turner Tire** for tire replacement prior to brake failure diagnosis
- **$1,000.00 paid to Jasper Paint**

18. Additional repairs totaling **$1,358.03** were performed under warranty:

- **$729.29** paid by **MaxCare Insurance**
- **$628.74** paid by **CarMax Roswell,** the selling dealer, after Plaintiff requested that they take the truck back and they refused

19. Future repairs are estimated to exceed **$5,000.00**, based on ongoing rust-related damage affecting the **frame, suspension**, and **braking systems**, as documented in mechanic assessments and repair estimates.
20. Plaintiff paid approximately **$45,000.00** toward the purchase of the vehicle, including a **$20,000.00 down payment**, and remains liable for a loan balance of **over $18,000.00**, despite the vehicle's compromised condition and inability to support business use.
21. Plaintiff suffered lost business income totaling **$47,008.50**, due to the suspension of his **stump removal operations**, which relied on the safe and functional use of the vehicle.
22. Plaintiff experienced emotional distress, including **anxiety, disruption of livelihood,** and **reputational harm**, valued at **$7,500.00**, resulting from the sale of a vehicle with undisclosed defects and the refusal of the dealer to take it back.
23. **Total actual damages claimed: $92,194.00**

## V. CAUSES OF ACTION

### Count I – Fraudulent Misrepresentation

24. Defendant knowingly or recklessly failed to disclose material defects, including rust damage that rendered the vehicle unsafe and unfit for business use.

### Count II – Breach of Contract

25. Defendant breached its obligation to deliver a merchantable vehicle suitable for commercial use, violating express and implied terms of the sales agreement.

### Count III – Violation of Georgia Fair Business Practices Act (O.C.G.A. § 10-1-390 et seq.)

26. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.
27. Defendant CarMax Auto Superstores, Inc. engaged in deceptive trade practices in violation of the Georgia Fair Business Practices Act by:

- Concealing extensive rust damage affecting critical vehicle systems, including the frame, suspension, braking components, and engine
- Failing to disclose known defects at the time of sale despite internal inspection and knowledge
- Misrepresenting the vehicle as clean and mechanically sound based on surface appearance and low mileage
- Refusing to provide a written resolution or honor the return policy after Plaintiff requested that the vehicle be taken back

28. On September 19, 2025, Plaintiff issued written notice to Defendant describing the deceptive conduct and reserving all rights under Georgia law. This notice was delivered more than 30 days prior to filing suit and is attached as **Exhibit Q – FBPA Notice and Escalation Record**.
29. Defendant's conduct was intentional and willful, constituting a violation of O.C.G.A. § 10-1-399(c). Plaintiff seeks:

- **Treble damages** pursuant to O.C.G.A. § 10-1-399
- **Attorney's fees and litigation costs**
- Any other relief deemed just and proper by the Court

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Enter judgment in favor of Plaintiff in the amount of **$92,194.00** in actual damages; B. Award **treble damages totaling $276,582.00** pursuant to O.C.G.A. § 10-1-399(a) for willful violation of the Georgia Fair Business Practices Act; C. Grant costs of litigation and any other relief the Court deems just and proper.

## VII. AFFIDAVIT

I, **David Joseph Cernance**, affirm under penalty of perjury that the facts stated in this Verified Complaint and the attached exhibits are true and correct to the best of my knowledge.

I further affirm that the rust damage was pre-existing and undisclosed, and that it caused substantial financial harm, including the suspension of my stump removal business and the need to accept employment at Piedmont Mountainside Hospital.

Executed this ___6___ day of ___November___, 2025.

**Signature:** _D. J. Cernance_    **Printed Name:** David Joseph Cernance

# EXHIBIT 2

# IN THE SUPERIOR COURT OF PICKENS COUNTY STATE OF GEORGIA

**DAVID J. CERNANCE,**
**Plaintiff,**

v.

**CARMAX AUTO SUPERSTORES, INC.,**
**Defendant.**

Civil Action No.: 2025SUCV721

## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Plaintiff David J. Cernance, and respectfully amends his original complaint as follows:

## I. INCORPORATION OF PRIOR ALLEGATIONS

1. Plaintiff incorporates by reference all allegations, counts, and requests for relief contained in the original complaint filed with this Court.

## II. ADDITIONAL CLAIM FOR PUNITIVE DAMAGES

2. Plaintiff alleges that Defendant's conduct, as set forth in the original Complaint, was intentional, malicious, and carried out in reckless disregard of Plaintiff's rights.
3. Pursuant to O.C.G.A. § 51-12-5.1, Plaintiff seeks punitive damages to punish Defendant for its misconduct and to deter similar conduct in the future.
4. Plaintiff requests that the amount of punitive damages be determined by the trier of fact at trial.

**WHEREFORE,** Plaintiff respectfully requests that the Court: a. Enter judgment against Defendant on all counts; b. Award Plaintiff actual damages in an amount to be proven at trial; c. Award treble damages pursuant to O.C.G.A. § 10-1-399; d. Award attorney's fees and court costs pursuant to O.C.G.A. § 13-6-11; e. Grant rescission of the contract and judgment for restitution of the purchase price; f. Award punitive damages pursuant to O.C.G.A. § 51-12-5.1 in an amount to be determined at trial; g. Award such other relief as may be just and proper by the Court.

Respectfully submitted,

David J. Cernance Pro Se Plaintiff
616 Hickory Cove Rd
Jasper, GA 30143
817.570.7097
davidcernance@gmail.com

**CERTIFICATE OF SERVICE** I hereby certify that I have served a true and correct copy of the Plaintiff's First Amended Complaint upon Defendant CarMax Auto Superstores, Inc., by delivering said document to the Gwinnett County Sheriff's Department, Civil Division, 75 Langley Drive, Lawrenceville, GA 30046, for service upon CarMax's registered agent:

Corporation Service Company 2 Sun Court, Suite 400 Peachtree Corners, GA 30092

Service was requested on this ___ day of _December_, 2025, and will be executed by the Gwinnett County Sheriff's Department in accordance with Georgia law.

Respectfully submitted, [Signature] David J. Cernance Pro Se Plaintiff

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

DAVID JOSEPH CERNANCE,

Plaintiff,

vs.

CARMAX AUTO SUPERSTORES,
INC.,

Defendant.

CIVIL ACTION FILE
NO.: 2:25-cv-00387-SCJ

## DECLARATION OF LETONY ROUSE II

I, Letony Rouse II, pursuant to 28 U.S.C. § 1746, do hereby swear, affirm, and attest under the penalties of perjury, as follows:

1.

I am over twenty-one (21) years of age, and I am competent to testify as to the matters contained herein.

2.

I am employed by CarMax Auto Superstores, Inc. ("CarMax") as an Operations Manager.

3.

I have worked as the Operations Manager at the CarMax store located at 11450 Alpharetta Highway, Roswell, Georgia 30076 since October 2023.

4.

The statements contained in this Declaration are based upon my personal knowledge, which has been gained from my experience as well as my review of the business records of CarMax.

5.

I understand that this Declaration is being submitted in connection with a response memorandum filed by CarMax in opposition to plaintiff's motion for leave to amend complaint and motion to remand.

6.

In my position as an Operations Manager, I am not generally involved in the direct process of selling a vehicle to a customer.

7.

As such, I do not generally communicate with customers about any matters that relate to or concern any vehicle that a customer intends to purchase from CarMax before the customer purchases the vehicle, including the condition of the vehicle to be purchased.

8.

I understand that David Joseph Cernance purchased a 2018 RAM 2500 (VIN 3C6MR5AJ6JG347736) ("subject vehicle") from CarMax on or about May 16, 2024.

-2-

9.

I was not directly involved in the process of selling the subject vehicle to David Joseph Cernance on or about May 16, 2024.

10.

Consequently, I did not speak with David Joseph Cernance on or about May 16, 2024, about the subject vehicle, nor did I speak with him on any date before then about the subject vehicle.

11.

Since I did not speak with him on or before the date that he purchased the subject vehicle from CarMax, I did not make any representations or misrepresentations to David Joseph Cernance about the subject vehicle, including about the condition of it.

12.

Furthermore, since I did not speak with him on or before the date that he purchased the subject vehicle from CarMax, I did not disclose or fail to disclose any information to David Joseph Cernance about the subject vehicle, including the about the condition of it.

13.

The first time I spoke with David Joseph Cernance about the subject vehicle was after he had already purchased it from CarMax and became the owner of it.

-3-

14.

I am not personally a party to any contract with David Joseph Cernance related to or concerning the subject vehicle.

15.

I am a citizen and resident of the State of Georgia.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on this 22nd day of December, 2025.

LETONY ROUSE II

-4-

# EXHIBIT 4



Neutral

As of: December 21, 2025 7:02 PM Z

# *Darden v. Walmart Stores E. LP*

United States District Court for the Northern District of Georgia, Gainesville Division

January 23, 2023, Decided; January 23, 2023, Filed

CIVIL ACTION FILE No. 2:22-CV-00109-SCJ

**Reporter**

2023 U.S. Dist. LEXIS 236342 *; 2023 WL 10406724

SOLOMON DARDEN, Plaintiff, v. WALMART STORES EAST LP, SUPERCENTER #7185, Defendant.

**Prior History:** *Darden v. Walmart Store E. LP, 2022 U.S. Dist. LEXIS 250019, 2022 WL 22586190 (N.D. Ga., July 5, 2022)*

**Core Terms**

join, weigh, discovery, false imprisonment, removal, motion to amend, non-diverse, equitable, joinder, defeat, minors

**Counsel:** [*1] For Solomon Darden, Plaintiff: Angelik Edmonds, LEAD ATTORNEY, Edmonds Law Office of Civil Rights LLC, Atlanta, GA; Samantha Renee Adams, LEAD ATTORNEY, Edmonds Law Office of Civil Rights, Atlanta, GA.

For Walmart Store East LP Supercenter #7185, Defendant: Jacob Donald Davis, LEAD ATTORNEY, McLain & Merritt, Atlanta, GA; Nicholas Elias Deeb, LEAD ATTORNEY, McLain & Merritt P.C., Atlanta, GA.

**Judges:** HONORABLE STEVE C. JONES, UNITED STATES DISTRICT JUDGE.

**Opinion by:** STEVE C. JONES

**Opinion**

## ORDER

This matter appears before the Court on Plaintiff's Motion for Leave to File an Amended Complaint.[1] Doc. No. [17]. Plaintiff seeks to join as a defendant the minor store employee

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

(Jane Doe) whose accusation led to Plaintiff's alleged false imprisonment. For the foregoing reasons, the Court **DENIES** Plaintiff's motion to amend.

## I. BACKGROUND

On October 4, 2021, Defendant held Plaintiff at its store for 2-hours following an allegation by Jane Doe, a minor store employee, that Plaintiff had indecently exposed himself to her. Doc. No. [1-1], 2. On February 28, 2021, Plaintiff filed a complaint in Georgia Superior Court for false imprisonment, which Defendant properly removed to this Court upon discovery of complete diversity. Doc. Nos. [*2]  [1]; [1-1].

Following Defendant's refusal to give Plaintiff information relating to Jane Doe because she was a minor, Plaintiff petitioned the Court to order Defendant turn over this information. Doc. No. [4]. Defendant opposed the motion and moved the Court for a protective order, which the Court entered on September 27, 2022.[2] Doc. No. [31]. The protective order made Jane Doe's identity and personal information discoverable for "Attorney's Eyes Only." Id. at 2. On October 18, 2022, following an in-camera review of subpoenaed sheriff's records, the Court further determined that a redacted version of the October 4, 2021 incident report was partially discoverable, but disallowed Plaintiff's review of the body camera video footage involving Jane Doe. Doc. No. [34], 3-4.

On July 5, 2022, Plaintiff filed this motion to amend his complaint. Doc. No. [17]. Specifically, Plaintiff seeks leave to join Jane Doe as a defendant, given her role in the events leading to his alleged false imprisonment. Doc. No. [17], 4. Defendant opposes Plaintiff's motion to amend. Doc. No. [19].

## II. LEGAL STANDARD

Ordinarily, a plaintiff may amend his complaint "once as a matter of course" within 21 days after service [*3]  of the defendant's answer. *Fed. R. Civ. P. 15(a)(1)(B)*. However, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction," the Court has the authority to deny joinder. *28 U.S.C. § 1447(e)*. The analysis under *§ 1447(e)* departs from a strict application of *Rules 15*,*19*, or 20, and instead balances (1) the dangers of parallel state and federal proceedings and (2) the diverse defendants' interest in remaining in a federal forum. *Jarriel v. Gen. Motors Corp., 835 F. Supp. 639, 641 (N.D. Ga. 1993)*.

---

[2] The Court denied Defendant's first protective order on procedural deficiencies. Doc. No. [18]. The parties later agreed that a protective order ought to be entered. Doc. No. [31], 1. There is also a more robust protective order in place for two other minors who had previously made similar accusations against adult males at Defendant's store that is not at issue in the instant motion. Doc. No. [32].

Although the Eleventh Circuit has not addressed in a precedential decision the standard that a court should apply when determining whether a plaintiff can amend to join a non-diverse party, it has seemingly endorsed the weighing of four factors to determine if joinder is appropriate: "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether [the] plaintiff has been dilatory in asking for amendment, whether [the] plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." See *Dever v. Fam. Dollar Stores of Ga, LLC, 755 F. App'x 866, 869 (11th Cir. 2018)* (alteration in original) (quoting *Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987)*.

## III. ANALYSIS

Plaintiff asks the Court for leave to join Jane Doe as a defendant in this case. Doc. No. [17]. Defendant opposes Plaintiff's motion because Jane Doe [*4] would be non-diverse and defeat this Court's jurisdiction over the case. Doc. No. [19], 1-2. Ultimately, the Court agrees with Defendant and, per its discretion, denies Plaintiff's motion.

## A. <u>Purpose of Amendment</u>

The first factor for the Court to consider is "the extent to which the purpose of the amendment is to defeat complete diversity." *Hickerson v. Enter. Leasing Co. of Ga., LLC, 818 F. App'x 880, 885 (11th Cir. 2020)* (quoting *Hensgens, 833 F.2d at 1182*). The core issue in this factor is *why* Plaintiff seeks to add the non-diverse defendant. Plaintiff expressly disclaims that he seeks to join Jane Doe to defeat federal diversity jurisdiction. Doc. No. [17], 5. Instead, Plaintiff contends that he wishes to join Jane Doe because he "has been largely unable to complete investigation to support his claims" given Defendant's refusal to turn over information given her minor status. Id. Defendant counters that the timing of Plaintiff's request supports finding that Plaintiff's true motivation is to defeat federal jurisdiction because Plaintiff did not make an effort to join Jane Doe until the case had been removed to federal court. Doc. No. [19], 8.

The Court generally credits Plaintiff's contention that his motivation for joining Jane Doe is to obtain information more easily for his false imprisonment [*5] claim. Since removal, Plaintiff's actions support the assertion that he wants to investigate his claim completely and that he perceives that the legal protections for minors inhibit his ability to do so. See, e.g., Doc. Nos. [3] (Motion to Compel Discovery); [24] (Motion for In Camera Review).

Even though the Court credits Plaintiff's contention that he seeks to add Jane Doe for discovery purposes, the Court determines that such motivation does not actually weigh in Plaintiff's favor. Indeed, it would be improper to reward Plaintiff's attempt to avoid legal

protections afforded to minors (and now also discovery orders[3]. Moreover, the timing of Plaintiff's request—after the case had been removed — and his knowledge of Jane Doe's role from the filing of his complaint, see supra, further support the Court's decision to weigh this factor in favor of Defendant. Cf. *Hickerson, 818 F. App'x at 885* ("As to the first factor, in determining a plaintiff's motive in seeking joinder, courts consider whether the plaintiff knew about the non-diverse defendant before removal and yet sought to add the party for the first time after removal."). Thus, the first factor weighs in favor of Defendant and against joining Jane Doe.

## B. **Extent [*6]  Plaintiff Has Been Dilatory**

The second factor — whether Plaintiff has been dilatory in joining Jane Doe as a defendant—asks if Plaintiff "wait[ed] an unreasonable amount of time before asking for an amendment, despite having been able to ascertain the party's role in the suit all along." *Hickerson, 818 F. App'x at 886*. From the date of the incident, Plaintiff knew that Jane Done made the complaint against him. Indeed, in his complaint Plaintiff extensively pleads the acts of Jane Doe and her connection to his alleged false imprisonment. Doc. No. [1-1], ¶¶ 11-13. Plaintiff, however, did not attempt to join Jane Doe until a month after removal and over four months after filing the case in state court. Doc. Nos. [1]; [17]. Thus, the Court concludes that Plaintiff has been dilatory in seeking to join non-diverse Jane Doe as a defendant and the second factor also weighs in favor of Defendant. Cf. *Taylor v. Moskow, 717 F. App'x 836, 839 (11th Cir. 2017)*.

## C. **Plaintiff's Injury**

Next, the Court considers whether Plaintiff will be significantly injured if it does not allow Jane Doe to be joined as a defendant. Here, Plaintiff contends he will be harmed because he needs "an opportunity to further investigate and prove his claim of false imprisonment" and that if Jane Doe is not joined, [*7]  he "will continue to be significantly disadvantaged in the discovery of evidence necessary to prove the elements of his false imprisonment claim."[4] Doc. No. [17], 6.

---

[3] Plaintiff made his motion to amend prior to the Court issuing its protective order for Jane Doe's identity, though the Court anticipates Jane Doe's joinder would assist Plaintiff if he wanted to get around these discovery orders.

[4] For this factor, Defendant addresses Plaintiff's ability to initiate state proceedings against Jane Doe. Doc. No. [19], 11. While the Court agrees with Defendant's assessment and acknowledges that the Eleventh Circuit's has affirmed such rationale in weighing the third factor, the inefficiency of or inability to pursue a parallel state proceeding is not the harm that Plaintiff claims he will suffer if the Court denies his motion. Doc. No. [17], 6.

Here, the Court does not doubt that the legal protections afforded minors have been burdensome on Plaintiff.[5] The Court, however, will not weigh the injury factor in favor of Plaintiff only so that he can "again petition the court to compel Defendant Walmart to reveal her identity, investigate the ownership of the 2011 mini cooper, and subpoena relevant tangible evidence from her directly." Id. In fact, Plaintiff's injury is not a proper consideration for the Court because it is no injury at all. Plaintiff cannot be injured by the Court disallowing Plaintiff, without any other basis, from averting statutory protections for minors (and Court-issued discovery orders). In sum, the Court will not allow Jane Doe to be joined in this action only to reassess prior discovery orders, nor is the Court's decision to this effect injurious to Plaintiff. Thus, this factor weighs in favor of Defendant.

## D. Other Equitable Considerations

Finally, the Court must consider "any other factors bearing on the equities." *Hickerson, 818 F. App'x at 886*. Plaintiff contends that [*8] there is no federal interest at stake because this case involves only Georgia law, which is better resolved by a Georgia court. Doc. No. [17], 6-7. For its part, Defendant first entreats the purpose of the removal statute—to allow foreign defendants an impartial tribunal. Doc. No. [19], 12-13. Defendant also asserts that Jane Doe was a minor at the time of the incident and likely does not have financial means for Plaintiff to collect a money judgment. Id.

The Court concludes the lack of federal interest in this case equitably favors Plaintiff, the purpose of the removal statute equitably favors Defendant, and that these two interests neutralize one another. The Court rejects Defendant's argument that Jane Doe being judgment proof is an equitable basis for denying the joinder. Not only is Jane Doe's financial situation unknown, but damages are only one type of relief that Plaintiff seeks — Plaintiff also seeks to vindicate himself through a judgment in his favor, which can be rendered against the least solvent defendant. Finally, the Court determines that the most persuasive equitable argument is that Jane Doe was a minor at the time of the incident. As the Court's protective and discovery [*9] orders have shown, the Court wishes to, and must, uphold the statutory protections afforded to minors under the law. Doc. Nos. [31]; [34]. Because Plaintiff's motion to amend would impede those protections without suitable grounds to do so, the fourth factor weighs in Defendant's favor.

## IV. CONCLUSION

---

[5] The Court notes that it has allowed limited disclosure of Jane Doe's information, and Plaintiff has informed the Court of his notice to take Jane Doe's deposition. Doc. Nos. [31]; [34]; [47]. These developments suggest the burden on Plaintiff's discovery is easing.

Given that all four factors weigh in favor of Defendant, the Court **DENIES** Plaintiff's motion to amend its complaint and join Jane Doe as a defendant.

**IT IS SO ORDERED** this 23rd day of January, 2023.

/s/ Steve C. Jones

**HONORABLE STEVE C. JONES**

**UNITED STATES DISTRICT JUDGE**

---

**End of Document**

# EXHIBIT 5

 Questioned
As of: December 21, 2025 7:02 PM Z

# *Dever v. Family Dollar Stores of Ga., LLC*

United States Court of Appeals for the Eleventh Circuit

November 2, 2018, Decided

No. 18-10129 Non-Argument Calendar

**Reporter**

755 Fed. Appx. 866 *; 2018 U.S. App. LEXIS 31063 **; __ Fed. Appx. __; 2018 WL 5778189

PATRICIA D. DEVER, Plaintiff - Appellant, versus FAMILY DOLLAR STORES OF GEORGIA, LLC, DARRYL MARTIN, Individually and as Employee and Agent of Family Dollar Stores, LLC, Defendants - Appellees.

**Notice:** PLEASE REFER TO *FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1* GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.

**Subsequent History:** On remand at, Remanded by, Motion granted by *Dever v. Family Dollar Stores of Ga., LLC, 2018 U.S. Dist. LEXIS 204983 (S.D. Ga., Dec. 3, 2018)*

**Prior History:** [**1] Appeal from the United States District Court for the Southern District of Georgia. D.C. Docket No. 2:17-cv-00019-LGW-RSB.

*Dever v. Family Dollar Stores of Ga., LLC, 2017 U.S. Dist. LEXIS 209307 (S.D. Ga., Dec. 20, 2017)*
*Dever v. Family Dollar Stores of Ga., LLC, 2017 U.S. Dist. LEXIS 113259 (S.D. Ga., July 20, 2017)*

**Disposition:** VACATED AND REMANDED.

## Core Terms

district court, joinder, dollar, join, nondiverse, state court, diversity, subject matter jurisdiction, summary judgment, destroy, store manager, vacate, motion for substitution, clear error, deprive

## Case Summary

## Overview

755 Fed. Appx. 866, *866; 2018 U.S. App. LEXIS 31063, **1

HOLDINGS: [1]-The district court abused its discretion by not allowing a customer to add a nondiverse defendant, the store manager who was working when the customer's fall occurred, for the first time after the store's removal, *28 U.S.C.S. § 1447(e)*, because before the store removed the case, the customer sought to sue a nondiverse party but was mistaken in believing that the manager was someone else; importantly, if the customer had identified the correct store manager in her initial complaint, the store would have been unable to remove the case because it would have had no basis for claiming that the manager was fraudulently joined.

**Outcome**
Orders vacated; matter remanded.

**LexisNexis® Headnotes**

Civil Procedure > Appeals > Standards of Review > Abuse of Discretion

Civil Procedure > ... > Removal > Postremoval Remands > Appellate Review

**HN1** **Standards of Review, Abuse of Discretion**

An appellate court reviews for abuse of discretion a district court's decision not to allow a plaintiff after removal to join a defendant whose joinder would destroy diversity and deprive the court of subject matter jurisdiction. *28 U.S.C.S. § 1447(e)*. By definition, the abuse of discretion standard allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment. But a district court abuses its discretion when its factual findings are clearly erroneous, when it follows improper procedures, when it applies the incorrect legal standard, or when it applies the law in an unreasonable or incorrect manner.

Civil Procedure > ... > Removal > Postremoval Remands > Jurisdictional Defects

Civil Procedure > ... > Removal > Elements for Removal > Removability

**HN2** **Postremoval Remands, Jurisdictional Defects**

A defendant in a case originally filed in state court may remove the case to federal district court if the district court could have exercised original jurisdiction. *28 U.S.C.S. § 1441(a)*. But a removed case must be remanded to state court if at any time before final judgment it appears that the district court lacks subject matter jurisdiction. *28 U.S.C.S. § 1447(c)*.

Civil Procedure > Preliminary Considerations > Jurisdiction > Diversity Jurisdiction

Civil Procedure > ... > Removal > Postremoval Remands > Motions for Remand

Civil Procedure > ... > Removal > Postremoval Remands > Jurisdictional Defects

### *HN3* Jurisdiction, Diversity Jurisdiction

Congress has given district courts broad discretion to decide whether, after removal, to permit joinder of a new defendant who would destroy diversity if after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court. *28 U.S.C.S. § 1447(e)*.

Civil Procedure > ... > Removal > Postremoval Remands > Jurisdictional Defects

Civil Procedure > Parties > Joinder of Parties > Permissive Joinder

Civil Procedure > ... > Pleadings > Amendment of Pleadings > Leave of Court

Civil Procedure > ... > Removal > Postremoval Remands > Motions for Remand

### *HN4* Postremoval Remands, Jurisdictional Defects

In most cases the Federal Rules of Civil Procedure liberally allow a plaintiff to join a new defendant. *Fed. R. Civ. P. 15(a)* provides that courts should freely give leave to amend when justice so requires, and *Fed. R. Civ. P. 20* permits joinder of proper parties. But a district court must scrutinize more closely an amended pleading that would name a new nondiverse defendant in a removed case because justice requires that the district court also balance the defendant's interests in maintaining the federal forum.

Civil Procedure > ... > Removal > Postremoval Remands > Jurisdictional Defects

Civil Procedure > ... > Removal > Postremoval Remands > Motions for Remand

### *HN5* Postremoval Remands, Jurisdictional Defects

In deciding whether to permit a plaintiff to join a nondiverse defendant after removal, a district court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether

755 Fed. Appx. 866, *866; 2018 U.S. App. LEXIS 31063, **1

the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities. The district court then must balance the equities and decide whether the amendment should be permitted. If the court permits the joinder of the nondiverse defendant, it must remand the case to state court. If it declines to allow the joinder, the federal court maintains jurisdiction. In general, a district court has broad discretion in weighing these factors to decide whether to permit or deny an amendment.

**Counsel:** For Patricia D. Dever, Plaintiff - Appellant: Charles R. Adams III, Mark G. Pitts, Kenneth S. Nugent, PC, Macon, GA; Kim Mark Minix, Kenneth S. Nugent, PC, Albany, GA.

For Family Dollar Stores of Georgia, Llc, DARRYL MARTIN, Individually and as Employee and Agent of Family Dollar Stores, LLC, Defendants - Appellees: James Theodore Hankins III, Goodman McGuffey, LLP, Atlanta, GA.

**Judges:** Before WILSON, JILL PRYOR and JULIE CARNES, Circuit Judges.

**Opinion**

 [*867]  PER CURIAM:

This appeal presents the question of whether the district court abused its discretion in denying plaintiff Patricia Dever's motion to add Deon Manning as a defendant—after defendant Family Dollar Stores of Georgia, LLC, removed the case to federal court—when Manning's joinder would destroy diversity and deprive the district court of subject matter jurisdiction. After considering the specific facts of this case, we conclude that the district court made a clear error of judgment and abused its discretion in denying Dever's motion. We thus vacate and remand for further proceedings.

## I. FACTUAL BACKGROUND

Dever [**2]  was shopping at a Family Dollar store when she fell and was injured. In state court, she sued Family Dollar and Darryl Martin, a Georgia citizen, who she alleged was responsible for the store's premises at the time of her fall. Family Dollar removed the case to federal district court, claiming that Martin had been fraudulently joined as a defendant because he began working for Family Dollar after Dever was injured. Family Dollar contended that if Martin's citizenship was ignored, there was complete diversity because Dever was a citizen of Georgia and Family Dollar was a limited liability corporation organized under Virginia law with one member, a corporation that was organized under Delaware law with its principal place of business in North Carolina.

755 Fed. Appx. 866, *867; 2018 U.S. App. LEXIS 31063, **2

After Family Dollar removed the case to federal court, Dever learned from Family Dollar's counsel that Manning had been the store manager and thus was responsible for the premises at the time of her fall. Dever then filed a motion for substitution of a party, asking the district court to allow her to replace Martin with Manning as the individual defendant, and to remand the case. Family Dollar opposed this request, arguing that district [**3] court should not allow Dever to add Manning, whose joinder would destroy diversity, after Family Dollar removed the case.

The district court denied Dever's motion to join Manning as a defendant. The district court explained that *28 U.S.C. § 1447(e)* provides that when, after removal, a plaintiff seeks to add an additional [*868] defendant whose joinder would deprive the court of subject matter jurisdiction, the district court has discretion to permit joinder and remand the action to state court or to deny joiner. In deciding not to exercise its discretion to allow Dever to join Manning, the district court found that Dever sought to add a nondiverse defendant after Family Dollar removed the case, which suggested that her motivation was to defeat federal jurisdiction. The district court did not consider or address the fact that Dever had sought to sue the store manager in her original complaint, although she mistakenly identified him as Martin.

After Dever's motion for substitution and to remand was denied, Family Dollar moved for summary judgment, arguing that Dever had failed to establish that it was liable under Georgia law as the premises owner. **[DE 27-1.]** The district court agreed and granted summary judgment [**4] to Family Dollar. **[DE 32.]** This is Dever's appeal.

## II. STANDARD OF REVIEW

**HN1** We review for abuse of discretion a district court's decision not to allow a plaintiff after removal to join a defendant whose joinder would destroy diversity and deprive the court of subject matter jurisdiction. *See 28 U.S.C. § 1447(e)*; *Ingram v. CSX Transp., Inc., 146 F.3d 858, 862 (11th Cir. 1998)*. "By definition, the abuse of discretion standard allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment." *Statewide Detective Agency v. Miller, 115 F.3d 904, 906 (11th Cir. 1997)* (alteration adopted) (internal quotation marks omitted). But "[a] district court abuses its discretion when its factual findings are clearly erroneous, when it follows improper procedures, when it applies the incorrect legal standard, or when it applies the law in an unreasonable or incorrect manner." *Wreal, LLC v. Amazon.com, Inc., 840 F.3d 1244, 1247 (11th Cir. 2016)*.

## III. LEGAL ANALYSIS

755 Fed. Appx. 866, *868; 2018 U.S. App. LEXIS 31063, **4

Dever challenges two of the district court's rulings on appeal: (1) the denial of her motion for substitution of a party and to remand and (2) the grant of Family Dollar's motion for summary judgment.[1] We conclude that the district court abused its discretion in denying Dever's motion for substitution because the court made a clear error of judgment when it found that Dever sought to add a nondiverse defendant—the [**5] store manager—for the first time after removal. We remand so that the district court may exercise its discretion to decide whether to allow Manning to be joined as a defendant in light of the fact that Dever sought to sue the store manager before removal but identified the wrong person in her original complaint. Because the district court's decision will control whether subject matter jurisdiction exists, we do not reach the issue of whether the district court erred in granting summary judgment to Family Dollar.

**HN2** A defendant in a case originally filed in state court may remove the case to federal district court if the district court could have exercised original jurisdiction. *28 U.S.C. § 1441(a)*. But a removed case must be remanded to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." *Id. § 1447(c)*.

 [*869]  Family Dollar contends that it was authorized to remove this case because there was diversity jurisdiction. *See id. § 1332(a)(1)*. We accept that when Family Dollar removed the case, complete diversity existed.[2] The twist here is that after Family Dollar removed the case, Dever sought to amend her complaint to add Manning as a defendant, which would destroy [**6]  diversity jurisdiction. **HN3** Congress has given district courts broad discretion to decide whether, after removal, to permit joinder of a new defendant who would destroy diversity: "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *Id. § 1447(e)*; *see Ingram, 146 F.3d at 862*.

We have not previously addressed how a district court should decide whether to permit or deny joinder of a nondiverse defendant after removal.**HN4**  In most cases the Federal Rules of Civil Procedure liberally allow a plaintiff to join a new defendant. *Rule 15(a) of the Federal Rules of Civil Procedure* provides that courts "should freely give leave" to amend "when justice so requires," and *Rule 20* permits joinder of proper parties. *Fed. R. Civ. P. 15(a)*, *20*. But a district court must scrutinize more closely an amended pleading that would name a new nondiverse defendant in a removed case because justice requires that the district court also balance the

---

[1] In general, only a final order is appealable. *Barfield v. Brierton, 883 F.2d 923, 930 (11th Cir. 1989)*. But "the appeal from a final judgment draws in question all prior non-final orders and rulings which produced the judgment." *Id.* We thus may review the district court's order denying the motion for substitution and to remand.

[2] It was appropriate for the district court to ignore Martin's citizenship in determining whether complete diversity existed because there was no possibility that Dever could establish a cause of action against him given the parties' agreement that he began working for Family Dollar after Dever was injured. *See Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561-62 (11th Cir. 1989)*.

defendant's interests in maintaining the federal forum. *See Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987)* ("[T]he addition of a nondiverse party must not be permitted without consideration of the original defendant's interest in the choice of forum."); *accord Schur v. L.A. Weight Loss Ctrs., Inc., 577 F.3d 752, 759 (7th Cir. 2009)*; *Bailey v. Bayer CropScience L.P., 563 F.3d 302, 309 (8th Cir. 2009)*; [**7] *Mayes v. Rapoport, 198 F.3d 457, 462-63 (4th Cir. 1999)*.

**HN5** In deciding whether to permit a plaintiff to join a nondiverse defendant after removal, a district court should "consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether [the] plaintiff has been dilatory in asking for amendment, whether [the] plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Hensgens, 833 F.2d at 1182*. The district court then must balance the equities and decide whether the amendment should be permitted. If the court permits the joinder of the nondiverse defendant, it must remand the case to state court. If it declines to allow the joinder, the federal court maintains jurisdiction. *Id.*

In general, a district court has broad discretion in weighing these factors to decide whether to permit or deny an amendment. *See id.* We acknowledge that the district court considered these factors. The problem is that the district court made a clear error in judgment when, in assessing the factors, it found that Dever sought to add a nondiverse defendant for the first time *after* Family Dollar removed the case. The pleadings in this case definitively establish that *before* Family Dollar removed the case, [**8] Dever sought to sue a nondiverse party—the individual who was working as the store manager when her fall occurred—but was mistaken in believing that the manager was Martin. Once Dever [*870] learned that Manning, not Martin, was the store manager on duty when she was injured, she filed the motion for substitution in order to name the correct individual as a defendant. Importantly, if Dever had identified Manning in her initial complaint, Family Dollar would have been unable to remove the case because it would have had no basis for claiming that Manning was fraudulently joined.

In urging us to affirm the district court, Family Dollar relies on the district court's reasoning in *Linares v. Home Depot U.S.A., Inc., No. 12-60308-CIV, 2012 U.S. Dist. LEXIS 58275, 2012 WL 1441577 (S.D. Fla. Apr. 26, 2012)*. In *Linares*, the plaintiff sued Home Depot after falling in a store. *2012 U.S. Dist. LEXIS 58275, [WL] at *1*. After Home Depot removed the case to federal court, the plaintiff sought to amend the complaint to add an individual employee as a defendant and to remand the action because the addition of the employee destroyed diversity jurisdiction. *Id.* The district court refused to allow the joinder of the employee, pointing out that the plaintiff only sought to add the nondiverse defendant after the case was removed. [**9] *2012 U.S. Dist. LEXIS 58275, [WL] at *2-3*. *Linares*, of course, is not binding. In any event, we are unpersuaded that its reasoning applies here. Unlike the plaintiff in *Linares* who attempted to bring a claim against an individual employee only after the case was

removed, Dever sought to bring a claim against the store manager when she filed her original complaint in state court.

We vacate the district court's order denying the motion to substitute a party and remand so that the court may consider whether to allow Dever to substitute Manning as a party defendant in light of the fact that she sought to bring a claim against the store manager in her original complaint but was mistaken as to his identity. We leave it to the district court to decide in the first instance whether, in light of a correct understanding of when Dever originally sought to bring a claim against the store manager, Manning should be joined as a party. *See Advanced Estimating Sys., Inc. v. Riney, 77 F.3d 1322, 1325 (11th Cir. 1996)* (concluding that the district court abused its discretion by applying the wrong standard in denying motion; remanding so that the district court could decide the motion under the correct standard). Given the possibility that the district court may allow Dever to substitute Manning as a defendant, which [**10] would deprive the court of subject matter jurisdiction and require the case to be remanded to state court, we also vacate the district court's order granting summary judgment. We express no opinion on the merits of Family Dollar's summary judgment motion.[3]

## IV. CONCLUSION

For the reasons set forth above, we vacate the district court's order denying Dever's motion to substitute and remand. We also vacate the district court's order granting summary judgment. We remand for further proceedings consistent with this opinion.

## VACATED AND REMANDED.

---

*End of Document*

---

[3] When the case was removed, the parties agreed that it was impossible for Dever to state a claim for relief against Martin. But the district court did not enter an order finding that Martin was fraudulently joined or dismissing the claim against him. Martin then filed a motion for summary judgment, which the district court granted. If, upon remand, the district court denies the motion for substitution and retains jurisdiction over the case, it should consider whether Dever's claim against Martin should be dismissed. *See Florence v. Crescent Res., LLC, 484 F.3d 1293, 1297 (11th Cir. 2007)* (explaining that when there is fraudulent joinder "the federal court must dismiss the non-diverse defendant").

# EXHIBIT 6

 Caution
As of: December 21, 2025 10:09 PM Z

# *Hickerson v. Enter. Leasing Co. of Georgia, LLC*

United States Court of Appeals for the Eleventh Circuit

June 11, 2020, Decided

No. 19-13670 Non-Argument Calendar

**Reporter**

818 Fed. Appx. 880 \*; 2020 U.S. App. LEXIS 18386 \*\*; __ Fed. Appx. __; 2020 WL 3119069

ADORACION HICKERSON, CALVIN MOORE, CHRISTIAN MOORE, ADORACION HICKERSON, as next friend Cxxxx Mxxxx as guardian of Cxxxx Mxxxx, ADORACION HICKERSON, as next friend Cxxxxx Mxxxx, Plaintiffs - Appellants, versus ENTERPRISE LEASING COMPANY OF GEORGIA, LLC, EAN HOLDINGS, LLC, Defendants - Appellees, TIMOTHY G. GENTRY, Defendant.

**Notice:** PLEASE REFER TO *FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1* GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.

**Prior History:** [\*\*1] Appeal from the United States District Court for the Northern District of Georgia. D.C. Docket No. 1:18-cv-01199-WMR.

**Disposition:** AFFIRMED.

## Core Terms

district court, joinder, subject matter jurisdiction, reconsideration motion, facially, state court, diversity jurisdiction, jurisdictional amount, defeat, pain and suffering, diversity, dilatory, destroy, traumatic brain injury, amount in controversy, non-diverse, reconsider, fracture, join

## Case Summary

### Overview

HOLDINGS: [1]-The district court had subject matter jurisdiction because the amount in controversy requirement of *28 U.S.C.S. § 1332* was met as it was facially apparent that the damages alleged in plaintiffs' complaint satisfied the amount-in-controversy requirement; [2]-The district court did not abuse its discretion in denying plaintiffs' motion for reconsideration of the denial of their motion to amend their complaint to join a nondiverse defendant because they raised the same arguments that the district court previously rejected, and the factors for allowing joinder were either neutral or weighed in defendant's favor, and because diversity

jurisdiction was proper, the district court also did not err in denying the motion to reconsider on the denial of plaintiffs' motion to remand.

**Outcome**
Judgment affirmed.

**LexisNexis® Headnotes**

---

Civil Procedure > Appeals > Reviewability of Lower Court Decisions > Preservation for Review

**HN1** **Reviewability of Lower Court Decisions, Preservation for Review**

A legal claim or argument that has not been briefed before the appellate court is deemed abandoned and its merits will not be addressed.

Civil Procedure > Appeals > Standards of Review > De Novo Review

**HN2** **Standards of Review, De Novo Review**

The appellate court reviews de novo questions of subject matter jurisdiction.

Civil Procedure > Appeals > Standards of Review > Abuse of Discretion

**HN3** **Standards of Review, Abuse of Discretion**

The appellate court reviews a district court's ruling on a motion for reconsideration for an abuse of discretion. A district court abuses its discretion when its factual findings are clearly erroneous, when it follows improper procedures, when it applies the incorrect legal standard, or when it applies the law in an unreasonable or incorrect manner.

Civil Procedure > Preliminary Considerations > Jurisdiction > Diversity Jurisdiction

Civil Procedure > ... > Jurisdiction > Subject Matter Jurisdiction > Federal Questions

Civil Procedure > ... > Removal > Postremoval Remands > Jurisdictional Defects

818 Fed. Appx. 880, *880; 2020 U.S. App. LEXIS 18386, **1

**HN4** **Jurisdiction, Diversity Jurisdiction**

Federal courts are courts of limited jurisdiction; jurisdiction lies only when a controversy involves either a question of federal law or diversity of citizenship between the parties. *28 U.S.C.S. §§ 1331-32*. Removal statutes are strictly construed, and courts should remand to state court cases where federal subject matter jurisdiction is in doubt.

> Civil Procedure > ... > Jurisdiction > Diversity Jurisdiction > Amount in Controversy

> Civil Procedure > ... > Jurisdiction > Diversity Jurisdiction > Citizenship

**HN5** **Diversity Jurisdiction, Amount in Controversy**

Diversity jurisdiction exists when the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. *28 U.S.C.S. § 1332*.

> Civil Procedure > ... > Diversity Jurisdiction > Amount in Controversy > Determination

**HN6** **Amount in Controversy, Determination**

When there are multiple plaintiffs in an action, federal subject matter jurisdiction exists over all the plaintiffs' claims arising from the same case or controversy if just one plaintiff meets the jurisdictional amount. The damages resulting from the plaintiffs' claims may not be aggregated to reach the jurisdictional amount unless the claims seek to enforce a single, undivided title or right.

> Civil Procedure > ... > Diversity Jurisdiction > Amount in Controversy > Determination

**HN7** **Amount in Controversy, Determination**

When the complaint does not claim a specific amount of damages, removal from state court is jurisdictionally proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed.

> Civil Procedure > ... > Jurisdiction > Subject Matter Jurisdiction > Jurisdiction Over Actions

**HN8** **Subject Matter Jurisdiction, Jurisdiction Over Actions**

When a defendant contends that removability is apparent from the face of the complaint, the court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden. In making this determination, district courts may make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable. Courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.

Civil Procedure > ... > Diversity Jurisdiction > Amount in Controversy > Determination

**HN9** **Amount in Controversy, Determination**

Complaints alleging serious, lasting physical injuries are typically removable because it is facially apparent that these claims are worth more than $75,000. Where, by contrast, plaintiffs alleged minor, short-term injuries or the pleadings provided no specific facts to support removal, removal would be based on speculation and thus improper.

Civil Procedure > Judgments > Relief From Judgments > Altering & Amending Judgments

**HN10** **Relief From Judgments, Altering & Amending Judgments**

The decision whether to grant a motion for reconsideration is committed to the sound discretion of the district court. A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.

Civil Procedure > ... > Removal > Procedural Matters > Fraudulent Joinder

**HN11** **Procedural Matters, Fraudulent Joinder**

District courts have broad discretion to decide whether, after removal, to permit joinder of a new defendant who would destroy diversity: If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court. *28 U.S.C.S. § 1447(e)*.

818 Fed. Appx. 880, *880; 2020 U.S. App. LEXIS 18386, **1

Civil Procedure > ... > Removal > Procedural Matters > Fraudulent Joinder

## HN12 Procedural Matters, Fraudulent Joinder

In applying the balancing test for deciding whether to permit joinder of a party who would defeat complete diversity, a court should consider the following factors: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether plaintiff has been dilatory in asking for amendment, (3) whether plaintiff will be significantly injured if amendment is not allowed, and (4) any other factors bearing on the equities.

Civil Procedure > ... > Removal > Procedural Matters > Fraudulent Joinder

## HN13 Procedural Matters, Fraudulent Joinder

in determining a plaintiff's motive in seeking joinder, courts consider whether the plaintiff knew about the non-diverse defendant before removal and yet sought to add the party for the first time after removal.

Civil Procedure > ... > Removal > Procedural Matters > Fraudulent Joinder

## HN14 Procedural Matters, Fraudulent Joinder

A plaintiff is dilatory in adding a non-diverse party when the plaintiff waits an unreasonable amount of time before asking for an amendment, despite having been able to ascertain the party's role in the suit all along.

**Counsel:** For Adoracion Hickerson, Calvin Moore, Christian Moore, Plaintiffs - Appellants: William L. Pratt, Stewart J. Guss, Attorney at Law, Houston, TX.

For Enterprise Leasing Company, Ean Holdings Llc, Defendants - Appellees: J.S. Scott Busby, Anne-Marie Shipe, Christopher Reed Stovall, Attorney, Busby & Negin, Inc., Atlanta, GA.

**Judges:** Before WILSON, JILL PRYOR and ANDERSON, Circuit Judges.

## Opinion

[*881]  PER CURIAM:

818 Fed. Appx. 880, *881; 2020 U.S. App. LEXIS 18386, **1

Plaintiffs-appellants Adoracion Hickerson, Calvin Moore, Christian Moore, and two minors for whom Adoracion Hickerson is the next friend (the "plaintiffs"), all Georgia residents, appeal the district court's denial of their motion for reconsideration of the denials of their motions for leave to amend their complaint and to remand to state court.[1] They contend that the district court lacked subject matter jurisdiction over this dispute because (1) none of their claims satisfied the amount-in controversy-requirement for diversity jurisdiction and (2) they should have been allowed to amend their complaint to add Bryce Melancon, a Georgia resident, as a defendant, which would defeat [**2] diversity jurisdiction. After careful review, we conclude that the district court had subject matter jurisdiction and did not abuse its discretion in denying the plaintiffs' motion for reconsideration.

## I. BACKGROUND

In March 2016, the plaintiffs suffered injuries in a motor vehicle accident as passengers in a truck rented and driven by Melancon. Melancon—a relative of all the plaintiffs—had rented the truck from defendants Enterprise Leasing Company of Georgia, LLC and EAN Holdings (collectively, "Enterprise"), business entities organized under Delaware state law with their principal places of business in Missouri. Melancon was uninsured at the time of the accident.

Almost two years later, the plaintiffs filed a negligence lawsuit against Enterprise in the Superior Court of Fulton County, Georgia for negligently renting a vehicle to Melancon without discovering that he had no insurance and without offering him insurance for purchase.[2] The plaintiffs alleged that they suffered extensive bodily injuries and traumatic brain injuries as a result of the accident and all [*882] except one minor plaintiff endured months of pain and suffering.

Enterprise timely removed this case to the United States [**3] District Court for the Northern District of Georgia based on diversity jurisdiction under _28 U.S.C. § 1332_. Fifteen days after Enterprise removed the case, the plaintiffs filed a motion for leave to file an amended complaint, seeking to add Melancon as a defendant. Because the joinder of Melancon, a Georgia resident, would destroy diversity jurisdiction, they also filed a motion to

---

[1] In their notice of appeal, the plaintiffs indicated their intent to appeal the district court's order granting the defendants' motion to dismiss under _Federal Rule of Civil Procedure 12(b)(6)_. In their briefing on appeal, the only issue they raise relevant to the motion to dismiss is whether Mississippi law or Georgia law should have been applied to their negligent entrustment claim. But the district court, in dismissing this claim, explicitly relied on both Georgia and Mississippi law. Thus, this argument is meritless. Because the plaintiffs do not address the district court's dismissal of their claims under _Rule 12(b)(6)_ beyond this argument, we deem any other challenges on the merits of the dismissal to have been abandoned. _See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004)_ ("[T]he law is by now well settled in this Circuit that **HN1** a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

[2] The plaintiffs also sued the other driver, Timothy Gentry, for negligence. The district court dismissed the entire case because the plaintiffs failed to effect service on Gentry. The court then reinstated the case as to Enterprise but not as to Gentry.

remand to state court. The district court denied both motions on the ground that the purpose of the proposed amendment was to defeat federal subject matter jurisdiction.

The case was then reassigned to another judge. The plaintiffs filed a motion for reconsideration before the new judge, requesting that the court reconsider the denial of their motion to amend their complaint and their motion to remand. At the hearing on this motion, they also argued—for the first time—that the district court lacked subject matter jurisdiction over the case because the plaintiffs' claims did not meet *§ 1332*'s amount-in-controversy requirement. After allowing the parties to brief that issue, the district court denied the motion, concluding that the court had jurisdiction because the plaintiffs' claims met the amount-in-controversy requirement and [**4] that the plaintiffs had shown "no clear error in fact or law or intervening development in controlling law" to merit reconsideration. Doc. 53 at 10.[3] This appeal followed.

## II. STANDARD OF REVIEW

**HN2** We review *de novo* questions of subject matter jurisdiction. *See United States v. Al—Arian, 514 F.3d 1184, 1189 (11th Cir. 2008).* **HN3** We review a district court's ruling on a motion for reconsideration for an abuse of discretion. *Richardson v. Johnson, 598 F.3d 734, 740 (11th Cir. 2010).* "A district court abuses its discretion when its factual findings are clearly erroneous, when it follows improper procedures, when it applies the incorrect legal standard, or when it applies the law in an unreasonable or incorrect manner." *Wreal, LLC v. Amazon.com, Inc., 840 F.3d 1244, 1247 (11th Cir. 2016).*

## III. DISCUSSION

**HN4** Federal courts are courts of limited jurisdiction; jurisdiction lies only when a controversy involves either a question of federal law or diversity of citizenship between the parties. *See 28 U.S.C. §§ 1331-32.* Removal statutes are strictly construed, and courts should remand to state court cases where federal subject matter jurisdiction is in doubt. *See Syngenta Crop Prot. Inc. v. Henson, 537 U.S. 28, 32, 123 S. Ct. 366, 154 L. Ed. 2d 368 (2002); Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999).* Because the parties here do not contend that their dispute involves a question of federal law, the district court had jurisdiction over the instant case only if diversity jurisdiction existed. **HN5** Diversity jurisdiction exists when [**5] the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See 28 U.S.C. § 1332.*

---

[3] Citations in the form "Doc. #" refer to district court docket entries.

## A. The District Court Had Jurisdiction Because the Amount-in-Controversy Requirement Was Met.

The plaintiffs argue that the district court lacked jurisdiction over this case because the damages they sought in their complaint did not meet the amount-in-controversy requirement. They point out that [*883] none of the plaintiffs' individual claims sought more than $75,000. The plaintiffs alleged non-specific damages for their miscellaneous injuries, traumatic brain injuries, and pain and suffering. The complaint also sought special damages in specific dollar amounts for medical expenses the plaintiffs had incurred but noted that they would supplement the amounts as additional expenses continued to accrue.

**HN6** When there are multiple plaintiffs in an action, as there are here, federal subject matter jurisdiction exists over all the plaintiffs' claims arising from the same case or controversy if just one plaintiff meets the jurisdictional amount. *Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 549, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005)*. The damages resulting from the plaintiffs' claims may not be aggregated to reach the jurisdictional amount unless the claims [**6] seek to enforce a single, undivided title or right—which is not the case here. *Zahn v. Int'l Paper Co., 414 U.S. 291, 294-95, 94 S. Ct. 505, 38 L. Ed. 2d 511 (1973)*; *Leonard v. Enterprise Rent-A-Car, 279 F.3d 967, 974 (11th Cir. 2002)*.

**HN7** "When the complaint does not claim a specific amount of damages, removal from state court is jurisdictionally proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010)* (internal quotation marks and citation omitted and alterations adopted). If the jurisdictional amount is not facially apparent, "the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id.* (internal quotation marks omitted).

**HN8** When, as in this case, a defendant contends that removability is apparent from the face of the complaint, the court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden. In making this determination, district courts may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable." *See Roe v. Michelin N. Am., 613 F.3d 1058, 1061-62 (11th Cir. 2010)* (internal quotation marks omitted). "[C]ourts may use their judicial experience and common sense in determining whether the case [**7] stated in a complaint meets federal jurisdictional requirements." *Id. at 1062*.

**HN9** Complaints alleging serious, lasting physical injuries are typically removable because it is facially apparent that these claims are worth more than $75,000. *See, e.g., Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000)* (concluding that plaintiff's unspecified damages,

including permanent disfigurement as well as pain and suffering, satisfied the "facially apparent" inquiry); *Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999)* (holding that plaintiff's alleged damages for property damage, travel expenses, an emergency ambulance trip, a stay in the hospital, and pain and suffering met the jurisdictional amount).[4] Where, by contrast, plaintiffs alleged minor, short-term injuries or the pleadings provided no specific facts to support removal, we have held that removal would be based on speculation and thus improper. *Lowery v. Ala. [*884] Power Co., 483 F.3d 1184, 1213-15 (11th Cir. 2007)*.

Enterprise argues that it is facially apparent that the damages alleged in the plaintiffs' complaint satisfy the amount-in-controversy requirement.[5] The plaintiffs alleged that each plaintiff suffered substantial bodily and "traumatic brain injur[ies]" and listed as damages continuing medical expenses due to these injuries. Doc. 1-1 at 4-6. For example, Christian Moore "suffered various lacerations to her [**8] face and also broke her right forearm which sustained a closed reduction fracture and required surgery," including the insertion and then removal of an internal plate to fix the fracture. *Id.* at 4. She also suffered a nasal bone fracture and a rib fracture. According to the complaint, "[s]he has endured months of pain and suffering [and] has sustained a traumatic brain injury." *Id.* at 4-5. The complaint identified over $25,000 in medical bills for Christian's injuries while alleging that additional medical bills were forthcoming and seeking damages for continued pain and suffering. The alleged bodily injuries sustained by one of the minor plaintiffs—hospitalization for three days with a fractured humerus, multiple facial lacerations, and a pulmonary contusion of the lung—and by Calvin Moore—who suffered "permanent disfigurement" including the loss of an ear—were similar in severity. *Id.* at 4. And these plaintiffs, too, according to the complaint, suffered traumatic brain injuries. Based on these allegations, Enterprise argues, it reasonably can be inferred from the complaint that at least one plaintiff sustained damages exceeding $75,000. We agree.

The plaintiffs alleged miscellaneous bodily injuries requiring [**9] surgery, traumatic brain injuries, medical bills already in the tens of thousands of dollars that are continuing to accrue, and sustained pain and suffering. On the face of the complaint, these injuries were serious and long-lasting. From the alleged traumatic brain injuries alone, the district court could reasonably infer or deduce that the cost of treatment would satisfy the jurisdictional amount. Thus, applying "judicial experience and common sense," we conclude that it is facially apparent that the jurisdictional amount is satisfied. *See Roe, 613 F.3d at 1062*.

---

[4] As noted in *Roe*, Eleventh Circuit precedent in this area of the law is relatively sparse. *613 F.3d at 1062*. Given this lack of in-circuit authority, we find Fifth Circuit precedent instructive because it, like our precedent, employs a court-conducted "facially apparent" inquiry in determining the removability of a claim without a specific damages request. *Id. at 1062-63*.

[5] In support of their arguments, the plaintiffs cite cases that turn on whether additional evidence provided by the defendants was sufficient to establish the amount in controversy. These cases are irrelevant to our analysis, however, because Enterprise argues that it was facially apparent that the amount-in-controversy requirement was met.

**B. The District Court Did Not Abuse Its Discretion in Denying the Plaintiffs' Motion for Reconsideration of the Denial of Leave to Amend Their Complaint**.

The plaintiffs argue that the district court should have granted their motion for reconsideration and allowed them to amend their complaint to join Melancon, which would have destroyed complete diversity and stripped the district court of its subject matter jurisdiction. We see no abuse of the district court's discretion.[6]

**HN10** [*885]  The decision whether to grant a motion for reconsideration is committed to the sound discretion of the district court. *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehab. Servs., 225 F.3d 1208, 1216 (11th Cir. 2000)*. A motion for reconsideration cannot be used to "relitigate [**10]  old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005)*. In their motion for reconsideration, the plaintiffs' arguments were identical to the arguments they made when they initially sought leave to amend—arguments that were rejected by the district court. Thus, the court did not abuse its discretion in denying the motion for reconsideration.

Beyond the plaintiffs' repetition of their argument, their motion for reconsideration also lacked merit. **HN11** District courts have broad discretion to decide whether, after removal, to permit joinder of a new defendant who would destroy diversity: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *28 U.S.C. § 1447(e)*; *see Ingram v. CSX Transp., Inc., 146 F.3d 858, 862 (11th Cir. 1998)*. Our court has no binding precedent that addresses how a district court should decide whether to permit the joinder of a non-diverse defendant after removal. However, decisions from other circuits are instructive.

For instance, in *Hensgens v. Deere & Co.*, the Fifth Circuit articulated a balancing test for deciding whether to permit joinder [**11]  of a party who would defeat complete diversity. *833 F.2d 1179, 1182 (5th Cir. 1987)*.[7] **HN12** In applying the test, the Fifth Circuit directed, a court should consider the following factors: (1) "the extent to which the purpose of the

---

[6] The plaintiffs also argue that because Melancon was the driver and party responsible for obtaining insurance, he was a necessary and indispensable party under *Federal Rule of Civil Procedure 19*. Not only is this argument conclusory, but it is readily apparent that Melancon does not meet the "necessary" requirement of *Rule 19(a)* because his absence would not preclude complete relief between the parties, nor did he "claim[] an interest relating to the subject of the action." *Fed. R. Civ. Pro. 19(a)*. Thus, the district court was not required by *Rule 19* to allow Melancon's joinder.

[7] *Hensgens* was decided before the adoption of *28 U.S.C. § 1447(e)*, but numerous courts have relied upon its analysis when determining whether joinder is proper under *§ 1447(e)*. *See, e.g., Alpers Jobbing Co. v. Northland Cas. Co., 173 F.R.D. 517, 520 n. 6 (E.D. Mo. 1997)* (collecting cases).

amendment is to defeat federal jurisdiction," (2) "whether plaintiff has been dilatory in asking for amendment," (3) "whether plaintiff will be significantly injured if amendment is not allowed," and (4) "any other factors bearing on the equities." *Id.* Other circuits have applied these or similar factors. *See, e.g., Schur v. L.A. Weight Loss Ctrs., Inc., 577 F.3d 752, 759 (7th Cir. 2009); Bailey v. Bayer CropScience L.P., 563 F.3d 302, 309 (8th Cir. 2009); Mayes v. Rapoport, 198 F.3d 457, 462-63 (4th Cir. 1999).* We now consider these factors in determining whether the district court erred in rejecting the plaintiffs' amendment joining Melancon.

*HN13* As to the first factor, in determining a plaintiff's motive in seeking joinder, courts consider whether the plaintiff knew about the non-diverse defendant before removal and yet sought to add the party for the first time after removal. *See, e.g., Bailey, 563 F.3d at 309* (noting that plaintiff knew about new parties before removal). Here, despite having full knowledge of Melancon's involvement in the accident as the driver and renter of the vehicle in which they were riding, the plaintiffs chose to include him in the lawsuit only after removal. They [**12] argue that it was not their intention to add Melancon as a defendant to defeat diversity jurisdiction; instead, when they filed their complaint they did not name him because they thought the driver of the other vehicle was at fault. But the police report of the accident identified Melancon as the party at fault, and the [*886] plaintiffs have failed to explain why they were unable to obtain the police report—which was written in 2016, two years before they filed the lawsuit—before removal. We note that the plaintiffs cite their familial relationship with Melancon as a reason why they chose not to sue him initially. Appellant's Br. at 17. This admission suggests that the reason the plaintiffs changed their mind and sought to add him as a defendant was to defeat removal. Taken together these circumstances indicate that the plaintiffs' motive in seeking to amend their complaint was to destroy federal jurisdiction. Thus, this factor weighs in Enterprise's favor.

Similar reasons support a conclusion that the second factor—whether the plaintiffs were dilatory in seeking to amend—also tilts the balance in Enterprise's favor. *HN14* A plaintiff is dilatory in adding a non-diverse party when the plaintiff [**13] waits an unreasonable amount of time before asking for an amendment, despite having been able to ascertain the party's role in the suit all along. *See Osgood v. Discount Auto Parts, LLC, 955 F. Supp.2d 1352, 1356 (S.D. Fla. 2013)* (finding a slip-and-fall plaintiff dilatory in asking for amendment where he did not seek to add the non-diverse party until over a year after the accident and six months after filing suit). The plaintiffs argue that they were not dilatory in seeking an amendment to join Melancon because they filed their motion only 15 days after removal. But the swift filing does not necessarily indicate diligence. Again, the plaintiffs were aware of Melancon's role in the accident when it happened, more than two years before they filed the complaint. That they moved to add him only after removal undermines the suggestion of diligence on the plaintiffs' part.

818 Fed. Appx. 880, *886; 2020 U.S. App. LEXIS 18386, **13

As to the third factor, whether the plaintiffs would be significantly injured if amendment were not allowed, the district court concluded that they would not be denied a full remedy because they remained free to pursue claims against Melancon in state court. The plaintiffs argue that having to pursue parallel proceedings against Melancon in state court would amount to significant injury. The district [**14] court previously rejected this argument, however, and the plaintiffs have offered no persuasive argument that the district court erred in doing so. Being made to litigate against Melancon in state court does not necessarily amount to a significant injury—even if it results in duplicative efforts on the plaintiffs' part—such that this factor weighs in the plaintiffs' favor.

Applying the last factor—any other factors bearing on the equities—the district court concluded that other equitable factors do not weigh substantially in favor of either party. The plaintiffs have provided no reason to conclude otherwise.

Given that these factors are either neutral or weigh in Enterprise's favor, the district court did not abuse its discretion in denying the plaintiffs' motion for reconsideration of the denial of their motion to amend to add Melancon as a defendant. And because diversity jurisdiction was proper, the district court also did not err in denying the motion to reconsider on the denial of the plaintiffs' motion to remand.

## IV. CONCLUSION

For the above reasons, we affirm.

**AFFIRMED**.

---

**End of Document**

# EXHIBIT 7

 Caution
As of: December 21, 2025 8:27 PM Z

# *Dunham v. Heartland Express*

United States District Court for the Northern District of Georgia, Atlanta Division

November 25, 2015, Decided; November 25, 2015, Filed

CIVIL ACTION NO. 1:15-CV-1488-SCJ

**Reporter**

2015 U.S. Dist. LEXIS 198613 *

BRET E. DUNHAM, Plaintiff, v. HEARTLAND EXPRESS, INC. OF IOWA; HEARTLAND EXPRESS, INC.; HEARTLAND EXPRESS MAINTENANCE SERVICES, INC.; HEARTLAND EXPRESS SERVICES, INC.; and ALBERT LOUIS RIHA, Defendants.

**Subsequent History:** Motion denied by *Dunham v. Heartland Express, 2015 U.S. Dist. LEXIS 198669 (N.D. Ga., Dec. 22, 2015)*

Motion denied by, Without prejudice, Motion denied by *Dunham v. Heartland Express, 2017 U.S. Dist. LEXIS 232387 (N.D. Ga., Apr. 13, 2017)*

Partial summary judgment denied by *Dunham v. Heartland Express, 2017 U.S. Dist. LEXIS 232388 (N.D. Ga., Apr. 13, 2017)*

Dismissed by, Without prejudice *Dunham v. Heartland Express, 2018 U.S. Dist. LEXIS 239800 (N.D. Ga., Jan. 18, 2018)*

Motion granted by *Dunham v. Heartland Express, 2018 U.S. Dist. LEXIS 239801 (N.D. Ga., Jan. 18, 2018)*

Motion granted by, in part, Motion denied by, in part, Costs and fees proceeding at *Dunham v. Heartland Express, 2018 U.S. Dist. LEXIS 239805 (N.D. Ga., Jan. 18, 2018)*

Motion denied by *In re Dunham, 2018 U.S. Dist. LEXIS 239802 (N.D. Ga., Jan. 18, 2018)*

## Core Terms

removal, diversity, discovery, non-diverse, joinder, amend, state court, destroying, defeat

**Counsel:** [*1] For Bret E. Dunham, individually, Angela R. Dunham, individually, Bret E. Dunham, as Administrator of the Estate of CHRISTOPHER M. ABERNATHY, (deceased), Plaintiffs: Daniel Julio Prieto, Jonathan Marigliano, LEAD ATTORNEYS, Prieto, Marigliano, Holbert & Prieto, LLC, Atlanta, GA USA; Michael Alexander Prieto, LEAD ATTORNEY,

Prieto, Marigliano, Holbert & Prieto, LLP, Atlanta, GA USA; Warren Blake Scoggins, LEAD ATTORNEY, Blake Scoggins, LLC, Cartersville, GA USA.

For Heartland Express, Inc. of Iowa, Heartland Express, Inc., Heartland Express Maintenance Services, Inc., Heartland Express Services, Inc., Defendants: Albert J. DeCusati, Dawn Marie Rivera, LEAD ATTORNEYS, McLain & Merritt, P.C., Atlanta, GA USA.

**Judges:** HONORABLE STEVE C. JONES, UNITED STATES DISTRICT JUDGE.

**Opinion by:** STEVE C. JONES

**Opinion**

## ORDER

This matter appears before the Court on Plaintiff's Motion to Remand and Response in Opposition to Defendants' Notice of Removal. Doc. No. [10]. For the following reasons, Plaintiff's motion is **DENIED**.

## I. BACKGROUND

On March 31, 2015, Plaintiff filed a civil suit in the state court of Fulton County against Heartland Express, Inc. of Iowa; Heartland Express, Inc.; Heartland Express Maintenance Services, Inc.; and [*2]  Heartland Express Services, Inc. (collectively "HE Defendants"). Doc. No. [1-1], p. 3. According to the complaint, on January 9, 2015, Albert Louis Riha, an employee of at least one Defendant, was driving a tractor-trailer in Bartow County, Georgia, when he crashed, causing injuries to Plaintiff, whose car was parked on the side of the interstate with a flat tire. Id. pp. 5-7, ¶¶8-19, Plaintiff asserted various state law claims, alleging that HE Defendants were liable for Riha's actions under "the doctrine[s] of *respondeat superior*, agency, and apparent agency." See id. pp. 10-15, ¶¶37-68.

On May 1, 2015, HE Defendants filed a timely notice of removal in this Court, asserting, as the basis for removal, complete diversity of citizenship and an amount in controversy exceeding $75,000. See Doc. No. [1], p. 3, ¶¶5-6.

On May 12, 2015, Plaintiff filed an amended complaint, which sought to add Riha as a defendant. Doc. No. [6]. According to the amended complaint, Riha and Plaintiff are both citizens of Georgia. Id. pp. 2-3, ¶¶1, 6. The same day, Plaintiff filed the present Motion to Remand, arguing that Riha's presence in this suit defeats this Court's only basis for

jurisdiction—complete diversity of citizenship — and that [*3] the case must, thus, be remanded. Doc. No. [7-1], pp. 5-6.

## II. LEGAL STANDARD

After a case has been removed from state court, this Court must remand the case if it becomes apparent that this Court lacks subject matter jurisdiction. *28 U.S.C. § 1447(c)*. Ordinarily, a plaintiff may amend his complaint "once as a matter of course" within 21 days after service of the defendant's answer. *Fed. R. Civ. P. 15(a)(1)(B)*. However, "[I]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction," this Court has the authority to deny joinder. *28 U.S.C. § 1447(e)*. "A motion to join non-diverse defendants made immediately after the case is removed, and before discovery has commenced, should be looked at carefully because one implication is that it has been undertaken with the specific purpose of destroying federal jurisdiction." *Ibis Villas at Miami Gardens Condo Ass'n, Inc. v. Aspen Specialty Ins. Co., 799 F. Supp. 2d 1333, 1335 (S.D. Fla. 2011)*.

## III. ANALYSIS

Plaintiff's explanation for his decision to add Riha as a defendant is simply that "Riha was driving the subject tractor-trailer at the time of the underlying wreck," and thus is responsible for the injuries at issue in this suit. Doc. No. [7-1], p. 4. Under normal circumstances, Plaintiff's argument may be sufficient to add Riha through the application of *Federal Rules of Civil Procedure 15*, *19*, or [*4]  *20*. However, where a party seeks to add a non-diverse defendant after removal, *§ 1447(e)* applies. The analysis under *§ 1447(e)* departs from a strict application of *Rules 15*, *19*, or *20* and instead balances the dangers of parallel state/federal proceedings against the diverse defendants' interest in remaining in a federal forum. *Jarriel v. General Motors Corp., 835 F. Supp. 639, 641 (N.D. Ga. 1993)*; *Righetti v. Shell Oil Co., 711 F. Supp. 531, 535 (N.D. Cal. 1989)*.

Although the Eleventh Circuit has not addressed the precise standard a court should apply when determining whether a plaintiff can amend to join a non-diverse party, other courts have adopted a balancing of the equities inquiry.[1] See, e.g., *Hensgens v. Deere & Co., 833 F.2d 1179 (5th Cir. 1987)*; *Jarriel v. General Motors Corp., 835 F. Supp. 639 (N.D. Ga. 1993)* (Carnes, J.); *Hughes v. Promark Lift, Inc., 751 F. Supp. 985 (S.D. Fla. 1990)*. Under *§ 1447(e)*'s discretionary approach, a court should consider the following factors when deciding whether to allow joinder and remand: (1) "the extent to which the purpose of the amendment is to defeat

---

[1] Title *28 U.S.C. § 1447(e)* cases rarely come up on appeal because orders remanding actions generally are not reviewable on appeal. See, e.g., *Alvarez v. Uniroyal Tire Co., 508 F.3d 639, 640 (11th Cir. 2007)* (per curiam).

federal jurisdiction," (2) "whether plaintiff has been dilatory in asking for amendment," (3) "whether plaintiff will be significantly injured if amendment is not allowed," and (4) other factors bearing on the equities. *Hensgens, 833 F.2d at 1182*.[2]

In evaluating the first factor, one consideration is whether the plaintiff seeks to add a non-diverse defendant immediately after removal and before any discovery takes place [*5] in federal court. See *Mays v. Rapoport, 198 F.3d 457, 463 (4th Cir. 1999)* (district court should "carefully scrutinize" cases where plaintiff seeks to add non-diverse defendant immediately after removal and "before any additional discovery has taken place"); *Small v. Ford Motor Co., 923 F. Supp. 2d 1354, 1358 (S.D. Fla. 2013)* (where plaintiff filed motion to amend immediately after removal and before any discovery occurred, more likely that motion was made for purposes of destroying diversity jurisdiction); *Ibis Villas, 799 F. Supp. 2d at 1335-36* (timing suspicious where motion to amend filed immediately after removal and before discovery).

Here, the timing of Plaintiff's proposed amendment to add Riha as a defendant is suspicious because it came within two weeks of the notice of removal and before any discovery took place in this Court. Although Plaintiff notes that HE Defendants responded to his requests for admissions, that response was made prior to removal. See Doc. No. [15-1]. Plaintiff did not seek to amend his complaint immediately after receiving the response, but rather only after the case had been removed. Furthermore, he provides no explanation of how the response to the requests for admission had any impact on his decision to amend the complaint to add Riha as a defendant. See Doc. No. [15], p. 5, n. 2.

Plaintiff's explanation [*6] for his decision to add Riha as a defendant — that Riha was the driver of the tractor-trailer and is thus a responsible party for Plaintiff's injuries — is unavailing for another reason as well. Plaintiff was quite clearly aware of Riha's identity at the time he filed his initial complaint because he mentions Riha by name in the complaint and alleges that Riha was the driver of the tractor-trailer that caused his injuries. Doc. No. [1-1], pp. 5-7, ¶¶18-19. Indeed, Plaintiff was aware of Riha's identity, and his Georgia citizenship, from at least the time he received the police report about the accident. See Doc. No. [7-2], p. 2. Yet Plaintiff waited until the case was removed to this Court, on the grounds of diversity of citizenship, to attempt to add Riha as a defendant. Other courts have determined that a plaintiff brings a proposed amendment with the primary purpose of destroying diversity jurisdiction if the plaintiff knew about the proposed defendant at the time the action was filed in state court. See *Wells v. Certainteed Corp, 950 F. Supp. 200, 201 (ED. Mich. 1997)*; *Selman v.*

---

[2] Although Hensgens was decided before the 1988 amendments to the removal statute, the amendments followed the more flexible approach taken in Hensgens, See *Carter v. Dover Corp., 753 F.Supp. 577, 579 (E.D.Pa. 1991)* ("Virtually every court to address the joinder question since the enactment of *§ 1447(e)* views the statute as signaling a departure from a strict *Rule 19* analysis and providing for a flexible, broad discretionary approach of the type prescribed in Hensgens.").

*Wyeth-Ayerst Lab., 898 F. Supp. 429, 431 (ED. Tex. 1995)*; *O'Connor v. Auto. Ins. Co., 846 F. Supp. 39, 41 (E.D. Tex. 1994)*.

In O'Connor, for example, the court found that, since the plaintiff had mentioned the proposed defendant in the factual allegations of the original complaint, the plaintiff [*7] clearly had known about him at the time of filing. *846 F. Supp. at 41*. As a result, the court denied the plaintiff's motion on the grounds that the proposed joinder was dilatory and brought for the primary purpose of defeating federal jurisdiction. Id.; see also *Selman, 898 F. Supp. at 436* (since plaintiff had to have known about proposed defendant at time of original complaint, court concluded that attempt to add that defendant after case was removed to federal court was designed to destroy federal jurisdiction).

Prior to filing suit in the case at bar, Plaintiff not only knew Riha's name, but also his home address and other identifying information. See Doc. No. [7-2], p. 2. He, thus, could have added Riha as a defendant from the outset, and provides no explanation for why he failed to do so. The only logical inference is that Plaintiff now attempts to add Riha as a defendant to defeat diversity jurisdiction. See *Osgood v. Disc. Auto Parts, LLC, 955 F. Supp. 2d 1352, 1355-56 (S.D. Fla. 2013)* (holding that the plaintiff's attempt to add a non-diverse defendant was an attempt to defeat diversity even though plaintiff did not know the defendant's full name or address prior to filing suit).

As to the second factor, the Court finds that Plaintiff was dilatory in attempting to add Riha as a party. Although the [*8] amended complaint was filed within two months of the filing of the original complaint, Plaintiff could have included Riha as a defendant in the original complaint. Again, he provides no explanation for his nearly two month delay before making the decision to add Riha as a party. The second factor, therefore, also weighs against Plaintiff. See *O'Connor, 846 F. Supp. at 41* (holding that the plaintiff's proposed joinder was dilatory when he knew of the proposed additional party at the time he filed his initial complaint).

The third factor does not weigh heavily in favor of either party. On the one hand, Plaintiff will be forced to litigate in two forums if Riha is not added as a party, and, although Heartland Express, Inc. of Iowa admits Riha was its employee, HE Defendants may later demand apportionment of liability and damages against Riha. On the other hand, Plaintiff is free to sue Riha in State court if he so chooses, he does not allege that HE Defendants would be unable to satisfy any judgment against them, and he will be entitled to the same discovery with or without Riha as a party to this case. See *Osgood, 955 F. Supp. 2d at 1356*.

Finally, this Court notes that other equitable factors do not weigh substantially in favor of either party. [*9] This case is still in the very early stages and, thus, would not be delayed by the remand to state court. However, this Court must also consider the purpose of the removal

statute and HE Defendants' interest in remaining in a federal forum. See *Jarriel, 835 F. Supp. at 641*.

## IV. CONCLUSION

For the foregoing reasons and pursuant to *28 U.S.C. § 1447(e)*, this Court **DENIES** joinder of Riha as a defendant to this action. Plaintiff's Amended Complaint (Doc. No. [61]) is hereby **DISMISSED** and Riha is to be **REMOVED** as a defendant from the record. This case will proceed on the originally filed complaint. Finally, Plaintiff's Motion to Remand (Doc. No. [10]) is **DENIED**.

**IT IS SO ORDERED**, this 25th day of November, 2015.

/s/ Steve C. Jones

HONORABLE STEVE C. JONES

UNITED STATES DISTRICT JUDGE

---

**End of Document**

# EXHIBIT 8

 Neutral

As of: December 21, 2025 8:30 PM Z

# *Wang v. Am. Equity Inv. Life Ins. Co.*

United States District Court for the Northern District of Georgia, Atlanta Division

January 12, 2021, Decided; January 12, 2021, Filed

CIVIL ACTION NO. 1:20-cv-01728-JPB

**Reporter**

2021 U.S. Dist. LEXIS 5417 *; 2021 WL 100747

LOUIS H. WANG, Plaintiff, v. AMERICAN EQUITY INVESTMENT LIFE INSURANCE COMPANY, Defendant.

**Subsequent History:** Dismissed by *Wang v. Am. Equity Inv. Life Ins. Co., 2021 U.S. Dist. LEXIS 37140 (N.D. Ga., Mar. 1, 2021)*

**Core Terms**

dilatory, amend, federal forum, diverse, joinder, weighs, diversity jurisdiction, state court, courts, defeat

**Counsel:** [*1] For Louis H. Wang, Plaintiff: Jason R. Doss, Samuel Tillman Brannan, LEAD ATTORNEYS, The Doss Firm, LLC, Marietta, GA.

For American Equity Investment Life Insurance Company, Defendant: Laura Leigh Geist, LEAD ATTORNEY, PRO HAC VICE, Denton's US, LLP-O.CA, Oakland, CA; Nathan Lewis Garroway, Taylor M. Koshak, LEAD ATTORNEYS, Dentons US, LLP - ATL, Atlanta, GA.

**Judges:** J. P. BOULEE, United States District Judge.

**Opinion by:** J. P. BOULEE

**Opinion**

## ORDER

Before the Court are Plaintiff Louis H. Wang's ("Wang") Motion for Leave to Amend (ECF No. 11) and Motion to Remand (ECF No. 12). Having reviewed and fully considered the papers filed therewith, the Court finds as follows:

## I. <u>BACKGROUND</u>

Plaintiff Louis H. Wang ("Wang") filed a complaint against Defendant American Equity Investment Life Insurance Company ("AEI") in Georgia state court alleging several state law claims in connection with an investment Winston Wade Turner ("Turner"), an agent of AEI, sold to Wang. Although the very first paragraph of the Complaint announces that "[t]his case is about how [Wang] was defrauded by Defendant [AEI] and its agent [Turner]," Turner was not named in the Complaint.

On April 23, 2020, AEI removed the matter to this Court on the basis of [*2] diversity jurisdiction. Wang now seeks leave to add Turner, a citizen of Georgia, as a defendant. Because Wang is also a citizen of Georgia, adding Turner as a defendant will destroy diversity jurisdiction. Wang also seeks remand of the matter if the Court permits joinder of Turner.

AEI opposes both the Motion for Leave to Amend and the Motion to Remand. AEI contends that Wang seeks to add Turner to the action only for the purpose of destroying diversity of citizenship and divesting this Court of jurisdiction over the action. In support of its contention, AEI points out that Wang chose not to name Turner as a party when he initiated this action, despite the repeated references to Turner's alleged culpability in the Complaint and the fact that Wang previously litigated the claims raised in this Complaint against two other companies and therefore had full knowledge of Turner's role in the alleged wrongdoing. Turner sought to add Wang to the matter only after AEI removed it to this Court. AEI argues this also demonstrates that AEI's proposed amendment is dilatory.

Further, AEI maintains that the balance of equities is in his favor because requiring Wang to file a separate suit against Turner [*3] in state court is not significant harm since Wang "did not, and does not now, intend to pursue Turner for damages in earnest."

Finally, AEI asserts that the equities favor denial of leave to amend because the purpose of the removal statute is to provide non-resident defendants like AEI the option of litigating their action in federal court.

Wang sidesteps AEI's key argument that he did not add Turner sooner because he does not intend to pursue claims against him and is attempting to add him at this stage solely for the purpose of securing remand. Instead, he focuses on the "real" risk of having to maintain two separate lawsuits or parallel litigation if his motion is denied, and he states he might not secure complete relief without Turner as a co-defendant. Wang also argues that a two-month delay in seeking leave to add a party cannot be deemed dilatory.

## II. <u>DISCUSSION</u>

In *Dever v. Family Dollar Stores of Georgia, LLC*, the Eleventh Circuit recently established the required analysis for deciding whether to permit or deny joinder of a defendant that would destroy diversity jurisdiction after removal. *755 F. App'x 866, 869 (11th Cir. 2018).* There, the court explained that while the Federal Rules of Civil Procedure generally require [*4] courts to freely grant leave to amend, "a district court must scrutinize more closely an amended pleading that would name a new nondiverse defendant in a removed case because justice requires that the district court also balance the defendant's interests in maintaining the federal forum." *Id.* Therefore, the court adopted the four-factor test for balancing the equities that the Fifth Circuit set forth in *Hensgens v. Deere & Company, 833 F.2d 1179 (5th Cir. 1987)*. Under that test, "a district court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Dever, 755 F. App'x at 869* (quoting *Hensgens, 833 F.2d at 1182*) (internal punctuation omitted).[1]

## A. The extent to which the purpose of the amendment is to defeat federal jurisdiction

Courts have held that "'the fact that a plaintiff attempted to add a nondiverse defendant only after the case was removed, even though he knew or should have ascertained the identity of the defendant at an earlier time, strongly indicates that the purpose of the plaintiff's [*5] amendment is to defeat federal jurisdiction.'" *Butler ex rel. K.W. v. S. Apartment Partners, LP, No. CV 120-067, 2020 U.S. Dist. LEXIS 235641, 2020 WL 7356606, at *3 (S.D. Ga. Dec. 15, 2020)* (quoting *Smith v. White Consol. Indus., Inc., 229 F. Supp. 2d 1275, 1280 (N.D. Ala. 2002))*. *See also Liberacki v. Kroger Co., No. 1:13-CV-00059-JCF, 2013 U.S. Dist. LEXIS 191923, 2013 WL 12061882, at *2 (N.D. Ga. Apr. 18, 2013)* (inferring a motivation to destroy diversity where "[t]he original [c]omplaint filed in state court [against the company] reflected no desire to hold [other] individuals liable . . ., in spite of the fact that [the] [p]laintiffs knew from day one that [an] employee was involved in the incident"); *Dunham v. Heartland Express, Inc. of Iowa, No. 1:15-CV-1488-SCJ, 2015 U.S. Dist. LEXIS 198613, 2015 WL 13753283, at *3 (N.D. Ga. Nov. 25, 2015)* (finding that the "only logical inference is that [the plaintiff's] . . . attempts to add [the non-diverse defendant was] to defeat diversity jurisdiction" because he had information regarding the proposed defendant prior to filing suit and could have added him as a defendant from the outset but failed to do so and provided no explanation for the omission).

---

[1] Districts courts in the Eleventh Circuit relied on the four-factor *Hensgens* test prior to its formal adoption by the *Dever* court. *See, e.g., Johnson v. Lincoln Harris, LLC, No. 1:15-CV-3979-WSD, 2016 U.S. Dist. LEXIS 61640, 2016 WL 2733425, at *2 (N.D. Ga. May 10, 2016)* ("District courts in the Eleventh Circuit have relied on factors suggested by the Fifth Circuit [in *Hensgens*] to determine whether to permit a plaintiff to join a diversity-defeating defendant.").

Here, there is no question that Wang knew of Turner's role in the events giving rise to the lawsuit prior to filing it. Wang had concluded litigation against two other companies on the facts relevant here, and, significantly, the first paragraph of his Complaint in this case asserts that the case concerns [*6] AEI and Turner's actions to defraud him. Wang's reliance on cases like *Johnson v. Lincoln Harris, LLC*, where the plaintiff sought only to substitute a fictitious defendant after removal and after his identity was discovered, is misplaced. *No. 1:15-CV-3979-WSD, 2016 U.S. Dist. LEXIS 61640, 2016 WL 2733425, at *2 (N.D. Ga. May 10, 2016)*. The difference here is that Turner is at the center of this case, and Wang had full knowledge of his identity and potential culpability prior to filing suit. In any event, Wang ultimately concedes that the first *Hensgens* factor weighs against him and settles instead on an argument that this factor is not dispositive.

Because Wang knew Turner's identity and role in this matter well before filing suit and chose to seek leave to add him as a party only after AEI removed the case, the Court infers a motive to defeat diversity jurisdiction. As such, the Court finds that the first *Hensgens* factor weighs against allowing joinder of Turner.

## B. Whether the plaintiff has been dilatory in asking for amendment

In *Dunham*, the court found that the plaintiff was dilatory in seeking to add the proposed defendant after removal because he chose not to include him in the original complaint, even though he had knowledge of his involvement in the accident. [*7] *2015 U.S. Dist. LEXIS 198613, 2015 WL 13753283, at *3*. Wang is correct that the courts in *Johnson, 2016 U.S. Dist. LEXIS 61640, 2016 WL 2733425, at *2*, and *Jarriel v. General Motors Corporation, 835 F. Supp. 639, 641 (N.D. Ga. 1993)*, found that a relatively short amount of time between the filing of a complaint and a motion seeking leave to amend does not support a finding that the plaintiff was dilatory. However, both *Johnson* and *Jarriel* are inapposite because, unlike in this case, the plaintiff in those cases learned of the proposed defendant **after** filing suit. Applying the reasoning of the aforementioned cases, the Court finds that Wang was dilatory in seeking amendment and that the second *Hensgens* factor therefore weighs against allowing joinder.

## C. Whether the plaintiff will be significantly injured if amendment is not allowed

The "'redundancy, duplication of effort and expense, and multiplication of proceedings inherent in . . . parallel litigation is an injury to [a] plaintiff that certain courts have deemed sufficient to satisfy [the third *Hensgens*] factor.'" *Thornton v. McCarthy Bldg. Companies, Inc., No. 1:20-CV-01257, 2020 U.S. Dist. LEXIS 214173, 2020 WL 6738153, at *2 (N.D. Ga. Nov. 17, 2020)*. *See also Johnson, 2016 U.S. Dist. LEXIS 61640, 2016 WL 2733425, at *3* (noting that "[c]ourts within this Circuit have concluded that . . . parallel litigation would constitute

'significant injury' under *Hensgens*"). The *Thornton* court further found that even if the prospect of having to engage in parallel [*8] litigation against the proposed defendant in state court is not considered a "significant injury," the prospect nevertheless tilts this factor in favor of the plaintiff.

Given the limited record before the Court, the Court declines to wade into AEI's contention that because "a civil judgment against Turner would be a moral victory alone," it "strains reason to believe that [Wang] will expend his time and resources to [file a parallel suit]." The Court finds that the third *Hensgens* factor favors Wang based on opinions in this Circuit establishing that the prospect of parallel litigation and its concomitant costs and inefficient use of judicial resources tilts the factor in favor of the plaintiff.[2]

## D. Any other factors bearing on the equities

Under this factor, some courts weigh the diverse defendant's right to choose between a state or federal forum when diversity of citizenship does exist against the injury to the plaintiff of having to litigate in two forums. *See, e.g.*, *Thornton, 2020 U.S. Dist. LEXIS 214173, 2020 WL 6738153, at *2*. In *Butler*, the court noted that relevant to the inquiry "is the fact that the parties are not on 'equal footing' because of the diverse defendant's right to choose between a state or federal forum." *2020 U.S. Dist. LEXIS 235641, 2020 WL 7356606, at *4*. It concluded [*9] that the fourth factor weighed against allowing joinder because "[g]iving diverse defendants the option of choosing the federal forum is the very purpose of the removal statutes," particularly where the proposed defendant "was a known non-party when the suit was filed." *Id.* The court also reasoned that [the plaintiffs] [would] not [be] left without recovery, as they [could] still pursue a suit against [the proposed defendant] in state court if they so desire[d]." *Id.*

In this case, the Court acknowledges the burden on Wang of potentially maintaining two lawsuits on the same set of facts but gives additional consideration to AEI's right under the removal statute to select a federal forum. Wang also had ample opportunity to include Turner as a party at the outset but chose not to do so. Therefore, the Court finds that the fourth *Hensgens* factor weighs in favor of AEI.

Based on the foregoing analysis, the Court concludes that the *Hensgens* factors support denial of leave to amend in this case. Specifically, the delay in joining Turner as a party and the attempt to add him right after remand point to an improper motive to avoid this Court's jurisdiction. Moreover, the burden on Wang of parallel [*10] litigation does not outweigh

---

[2] Wang's additional claim that he would not receive complete relief unless Turner is joined here is not supported by the record. This does not, however, change the Court's conclusion that the third *Hensgens* factor weighs in favor of Wang.

AEI's right to remove the lawsuit to a federal forum. Accordingly, Wang's Motion for Leave to Amend (ECF No. 11) is **DENIED**.

Because Wang's Motion to Remand (ECF No. 12) rests on the joinder of Turner, which the Court has denied, Wang's Motion to Remand is also **DENIED**. This action will proceed in this Court, and the current stay of Wang's deadline to respond to AEI's Motion to Dismiss is lifted. Wang must respond to the motion within fourteen days of the date of this Order. AEI may file a reply in support of its motion within the deadline set forth in this Court's local rules.

**SO ORDERED** this 12th day of January, 2021.

/s/ J. P. Boulee

**J. P. BOULEE**

United States District Judge

---

**End of Document**

# EXHIBIT 9

 Neutral

As of: December 20, 2025 11:27 PM Z

# *Hickerson v. Enter. Leasing Co. of Georgia, LLC*

United States District Court for the Northern District of Georgia, Atlanta Division

August 8, 2018, Decided; August 8, 2018, Filed

CIVIL ACTION NO. 1:18-CV-1199-SCJ

**Reporter**

2018 U.S. Dist. LEXIS 247651 *; 2018 WL 11454848

ADORACION HICKERSON, individually and as guardian of Casey Moore and Caylan Moore; CALVIN MOORE; CHRISTIAN MOORE; Plaintiffs, v. ENTERPRISE LEASING CO. of Ga., LLC; EAN HOLDINGS, LLC; and TIMOTHY G. GENTRY, Defendants.

**Subsequent History:** Later proceeding at *Hickerson v. Enter. Leasing Co. of Geor., LLC, 2018 U.S. Dist. LEXIS 247649 (N.D. Ga., Aug. 8, 2018)*

Motion denied by *Hickerson v. Enter. Leasing Co. of Ga., 2018 U.S. Dist. LEXIS 247631, 2018 WL 11454847 (N.D. Ga., Aug. 16, 2018)*

**Core Terms**

diversity, discovery, joinder, removal, amend

**Counsel:** [*1] For Adoracion Hickerson, Calvin Moore, Christian Moore, Adoracion Hickerson, as next friend Casey Moore, as guardian of Casey Moore, Adoracion Hickerson, as next friend Caylan Moore, Plaintiffs: William Lawton Pratt, Sr, LEAD ATTORNEY, William Lawton Pratt LLC, Louisiana, TX.

For Enterprise Leasing Company of Georgia, LLC, Ean Holdings, LLC, Defendants: Anne-Marie Shipe, J. S. Scott Busby, LEAD ATTORNEYS, Christopher Reed Stovall, Busby & Negin, Inc., Atlanta, GA.

**Judges:** HONORABLE STEVE C. JONES, UNITED STATES DISTRICT JUDGE.

**Opinion by:** STEVE C. JONES

**Opinion**

## ORDER

This matter appears before the Court on Plaintiffs' Motion for Leave to File an Amended Complaint (Doc. No. [4]) and Motion to Remand (Doc. No. [3]).

## I. BACKGROUND

On February 9, 2018, Plaintiffs filed this suit in Fulton County Superior Court. Doc. No. [1-1]. In their complaint, Plaintiffs allege that Bryce Melancon rented a truck from Defendant Enterprise Leasing Company of Georgia, LLC and Defendant EAN Holdings, LLC ("the Enterprise Defendants"). Id. p. 3, ¶2; see also id. p. 2. While driving the vehicle, Mr. Melancon got into a wreck with Defendant Timothy Gentry in Mississippi. Id. p. 4, ¶3. Mr. Melancon had no insurance. Id. p. 3, ¶2.

Plaintiffs were [*2] passengers in the vehicle driven by Mr. Melancon, and suffered injuries during the accident. Id. pp. 3, 5-7; ¶¶1, 6-10. In their initial complaint, they alleged that the "collision [was] caused by the negligence of Defendant Gentry" and that the Enterprise Defendants are liable due to "their negligent entrustment and failure to confirm Mr. Melancon's non-insured status." Id. p. 7, ¶11.

On March 21, 2018, the case was timely removed to this Court on the basis of diversity jurisdiction. Doc. No. [1], pp. 1-2, ¶1. Within 21 days of being served with an answer, Plaintiffs moved for leave to file an amended complaint. Doc. No. [4]. They want to add Mr. Melancon as a defendant because "the police report lays fault [for the accident] on Mr. Melancon." Doc. No. [4-1], pp. 1-2. Coincidentally, Mr. Melancon is a Georgia citizen. Doc. No. [4-7], p. 2, ¶4. Thus, on the same day they tried to amend their complaint, Plaintiffs filed a motion to remand because the addition of Mr. Melancon would defeat diversity. See Doc. No. [3].

## II. LEGAL STANDARD

Ordinarily, a plaintiff may amend his complaint "once as a matter of course" within 21 days after service of the defendant's answer. Fed. R. Civ. P. 15(a)(1)(B). However, "[i]f after [*3] removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction," the Court has the authority to deny joinder. 28 U.S.C. § 1447(e). The analysis under § 1447(e) departs from a strict application of Rules 15, 19, or 20 and instead balances the dangers of parallel state/federal proceedings against the diverse defendants' interest in remaining in a federal forum. Jarriel v. General Motors Corp., 835 F. Supp. 639, 641 (N.D. Ga. 1993); Righetti v. Shell Oil Co., 711 F. Supp. 531, 535 (N.D. Cal. 1989).

Although the Eleventh Circuit has not addressed the precise standard a court should apply when determining whether a plaintiff can amend to join a non-diverse party, other courts have

adopted a balancing of the equities inquiry.[1] See, e.g., _Hensgens v. Deere & Co., 833 F.2d 1179 (5th Cir. 1987)_; _Jarriel v. General Motors Corp., 835 F. Supp. 639 (N.D. Ga. 1993)_ (Carnes, J.); _Hughes v. Promark Lift, Inc., 751 F. Supp. 985 (S.D. Fla. 1990)_. Under _§ 1447(e)_'s discretionary approach, a court should consider the following factors when deciding whether to allow joinder and remand: (1) "the extent to which the purpose of the amendment is to defeat federal jurisdiction," (2) "whether plaintiff has been dilatory in asking for amendment," (3) "whether plaintiff will be significantly injured if amendment is not allowed," and (4) other factors bearing on the equities. _Hensgens, 833 F.2d at 1182_.[2]

## III. ANALYSIS

In evaluating the first factor, one consideration is whether the plaintiff seeks to add a non-diverse [*4] defendant immediately after removal and before any discovery takes place in federal court. See _Mays v. Rapoport, 198 F.3d 457, 463 (4th Cir. 1999)_ (district court should "carefully scrutinize" cases where plaintiff seeks to add non-diverse defendant immediately after removal and "before any additional discovery has taken place"); _Small v. Ford Motor Co., 923 F. Supp. 2d 1354, 1358 (S.D. Fla. 2013)_ (where plaintiff filed motion to amend immediately after removal and before any discovery occurred, more likely that motion was made for purposes of destroying diversity jurisdiction); _Ibis Villas at Miami Gardens Condo Ass'n, Inc. v. Aspen Specialty Ins. Co., 799 F. Supp. 2d 1333, 1335 (S.D. Fla. 2011)_ ("A motion to join non-diverse defendants made immediately after the case is removed, and before discovery has commenced, should be looked at carefully because one implication is that it has been undertaken with the specific purpose of destroying federal jurisdiction.").

Plaintiffs assertion that they want "to let a trier of fact determine a complete analysis of two necessary parties who caused the accident at issue in this case" and "not to defeat federal jurisdiction" lacks any credibility. See Doc. No. [9], pp. 3-4. They provide absolutely no explanation whatsoever as to why they chose not to assert a claim against Mr. Melancon in the initial complaint even though they quite obviously knew he was a party "who caused the [*5] accident at issue." See id.; see also Doc. No. [1-1], p. 4, ¶3.

They argue that they have been diligent because they sought to add Mr. Melancon just 15 days after the case was removed. Doc. No. [9], p. 4. But their decision to add Mr. Melancon so

---

[1] Title _28 U.S.C. § 1447(e)_ cases rarely come up on appeal because orders remanding actions generally are not reviewable on appeal. See, e.g., _Alvarez v. Uniroyal Tire Co., 508 F.3d 639, 640 (11th Cir. 2007)_ (per curiam).

[2] Although _Hensgens_ was decided before the 1988 amendments to the removal statute, the amendments followed the more flexible approach taken in Hensgens. See _Carter v. Dover Corp., 753 F.Supp. 577, 579 (E.D.Pa. 1991)_ ("Virtually every court to address the joinder question since the enactment of _§ 1447(e)_ views the statute as signaling a departure from a strict _Rule 19_ analysis and providing for a flexible, broad discretionary approach of the type prescribed in _Hensgens_.").

quickly after removal, before any discovery has taken place, only illustrates their bad-faith attempt to defeat diversity. See *Ibis Villas, 799 F. Supp. 2d at 1335*. Moreover, it does not demonstrate that Plaintiffs were diligent. They were not.

As the Enterprise Defendants point out, Plaintiffs were aware of Mr. Melancon's involvement in the accident for more than **two years** before they sought to add him as a party. Doc. No. [5], p. 6. Numerous courts have held that a plaintiff brings a proposed amendment with the primary purpose of destroying diversity jurisdiction if the plaintiff knew about the proposed defendant at the time the action was filed in state court. See *Osgood v. Disc. Auto Parts, LLC, 955 F. Supp. 2d 1352, 1355-56 (S.D. Fla. 2013)*; *Wells v. Certainteed Corp., 950 F. Supp. 200, 201 (E.D. Mich. 1997)*; *Selman v. Wyeth-Ayerst Lab., 898 F. Supp. 429, 431 (E.D. Tex. 1995)*; *O'Connor v. Auto. Ins. Co., 846 F. Supp. 39, 41 (E.D. Tex. 1994)*. This same fact also supports a finding of a lack of dilligence. *O'Connor, 846 F. Supp. at 41* (holding that the plaintiff's proposed joinder was dilatory when he knew of the proposed additional party at the time he filed his initial complaint).

The third factor does not weigh heavily in favor of either party. On the one hand, Plaintiffs [*6] will be forced to litigate in two forums if Mr. Melancon is not added as a party, and Defendants may later demand apportionment of liability and damages against him. On the other hand, Plaintiffs are free to sue Mr. Melancon in State court if they so choose, and they do not allege the other Defendants would be unable to satisfy any judgment against them. See *Osgood, 955 F. Supp. 2d at 1356*.

Finally, this Court notes that other equitable factors do not weigh substantially in favor of either party. This case is still in the very early stages and, thus, would not be delayed by the remand to state court. However, this Court must also consider the purpose of the removal statute and Defendants' interest in remaining in a federal forum. See *Jarriel, 835 F. Supp. at 641*.

## IV. CONCLUSION

For the foregoing reasons and pursuant to *28 U.S.C. § 1447(e)*, this Court **DENIES** joinder of Mr. Melancon as a defendant to this action. Plaintiffs' Motion for Leave to Amend (Doc. No. [4]) and Motion to Remand (Doc. No. [3]) are **DENIED**.

**IT IS SO ORDERED**, this 8th day of August, 2018.

/s/ Steve C. Jones

HONORABLE STEVE C. JONES

UNITED STATES DISTRICT JUDGE

2018 U.S. Dist. LEXIS 247651, *6

---

**End of Document**

# EXHIBIT 10

 Neutral

As of: December 21, 2025 10:07 PM Z

# *Odion v. Google Inc.*

United States Court of Appeals for the Eleventh Circuit

October 5, 2015, Decided

No. 14-12394 Non-Argument Calendar

**Reporter**

628 Fed. Appx. 635 *; 2015 U.S. App. LEXIS 17427 **; 2015 WL 5778755

GEGE ODION, individually, and d.b.a. Siris Property Management, LLC, d.b.a. Optiworld Vision Center, Plaintiff-Appellant, versus GOOGLE INC., JAMES P. BLUM, JR., CYNTHIA D. WRIGHT, NANCY H. BAUGHN, SHARON SILVERMINTZ, et al., Defendants-Appellees.

**Notice:** PLEASE REFER TO *FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1* GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.

**Subsequent History:** US Supreme Court certiorari denied by *Odion v. Google, Inc., 577 U.S. 1235, 136 S. Ct. 1495, 194 L. Ed. 2d 587, 2016 U.S. LEXIS 2185 (Mar. 28, 2016)*

Motion granted by, Motion denied by, Injunction granted at, in part, Injunction denied by, in part *Odion v. Google, Inc., 2016 U.S. Dist. LEXIS 186688 (N.D. Ga., Dec. 22, 2016)*

**Prior History:**  [**1] Appeal from the United States District Court for the Northern District of Georgia. D.C. Docket No. 1:13-cv-03906-SCJ.

*Odion v. Google Inc., 2014 U.S. Dist. LEXIS 185510 (N.D. Ga., May 8, 2014)*

**Disposition:** AFFIRMED.

**Core Terms**

district court, motion to dismiss, notice, per curiam, amend, notice of appeal, summary judgment, records, pleadings

**Case Summary**

**Overview**

HOLDINGS: [1]-Under *Fed. R. App. P. 4(a)(4)*, the appellate court lacked jurisdiction to consider plaintiff's challenges to the trial court's treatment of his post-judgment motions because his initial notice of appeal encompassed only the order certified for appeal under *Fed. R. Civ. P. 54(b)*, and his amended notice of appeal was untimely to appeal the issues it designated; [2]-The trial court properly dismissed the complaint as to 23 of 30 defendants, as it contained only conclusory allegations of a conspiracy to commit fraud and a subsequent cover up of that fraud by 30 defendants; [3]-The trial court did not err in failing to convert defendants' motions to dismiss into motions for summary judgment based on their attachment of state-court records as it did not rely on those records, it could have taken judicial notice of them, and plaintiff did not challenge their authenticity.

**Outcome**
The judgment was affirmed.

**LexisNexis® Headnotes**

Civil Procedure > Appeals > Appellate Jurisdiction > General Overview

**HN1** **Appeals, Appellate Jurisdiction**

When its existence is questionable, an appellate court is required to inquire into its own subject-matter jurisdiction.

Civil Procedure > Appeals > Appellate Jurisdiction > Final Judgment Rule

Civil Procedure > Judgments > Entry of Judgments > Multiple Claims & Parties

**HN2** **Appellate Jurisdiction, Final Judgment Rule**

Generally, an order that adjudicates fewer than all of the claims against all parties is not final and appealable unless the district court certifies it as final under *Fed. R. Civ. P. 54(b)*. Appellate jurisdiction over an appeal from a decision certified under *Rule 54(b)* is limited to the rulings or orders so certified by the district court.

Civil Procedure > Appeals > Appellate Jurisdiction > General Overview

Civil Procedure > Appeals > Notice of Appeal

Civil Procedure > Appeals > Reviewability of Lower Court Decisions > Timing of Appeals

### HN3 Appeals, Appellate Jurisdiction

The timely filing of a notice of appeal in a civil case is a jurisdictional requirement. In a civil case, a party has 30 days from the entry of the judgment or order appealed from to file a notice of appeal. *Fed. R. App. P. 4(a)(1)(A).*

Civil Procedure > Judgments > Entry of Judgments > Multiple Claims & Parties

Civil Procedure > Appeals > Reviewability of Lower Court Decisions > Timing of Appeals

Civil Procedure > Appeals > Notice of Appeal

### HN4 Entry of Judgments, Multiple Claims & Parties

Certification under *Fed. R. Civ. P. 54(b)* cures a premature notice of appeal from a non-final order dismissing claims or parties.

Civil Procedure > Judgments > Relief From Judgments > General Overview

Civil Procedure > Appeals > Notice of Appeal

Civil Procedure > Appeals > Reviewability of Lower Court Decisions > Timing of Appeals

### HN5 Judgments, Relief From Judgments

Certain post-judgment motions toll the time for filing a notice of appeal. *Fed. R. App. P. 4(a)(4)(A).* To appeal a district court's order disposing of a post-judgment motion that tolls the 30-day deadline, however, a party must file a separate notice of appeal or amend its original notice in accordance with the Federal Rules of Appellate Procedure.

Civil Procedure > Judgments > Relief From Judgments > General Overview

Civil Procedure > Appeals > Notice of Appeal

Civil Procedure > Appeals > Reviewability of Lower Court Decisions > Timing of Appeals

### HN6 Judgments, Relief From Judgments

See *Fed. R. App. P. 4(a)(4)(B)(ii).*

Civil Procedure > Dismissal > Involuntary Dismissals > Appellate Review

Civil Procedure > Dismissal > Involuntary Dismissals > Failure to State Claims

### HN7 Involuntary Dismissals, Appellate Review

An appellate court reviews de novo the district court's grant of a motion to dismiss for failure to state a claim under *Fed. R. Civ. P. 12(b)(6)*, accepting the facts alleged in the complaint as true and construing them in the light most favorable to the plaintiff.

Civil Procedure > ... > Pleadings > Complaints > Requirements for Complaint

### HN8 Complaints, Requirements for Complaint

See *Fed. R. Civ. P. 8(a)(2).*

Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Dismiss > Failure to State Claim

### HN9 Motions to Dismiss, Failure to State Claim

*Fed. R. Civ. P. 12(b)(6)* permits a party to move to dismiss the complaint for failure to state a claim upon which relief can be granted.

Civil Procedure > Dismissal > Involuntary Dismissals > Failure to State Claims

Civil Procedure > ... > Pleadings > Complaints > Requirements for Complaint

### HN10 Involuntary Dismissals, Failure to State Claims

Dismissal is appropriate if the complaint, on its face, does not state a plausible claim for relief. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, and unadorned, the-defendant-unlawfully-harmed-me accusations, cannot withstand a motion to dismiss.

Civil Procedure > ... > Pleadings > Heightened Pleading Requirements > Fraud Claims

## [HN11]() Heightened Pleading Requirements, Fraud Claims

In making a fraud claim, a party must state with particularity the circumstances constituting fraud or mistake. *Fed. R. Civ. P. 9(b)*. To satisfy the heightened pleading standard of *Rule 9(b)*, a complaint must set forth: (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

Civil Procedure > Parties > Pro Se Litigants > Pleading Standards

## [HN12]() Pro Se Litigants, Pleading Standards

The court liberally construe pro se pleadings and holds such pleadings to a less stringent standard than pleadings drafted by attorneys. However, this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.

Civil Procedure > Appeals > Standards of Review > Abuse of Discretion

Civil Procedure > ... > Pleadings > Amendment of Pleadings > Leave of Court

Civil Procedure > Appeals > Standards of Review > De Novo Review

Civil Procedure > Appeals > Standards of Review > Questions of Fact & Law

## [HN13]() Standards of Review, Abuse of Discretion

An appellate court reviews for abuse of discretion the district court's refusal to grant leave to amend, and review de novo the underlying legal conclusion that amendment would be futile.

Civil Procedure > ... > Pleadings > Amendment of Pleadings > Leave of Court

## HN14 Amendment of Pleadings, Leave of Court

The district court should freely grant leave to amend a complaint when justice so requires. *Fed. R. Civ. P. 15(a)(2)*. Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice. The district court need not allow amendment where amendment would be futile.

Civil Procedure > Appeals > Standards of Review > De Novo Review

Civil Procedure > ... > Summary Judgment > Motions for Summary Judgment > General Overview

Civil Procedure > ... > Responses > Defenses, Demurrers & Objections > Motions to Dismiss

## HN15 Standards of Review, De Novo Review

An appellate court reviews de novo whether a district court was required to convert a motion to dismiss into a motion for summary judgment.

Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Dismiss > Failure to State Claim

Civil Procedure > ... > Summary Judgment > Motions for Summary Judgment > General Overview

Civil Procedure > ... > Summary Judgment > Opposing Materials > General Overview

Civil Procedure > ... > Summary Judgment > Supporting Materials > General Overview

## HN16 Motions to Dismiss, Failure to State Claim

If, on a *Fed. R. Civ. P. 12(b)(6)* motion to dismiss, matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under *Fed. R. Civ. P. 56*. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion. *Rule 12(d)*.

Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Dismiss > Failure to State Claim

Evidence > Judicial Notice > General Overview

### *HN17* Motions to Dismiss, Failure to State Claim

A district court may take judicial notice of public records. *Fed. R. Evid. 201(b)*. A district court may take judicial notice of public records at the dismissal stage.

Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Dismiss > Failure to State Claim

Evidence > Types of Evidence > Documentary Evidence > General Overview

### *HN18* Motions to Dismiss, Failure to State Claim

A district court ruling on a motion to dismiss may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged.

Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Dismiss > Failure to State Claim

Civil Procedure > ... > Summary Judgment > Motions for Summary Judgment > General Overview

Civil Procedure > ... > Standards of Review > Harmless & Invited Errors > General Overview

### *HN19* Motions to Dismiss, Failure to State Claim

When a party proves through its actions that it has notice of the conversion of a motion to dismiss to a motion for summary judgment, any failure to notify the party is rightly deemed harmless.

Civil Procedure > Appeals > Standards of Review > Abuse of Discretion

Civil Procedure > Judicial Officers > Judges > General Overview

## HN20 Standards of Review, Abuse of Discretion

An appellate court reviews for abuse of discretion a claim that the district court mismanaged its docket and that the mismanagement prejudiced the appellant's case. An abuse of discretion can include the failure to consider and rule on significant pretrial motions before issuing dispositive orders. When the district court's mismanagement of a case materially prejudices a litigant's rights, the district court has abused its discretion, and the appellate court must redress that abuse.

Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Dismiss > Failure to State Claim

Civil Procedure > Discovery & Disclosure > General Overview

## HN21 Motions to Dismiss, Failure to State Claim

Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should be resolved before discovery begins.

Civil Procedure > Appeals > Standards of Review > Abuse of Discretion

Civil Procedure > Sanctions > Baseless Filings > General Overview

## HN22 Standards of Review, Abuse of Discretion

An appellate court reviews for abuse of discretion a district court's ruling on a motion for sanctions under *Fed. R. Civ. P. 11*.

Civil Procedure > Sanctions > Baseless Filings > Bad Faith Motions

Civil Procedure > Sanctions > Baseless Filings > Frivolous Lawsuits

## HN23 Baseless Filings, Bad Faith Motions

*Fed. R. Civ. P. 11* sanctions are properly assessed when a party files a pleading that has no reasonable factual basis, that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law, or that stems from bad faith or an improper purpose. Bad faith is an objective standard that is met if the party's conduct was objectively reckless or outside of the bounds of acceptable conduct.

628 Fed. Appx. 635, *635; 2015 U.S. App. LEXIS 17427, **1

**Counsel:** EGE ODION, individually, and, d.b.a. Siris Property Management, LLC, d.b.a. Optiworld Vision Center, Plaintiff - Appellant, Pro se, DECATUR, GA.

For GOOGLE INC., Defendant - Appellee: Eric P. Schroeder, Bryan Cave, LLP, ATLANTA, GA; Jacquelyn Nicole Schell, Bryan Cave, LLP, NEW YORK, NY.

For JAMES P. BLUM, JR., Defendant - Appellee: James P. Blum, Jr., James P. Blum, Jr., Beloin Brown & Blum, LLC, ATLANTA, GA.

For CYNTHIA D. WRIGHT, Defendant - Appellee: Deborah Nolan Gore, Samuel Scott Olens, Attorney General's Office, ATLANTA, GA.

For NANCY H. BAUGHAN, Defendant - Appellee: Peter F. Busscher, Hunton & Williams LLP- Atlanta, ATLANTA, GA; William James Holley, II, Nancy H. Baughn, Parker Hudson Rainer & Dobbs, LLP, ATLANTA, GA.

For SHARON SILVERMINTZ, BB & T INVESTMENT SERVICES, INC., ATLAS GA II SPE, LLC, BRANCH BANKING AND TRUST COMPANY, Defendants - Appellees: Peter F. Busscher, Hunton & Williams LLP- Atlanta, ATLANTA, GA; William James Holley, II, Nancy H. Baughan, Parker Hudson Rainer & Dobbs, LLP, ATLANTA, GA.

For AMY ABRAMES, CATHY LYON, Defendant - Appellee: [**2] Lanna Renee Hill, Dominique Annida Martinez, Fulton County Attorney's Office, ATLANTA, GA.

For TEJ K. KAUL, CONSULTING ENTERPRISES, CORPORATION (DELAWARE), Defendants - Appellees: Weller Hensell Harris, Jr., Jane E. Hagood, Wasson Sours & Harris, PC, ATLANTA, GA.

For WEIBEL & ASSOCIATES, INC., Defendant - Appellee: Keri P. Ware, Wilson Morton & Downs, LLC, DECATUR, GA.

For DARRYL MOSS, WEISSMAN, NOWACK, CURRY & WILCO, P.C., Defendants - Appellees: Shannon McKenzie Sprinkle, Carlock Copeland & Stair, LLP, ATLANTA, GA.

For T. MATTHEW MASHBURN, Defendant - Appellee: R. Daniel Douglass, Stites & Harbison, PLLC, ATLANTA, GA.

For SERVICE, Defendant: Shannon McKenzie Sprinkle, Carlock Copeland & Stair, LLP, ATLANTA, GA; Keri P. Ware, Wilson Morton & Downs, LLC, DECATUR, GA; Andrea Perry Block, Parker Hudson Rainer & Dobbs, LLP, ATLANTA, GA; Weller Hensell Harris, Jr., Wasson Sours & Harris, PC, ATLANTA, GA; Gil Chaim Varon, Law Office of Gil Varon, LLC, ATLANTA, GA.

**Judges:** Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

## Opinion

628 Fed. Appx. 635, *635; 2015 U.S. App. LEXIS 17427, **2

[*635]  PER CURIAM:

This appeal is from the partial final judgment the District Court entered pursuant to *Federal Rule of Civil Procedure 54(b)*[1] dismissing, pursuant to *Federal Rule of Civil Procedure 12(b)(6)*,  [*636] Greg Odion's claims alleged against twenty-two of the thirty [**3]  defendants named in his *pro se* complaint. In addition to these dismissals, Odion's appeal challenges various other rulings of the District Court as discussed below.

I.

**HN1** When its existence is questionable, we are required to inquire into our own subject-matter jurisdiction. *Gilchrist v. State Farm Mut. Auto. Ins. Co., 390 F.3d 1327, 1330 (11th Cir. 2004).***HN2**  Generally, an order that adjudicates fewer than all of the claims against all parties is not final and appealable unless the district court certifies it as final under *Rule 54(b) of the Federal Rules of Civil Procedure. Supreme Fuels Trading FZE v. Sargeant, 689 F.3d 1244, 1246 (11th Cir. 2012)* (per curiam). Appellate jurisdiction over an appeal from a decision certified under *Rule 54(b)* is limited to the rulings or orders so certified by the district court. *See Fogade v. ENB Revocable Trust, 263 F.3d 1274, 1297 (11th Cir. 2001)* ("Because no final judgment has been entered disposing of all the claims in this case, our appellate jurisdiction is confined to the issues made appealable under *Rule 54(b).*").

**HN3** "The timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Green v. Drug Enf't Admin., 606 F.3d 1296, 1300 (11th Cir. 2010)* (quotation marks, citation, and alteration omitted). In a civil case, a party has thirty days from the entry of the judgment or order appealed [**4]  from to file a notice of appeal. *Fed. R. App. P. 4(a)(1)(A).* **HN4** Certification under *Rule 54(b)* "cures a premature notice of appeal from a non-final order dismissing claims or parties." *Nat'l Ass'n of Bds. of Pharmacy v. Bd. of Regents of Univ. Sys. of Ga., 633 F.3d 1297, 1306 (11th Cir. 2011).*[2] In addition, **HN5** certain post-judgment motions toll the time for filing a notice of appeal. *See Fed. R. App. P. 4(a)(4)(A).* To appeal a district court's order disposing of a post-judgment motion that tolls the thirty-day deadline, however, a party must file a separate notice of appeal or amend its original notice in accordance with the Federal Rules of Appellate Procedure. *Weatherly v. Ala. State Univ., 728 F.3d 1263, 1271 (11th Cir. 2013)*; *see also Fed. R. App. P. 4(a)(4)(B)(ii)* (**HN6** "A party intending to challenge an order disposing of any motion listed in *Rule 4(a)(4)(A)*, or a judgment's alteration or amendment upon such a motion, must file a notice of appeal, or an amended notice of appeal . . . within

---

[1] The decision appealed is the District Court's order of May 8, 2014. The District Court, in an order entered on October 31, 2014, certified the May 8 order as a partial final judgment pursuant to *Rule 54(b)*.

[2] A subsequent certification occurred in this case. *See supra* note 1. Odion filed a notice of appeal with respect to the District Court's order of May 8, 2014, on May 27, 2014. Odion's notice was premature but cured when the court entered its subsequent order on October 31, 2014.

the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion.").

We lack jurisdiction to consider Odion's challenges to the District Court's treatment of [**5] his post-judgment motions for reconsideration, amendment, and disqualification of the district-court judge because his initial notice of appeal encompassed only the order certified for appeal under *Rule 54(b)*, and his amended notice of appeal was untimely to appeal the issues it designated. *See Fed. R. App. P. 4(a)(4)(A), (a)(4)(B)(ii)*; *Bd. of Regents of Univ. Sys. of Ga., 633 F.3d at 1306*; *Weatherly, 728 F.3d at 1271*.

II.

**HN7** We review *de novo* the district court's grant of a motion to dismiss for failure to [*637] state a claim under *Federal Rule of Civil Procedure 12(b)(6)*, accepting the facts alleged in the complaint as true and construing them in the light most favorable to the plaintiff. *Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003)* (per curiam). *Rule 8 of the Federal Rules of Civil Procedure* requires that **HN8** "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P. 8(a)(2)*. **HN9** *Rule 12(b)(6)* permits a party to move to dismiss the complaint for failure to state a claim upon which relief can be granted. *Fed. R. Civ. P. 12(b)(6)*.

**HN10** Dismissal is appropriate if the complaint, on its face, does not state a plausible claim for relief. *Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)*; *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007)*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant [**6] has acted unlawfully." *Ashcroft, 556 U.S. at 678, 129 S. Ct. at 1949* (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," cannot withstand a motion to dismiss. *Id.*

**HN11** In making a fraud claim, "a party must state with particularity the circumstances constituting fraud or mistake." *Fed. R. Civ. P. 9(b)*. To satisfy the heightened pleading standard of *Rule 9(b)*, a complaint must set forth:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Garfield v. NDC Health Corp., 466 F.3d 1255, 1262 (11th Cir. 2006)* (quotation marks omitted).

**HN12** We liberally construe *pro se* pleadings and hold such pleadings to "a less stringent standard than pleadings drafted by attorneys." *Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)* (per curiam). However, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998)* (citations omitted), [**7] *overruled on other grounds as recognized in* *Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010)*.

**HN13** We review for abuse of discretion the District Court's refusal to grant leave to amend, and review *de novo* the underlying legal conclusion that amendment would be futile. *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC, 600 F.3d 1334, 1336 (11th Cir. 2010)*. **HN14** The district court should freely grant leave to amend a complaint "when justice so requires." *Fed. R. Civ. P. 15(a)(2)*. "Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991)*, *overruled in part by* *Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 & n.1 (11th Cir. 2002)* (en banc) (holding that a district court is not required to sua sponte grant a counseled plaintiff leave to amend when plaintiff never filed a motion [*638] to amend or requested leave to amend before the district court, but declining to address whether the rule should apply to *pro se* litigants). The district court need not allow amendment "where amendment would be futile." *Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001)* (per curiam).

The District Court did not err in dismissing Odion's complaint as to twenty-two of the thirty defendants because the complaint contained only conclusory allegations of a conspiracy to commit fraud and a subsequent cover up of that fraud by thirty defendants, many of whom were unrelated [**8] to each other and to Odion. *See* *Ashcroft, 556 U.S. at 678, 129 S. Ct. at 1949*; *Garfield, 466 F.3d at 1262*. Moreover, the court did not err by failing to *sua sponte* order Odion to replead his complaint because Odion's subsequent filings demonstrated that amendment would be futile. *See* *Bryant, 252 F.3d at 1163*.

III.

**HN15** We review *de novo* whether a district court was required to convert a motion to dismiss into a motion for summary judgment. *See* *SFM Holdings, 600 F.3d at 1336-37*. **HN16** If, on a *Rule 12(b)(6)* motion to dismiss, "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under *Rule 56*. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Fed. R. Civ. P. 12(d)*; *Trustmark Ins. Co. v. ESLU, Inc., 299 F.3d 1265, 1267 (11th Cir. 2002)*. **HN17** A district court may, however, take judicial notice of public

628 Fed. Appx. 635, *638; 2015 U.S. App. LEXIS 17427, **8

records. *See Fed. R. Evid. 201(b)*; *Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1280 (11th Cir. 1999)* (noting that a district court may take judicial notice of public records at the dismissal stage). In addition, **HN18** a district court ruling on a motion to dismiss may also "consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." *SFM Holdings, 600 F.3d at 1337*. **HN19** "When a party proves through its actions that it has notice of the conversion, any failure to notify the party is rightly deemed harmless." *Trustmark Ins. Co., 299 F.3d at 1268*; *cf. Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1371 (11th Cir. 1997)* (per curiam) (treating the defendants' motions [**9] to dismiss as motions for summary judgment because the plaintiff provided materials called for on summary judgment, showing that the parties had been given a full and fair opportunity to present evidence supporting their arguments).

The District Court did not err in failing to convert the motions to dismiss into motions for summary judgment based on the defendants' attachment of state-court records because the court did not rely on those records, the court could have taken judicial notice of those records, Odion did not challenge the authenticity of the records, and any error was harmless. *See Fed. R. Evid. 201(b)*; *Avado Brands, Inc., 187 F.3d at 1280*; *SFM Holdings, 600 F.3d at 1337*; *Trustmark Ins. Co., 299 F.3d at 1268*.

IV.

**HN20** We review for abuse of discretion the argument that the District Court mismanaged its docket and that the mismanagement prejudiced Odion's case. *Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366-67 (11th Cir. 1997)*. An abuse of discretion can include the failure to consider and rule on significant pretrial motions before issuing dispositive orders. *Id. at 1367*. When the court's mismanagement of a case materially prejudices a litigant's rights, the district court has abused its [*639] discretion, and we must redress that abuse. *Id.* **HN21** "Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, [**10] should, however, be resolved before discovery begins." *Id.* (footnote omitted).

The District Court did not abuse its discretion by ruling on the defendants' motions to dismiss before ruling on Odion's motion for partial summary judgment because the motions to dismiss challenged the legal sufficiency of the complaint and therefore had to be resolved before commencing discovery. *See id.*

V.

**HN22** We review for abuse of discretion a district court's ruling on a motion for sanctions under *Rule 11 of the Federal Rules of Civil Procedure*. *See Massengale v. Ray, 267 F.3d 1298, 1301 (11th Cir. 2001)* (per curiam). **HN23** Rule 11 sanctions are properly assessed when a party files a pleading that has no reasonable factual basis, that is based on a legal theory that has no

628 Fed. Appx. 635, *639; 2015 U.S. App. LEXIS 17427, **10

reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law, or that stems from bad faith or an improper purpose. *Id.* Bad faith is an objective standard that is met if the party's conduct was objectively reckless or outside of the bounds of acceptable conduct. *Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1241 (11th Cir. 2007)* (addressing sanctions pursuant to *28 U.S.C. § 1927*).

The District Court did not abuse its discretion in denying Odion's two motions for sanctions against one group of defendants because those defendants did not base their motion to dismiss on an unreasonable factual [**11] basis and they did not act in bad faith. *See Massengale, 267 F.3d at 1301*; *Amlong & Amlong, 500 F.3d at 1241*.

AFFIRMED.

---

**End of Document**

# EXHIBIT 11

 Positive

As of: December 22, 2025 2:06 PM Z

# Thornton v. McCarthy Bldg. Cos.

United States District Court for the Northern District of Georgia, Atlanta Division

November 17, 2020, Decided; November 17, 2020, Filed

Case No. 1:20-cv-01257

**Reporter**

2020 U.S. Dist. LEXIS 214173 *; 2020 WL 6738153

Shawntae Thornton, Plaintiff, v. McCarthy Building Companies, Inc., Defendant.

## Core Terms

removal, state court, joinder, dilatory, destroy, factors, weighs

**Counsel:** [*1] For Shawntae Thornton, Plaintiff: Sarah J. Unatin, LEAD ATTORNEY, Weinberg Wheeler Hudgins Gunn & Dial, LLC-Atl, Atlanta, GA; Vondella K Smith, LEAD ATTORNEY, The Law Office of W. Calvin Smith, II PC, Atlanta, GA; Brent McIntosh, Smyrna, GA.

For McCarthy Building Companies, Inc., Defendant: Jackson Anthony Dial, LEAD ATTORNEY, Weinberg Wheeler Hudgins Gunn & Dial, LLC-Atl, Atlanta, GA.

**Judges:** MICHAEL L. BROWN, UNITED STATES DISTRICT JUDGE.

**Opinion by:** MICHAEL L. BROWN

## Opinion

## OPINION & ORDER

Plaintiff Shawntae Thornton seeks to add a defendant party and remand to state court under *28 U.S.C. § 1447(e)*. (Dkts. 7; 8.) Defendant McCarthy Building Companies, Inc., opposes Plaintiff's motions. (Dkt. 10.) The Court grants Plaintiff's Motion to Add Defendant Party. Because this Court lacks jurisdiction as a result of the joinder, it grants Plaintiff's Motion to Remand.

## I. Background

On June 29, 2018, Plaintiff underwent a surgical procedure at Emory University Hospital. (Dkt. 8-3 at 3.) On July 1, 2018, a nurse assisted Plaintiff, still in the hospital recovering from the procedure, to the restroom to take a shower. (*Id.*) Plaintiff sat on the shower seat, which then collapsed. (*Id.*) Because of this accident, Plaintiff suffered injuries, and her [*2] healing process from the procedure was exacerbated. (*Id.* at 4.)

On January 13, 2020, Plaintiff sued Defendant in state court. (Dkt. 7-1 at 1.) On February 13, 2020, Plaintiff filed a motion to add defendant party, Emory Healthcare Services Management, L.L.C., and affiliates (Emory). (*Id.* at 2.) Then, on March 19, 2020, Defendant removed the action to federal court. (*Id.*)

On April 13, 2020, Plaintiff filed a motion to add defendant party (Emory) and a motion to remand. (Dkts. 7; 8.) On April 20, 2020, Defendant filed a response opposing Plaintiff's motion to remand. (Dkt. 10.) The issue before the Court is whether Emory should be added as a defendant. If so, diversity jurisdiction would be destroyed,[1] and the action must be remanded to state court.

## II. Standard of Review

Under *28 U.S.C. § 1447(e)*, "[i]f after removal, the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." When a plaintiff seeks to amend her complaint to add a defendant such that the court would no longer have diversity jurisdiction, the court should scrutinize that amendment more closely than an ordinary amendment. [*3] *Dever v. Family Dollar Stores of Ga., L.L.C., 755 F. App'x 866, 869 (11th Cir. 2018)* (citing *Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987))*.

## III. Discussion

In deciding whether joinder of a nondiverse defendant is appropriate, courts consider four factors: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for amendment, (3) whether the plaintiff will be significantly injured if amendment is not allowed, and (4) any other factors bearing on the equities. *Dever, 755 F. App'x at 869* (citing *Hensgens, 833 F.2d at 1182*). The court has broad discretion in weighing these factors. *Id.* And, "[b]ecause the court's decision will determine the

---

[1] Diversity jurisdiction requires complete diversity — "[t]hat is, diversity jurisdiction does not exist unless *each* defendant is a citizen of a different state from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978)* (emphasis in original). Here, Plaintiff resides in Georgia. (Dkt. 1 ¶ 6.) Defendant is a Missouri corporation with its principal place of business in Missouri. (*Id.* ¶ 7.) Emory is a Georgia corporation with its principal place of business in Georgia. (Dkt. 8-1 at 3-4.)

continuance of its jurisdiction, the addition of a nondiverse party must not be permitted without consideration of the original defendant's interest in the choice of forum." *Hensgens, 833 F.2d at 1182*.

## A. Plaintiff's Purpose

The first factor the Court should analyze is the extent to which the purpose of the amendment is to defeat federal jurisdiction. Most cases in which an improper purpose exists involve the plaintiff seeking to add a defendant party for the first time *after* removal in order to destroy subject matter jurisdiction. *See, e.g., Ortiz v. Ross Dress for Less, Inc., No. 19-60443-CIV, 2019 U.S. Dist. LEXIS 75354, 2019 WL 5291043, at *4 (S.D. Fla. May 2, 2019)* ("The timing of the proposed amended pleading, filed only after the Plaintiff knew [*4] that the case had been removed, strongly suggests that the Plaintiff is seeking to avoid federal court by adding the store manager, which weighs against permitting the amendment."). That is not the case here. Plaintiff filed a motion to add Emory in state court nearly one month before Defendant filed a notice of removal. (Dkt. 7-1 at 3.) This indicates Plaintiff's purpose was not to destroy federal jurisdiction. The first factor strongly favors permitting the amendment.

## B. Timeliness

The second factor is whether Plaintiff was dilatory in asking for joinder. The Court finds Plaintiff has not been dilatory. Plaintiff filed a motion to add Emory in state court one month after filing her initial complaint in state court. (Dkt. 7-1 at 2.) And she again sought to add Emory in federal court less than one month after Defendant filed a notice of removal. (*Id.* at 4.) *See, e.g., Quattlebaum v. Fed. Express Corp., No. 1:19-cv-210, 2019 U.S. Dist. LEXIS 101447, 2019 WL 2518337, at *3 (M.D. Ala. June 18, 2019)* (finding two months after removal was not dilatory); *Dever v. Family Dollar Stores of Ga., LLC, No. 2:17-cv-19, 2018 U.S. Dist. LEXIS 204983, 2019 WL 6323078, at *3 (S.D. Ga. Dec. 3, 2018)* (finding a month and a half after removal was not dilatory); *Starnes Davis Florie, LLP v. GOS Operator, LLC, No. 12-387-WS-N, 2012 U.S. Dist. LEXIS 126701, 2012 WL 3870413, at *4 n.10 (S.D. Ala. Sept. 5, 2012)* (finding about a month after removal [*5] was not dilatory). *But see Turner v. Wal-Mart Stores East, L.P., No. 7:11-cv-181, 2012 U.S. Dist. LEXIS 172313, 2012 WL 6048949, at *2 (M.D. Ga. Dec. 5, 2012)* (finding almost eleven months after removal and two months before discovery ended as dilatory). This factor also strongly favors permitting the amendment.

## C. Harm to Plaintiff

The third factor is whether Plaintiff will be significantly injured if joinder is not allowed. In analyzing this, courts generally attempt to determine whether a plaintiff can be afforded complete relief in the absence of the amendment. *Dever, 2018 U.S. Dist. LEXIS 204983, 2018 WL 6323078, at *3* (citing *Starnes, 2012 U.S. Dist. LEXIS 126701, 2012 WL 3870413, at *4 n.10*). Plaintiff argues she would be significantly injured if Emory was not added as a defendant because "[i]t is not clear whether the incident was caused by the Defendant or by Emory." (Dkt. 7-1 at 4.) If the Court were to deny Plaintiff's motion, Plaintiff could still proceed against Defendant in this Court, and Plaintiff could pursue a claim against Emory in state court.

But "the redundancy, duplication of effort and expense, and multiplication of proceedings inherent in such parallel litigation is an injury to plaintiff that certain courts have deemed sufficient to satisfy this factor." *Starnes, 2012 U.S. Dist. LEXIS 126701, 2012 WL 3870413, at *4* (citing *Holiday Isle, L.L.C. v. Clarion Mortg. Capital, Inc., No. 07-00798, 2008 U.S. Dist. LEXIS 30561, 2008 WL 1756369, at *3 (S.D. Ala. Apr. 11, 2008))*. Thus, while Plaintiff may not be "significantly injured" if the Court denies her motion, she would [*6] nonetheless be forced to expend the time, effort, and expense necessary to pursue parallel litigation based on the same facts in two separate judicial fora. Accordingly, this factor weighs in favor of permitting the amendment.

## D. Other Equitable Considerations

The fourth factor allows the court to consider any other factors which bear on the equities. In balancing the equities, the parties are not on equal footing, and the court should give consideration to the defendant's right to choose the federal forum. *Hensgens, 833 F.2d at 1182*. Defendant's interest in proceeding in federal court weighs against amendment. But the expense, waste of judicial resources, and risk of inconsistent outcomes that would result from denying the amendment and requiring Plaintiff to initiate parallel litigation in state court weigh in favor of allowing the amendment.

Lastly, Defendant argues it "was never served with, or otherwise notified of," Plaintiff's motion to add Emory in state court. (Dkt. 10 ¶ 3.) This argument goes to the propriety of removal under *§ 1446(b)*. *See Lowery v. Ala. Power Co., 483 F.3d 1184, 1213 (11th Cir. 2007)* ("[I]n assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff—be it the initial complaint or a later received paper—and [*7] determines whether that document and the notice of removal unambiguously establish federal jurisdiction."). Such an argument is irrelevant to the issue before the Court because no one disputes that removal was proper on March 19, 2020, as between Plaintiff and Defendant.

## IV. Conclusion

The Court concludes that, under the four factors, the balance of the equities favors amendment. Allowing the joinder of Emory, a nondiverse defendant, will destroy subject matter jurisdiction. Therefore, remand is required.

The Court **GRANTS** Plaintiff's Motion to Add Defendant Party (Dkt. 7) and Plaintiff's Motion to Remand (Dkt. 8). "Emory Healthcare Services Management, LLC, and affiliates" shall be added as a defendant. The Court **REMANDS** this action to the State Court of Gwinnett County, Georgia.

**SO ORDERED** this 17th day of November, 2020.

/s/ Michael L. Brown

MICHAEL L. BROWN

UNITED STATES DISTRICT JUDGE

---

**End of Document**

# EXHIBIT 12

 Caution
As of: December 22, 2025 2:54 PM Z

## *Seropian v. Wachovia Bank, N.A.*

United States District Court for the Southern District of Florida

July 16, 2010, Decided; July 16, 2010, Entered on Docket

CASE NO. 10-80397-CIV-MARRA/JOHNSON

**Reporter**
2010 U.S. Dist. LEXIS 144314 *

NICOLE C. SEROPIAN, individually and as a parent and natural guardian of KATHERINE ELIZABETH SEROPIAN, a minor and SARAH LUCINE SEROPIAN, a minor, Plaintiffs, vs. WACHOVIA BANK, N.A., Defendant.

**Subsequent History:** Motion dismissed by *Seropian v. Wachovia Bank, N.A., 2010 U.S. Dist. LEXIS 74864 (S.D. Fla., July 26, 2010)*

Costs and fees proceeding at, Motion granted by, in part, Motion denied by, in part, Sanctions allowed by, in part, Sanctions disallowed by, in part *Seropian v. Wachovia Bank, N.A., 2011 U.S. Dist. LEXIS 174633 (S.D. Fla., Jan. 31, 2011)*

Motion granted by, in part, Motion denied by, in part *Seropian v. Wachovia Bank, N.A., 2011 U.S. Dist. LEXIS 168934 (S.D. Fla., Feb. 17, 2011)*

Motion denied by *Seropian v. Wachovia Bank, N.A., 2011 U.S. Dist. LEXIS 165898 (S.D. Fla., Feb. 28, 2011)*

Motion denied by *Seropian v. Wachovia Bank, N.A., 2011 U.S. Dist. LEXIS 169045 (S.D. Fla., June 13, 2011)*

## Core Terms

non-diverse, motion to amend, district court, state court, joinder, diversity, fiduciary, liquidate, file suit, re-titled, defeat

**Counsel:** [*1] For Nicole C Seropian, Plaintiff: Diran Vahn Seropian, Steinger, Iscoe & Greene, P.A., West Palm Beach, FL.

For Wachovia Bank, N.A., Defendant: Dori Katrine Stibolt, Amy S. Rubin, Fox Rothschild LLP, West Palm Beach, FL.

**Judges:** KENNETH A. MARRA, United States District Judge.

**Opinion by:** KENNETH A. MARRA

2010 U.S. Dist. LEXIS 144314, *1

## Opinion

## <u>OPINION AND ORDER</u>

**THIS CAUSE** is before the Court upon Plaintiffs' Motion to Amend Complaint to Add Florida Resident Party Defendant, and to Remand to State Court (DE's 9/10), filed April 9, 2010. The Motion is now fully briefed and ripe for review. <u>See</u> DE's 11, 17. The Court has considered the Motion, Response, Reply, the record in this case, and is otherwise fully advised in the premises.

On February 8, 2010, Plaintiffs filed suit in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida against Defendant Wachovia Bank, N.A. ("Wachovia" or "Defendant"). <u>See</u> DE 1. This matter involves certain family members: (1) Elizabeth "Betty" H. Bleyer; (2) Mrs. Bleyer's daughter Joan Elizabeth Bleyer Caruso; (3) Mrs. Bleyer's granddaughter Nicole Seropian; (4) Mrs. Bleyer's great-granddaughter Katherine Elizabeth Seropian; and (4) Mrs. Bleyer's great-granddaughter Sarah Lucine Seropian.  [*2] <u>See</u> Compl. ¶ 5, 6. Mrs. Bleyer died on September 19, 2009. <u>See</u> Compl. ¶ 5.

Plaintiffs' allege that, during her life, Mrs. Bleyer owned multiple certificates of deposit ("CDs") held at Wachovia, which had a total value in excess of $100,000.00. <u>See</u> Compl. ¶ 7, 8, 11. Plaintiffs further claim that certain of these CDs, titled in the name of Elizabeth "Betty" H. Bleyer, were to be paid on her death ("POD") to each Plaintiff, Nicole Seropian, Katherine Elizabeth Seropian, and Sarah Lucine Seropian. <u>See</u> Compl. ¶ 7. It was the intention of Elizabeth "Betty" H. Bleyer to create a vested interest in the named recipient of each CD upon her death. <u>See</u> Compl. ¶ 8.

Allegedly, on or about December 5, 2008, or prior thereto without Mrs. Bleyer's permission, direction or instruction, and contrary to her intention, Defendant Wachovia, acting alone or in concert with others, "re-titled, converted, liquidated, released and/or transferred" the CDs to the benefit of others, including but not limited to Mrs. Bleyer's daughter, Ms. Caruso, in violation of Wachovia's fiduciary obligations to Mrs. Bleyer and the designated and intended beneficiaries of the payable upon death CD's, Plaintiffs. <u>See</u> Compl. ¶ 10.  [*3] Plaintiffs allege that Wachovia improperly re-titled and ultimately liquidated those assets at the urging of Ms. Caruso through the use of one or more written documents not properly authenticated, or authorized to be used to re-title and/or liquidate the CD's; nor did Wachovia receive any proper authorization or instruction evidencing Mrs. Bleyer's intention to alter her previously existing and stated, longstanding testamentary intent to provide for Plaintiffs upon her death. <u>See</u> Comp. ¶ 12.

Further, Plaintiffs allege that, upon her release from a nursing home in May 2009, in full possession of her mental faculties, Mrs. Bleyer contacted Defendant and demanded return of all her monies improperly liquidated, converted, and/or retitled to the benefit of others, including Ms. Caruso. See Comp. ¶ 13. Wachovia, by and through its employees, wrongfully and intentionally refused to return the monies rightfully owned and designated for Plaintiffs by way of the CD's, which thereby wrongfully depriving Mrs. Bleyer of her ownership interest in her own money and her own CD's, and wrongfully depriving the intended beneficiaries, Plaintiffs, of their entitlement to the proceeds of the CD's, payable [*4] upon Mrs. Bleyer's death. See Comp. ¶ 14.

Mrs. Bleyer made no modification of her estate plan to eliminate the long standing provisions which she had made for Plaintiffs, nor did she authorize the re-titling, conversion and liquidation of her assets/accounts, which resulted in the destruction of her testamentary intentions. See Comp. ¶ 17. Release, or transfer, and/or retitling of those monies to Ms. Caruso was contrary to Florida law and constituted a breach of Wachovia's fiduciary duty then owed to Mrs. Bleyer, and also owed to Plaintiffs. See Comp. ¶ 18. Wachovia directly violated *Florida Statute §§ 655.78*, *655.79*, and *709.08*, amongst others, in re-titling, converting and liquidating said CD's, and facilitating their conversion to the benefit and use of another, contrary to Mrs. Bleyer's testamentary intent, and without her permission or authorization, in violation of Wachovia's fiduciary obligation to protect, hold inviolate, and facilitate that intent, and its corresponding duty to Plaintiffs. See Comp. ¶ 19.

Plaintiff's Complaint against Wachovia alleges causes of action for civil theft, conversion, breach of fiduciary duty, and negligence. See DE 1. Wachovia removed the case [*5] to this Court pursuant to *28 U.S.C. § 1441*. Id. Plaintiffs now seek to amend their complaint to include allegations against an additional tortfeasor, presently a non-party, who is an employee, branch manager and/or officer of Wachovia, Janiene Colton ("Colton"). See DE 10 at ¶ 2. Plaintiffs claim that Colton is a resident of Brevard County, Florida. Id. at ¶ 3. Plaintiffs seek to amend their complaint to assert direct causes of action against the employee, Colton, for her own responsibility and as agent of Defendant, Wachovia, acting in the course and scope of her employment, so that all tortfeasors who are responsible parties for Plaintiffs' injuries can be sued in the same proceeding. Plaintiffs seek to bring causes of action for civil theft, conversion, breach of fiduciary duty, and negligence against Colton.

Wachovia argues in its response in opposition to the motion to amend that the motion should be denied based on examination of the equities: the motivation for adding a non-diverse defendant is clearly to defeat federal jurisdiction; denying the motion will not cause prejudice to Plaintiff; the timing of the amendment is highly suspect; and Wachovia's interest in the current [*6] forum should be given appropriate weight.

Pursuant to *28 U.S.C. § 1447(e)*, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State Court." *28 U.S.C. § 1447(e)*. A district court faced with the issue of whether to permit or deny the joinder of a non-diverse party has two options: (1) deny joinder or (2) permit joinder and remand the case to state court. *Ingram v. CSX Transportation, Inc., 146 F.3d 858, 862 (11th Cir. 1998)*. The decision is committed to the sound discretion of the district court. *Mayes v. Rapoport, 198 F.3d 457, 462 (4th Cir. 1999)*; *Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987)*. Because the court's decision will determine the continuance of jurisdiction, the addition of a non-diverse party should not be permitted without consideration of the original defendant's interest in the choice of the federal forum. *Hensgens, 833 F.2d at 1182*. Hence, the district court should scrutinize a motion to amend to join a non-diverse party more closely than a motion to amend under *Rule 15 of the Federal Rules of Civil Procedure*.  [*7] Id; see *Kleopa v. Prudential Inv. Management, Inc., 2009 U.S. Dist. LEXIS 64887, 2009 WL 2242606 (S.D. Fla. 2009)*.

In deciding whether to permit or deny joinder of a non-diverse defendant post-removal, the district court must balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits. Id. In applying this balancing test, the district court should consider (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether plaintiff has been dilatory in asking for amendment, (3) whether plaintiff will be significantly injured if amendment is not allowed, and (4) any other factors bearing on the equities. *Hensgens, 833 F.2d at 1182*; *Mayes, 198 F.3d at 462*; *Duckworth v. State Farm Mutual Auto. Ins. Co., No. 6:07-cv-2014-Orl-22DAB, 2008 U.S. Dist. LEXIS 12610, 2008 WL 495380, at * 1 (M.D. Fla. Feb. 20, 2008)*; *Portis v. Wal-Mart Stores, Inc., No. 07-0557-WS-C, 2007 U.S. Dist. LEXIS 77939, 2007 WL 33086011, at * 3 (S.D. Ala. Oct. 19, 2007)*; *Jones v. Rent-A-Center East, Inc., 356 F. Supp. 2d 1273, 1275 (M.D. Ala. 2005)*. [1] The district court should balance the equities and decide whether the amendment should be permitted. *Hensgens, 833 F.2d at 1182*; *Mayes, 198 F.3d at 462*.

Plaintiffs are relying upon the wrong standard in asserting their right to amend in this case. Plaintiffs are relying upon the standard used in determining whether a defendant **initially** named in the complaint is fraudulently joined. [2] That standard involves an evaluation of whether a valid cause of action can be stated against the defendant allegedly joined fraudulently. Id.; *Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997)*. The standard for

---

[1] Although  [*8] Hensgens was decided before the enactment of *§ 1447(e)*, the factors outlined therein continue to guide district courts in deciding whether to permit or deny joinder in removal cases.

[2] When a party seeks to remove a case from state court on the basis  [*9] of fraudulent joinder, "[i]f there is even a possibility that a state court would find that plaintiff has stated a cause of action, the federal court must find that joinder was proper and remand the case to state court." *Montgomery & Larmoyeux v. Philip Morris, Inc., 992 F.Supp. 1372, 1374 (S.D. Fla. 1998)*.

evaluating whether to allow the **addition** of a non-diverse defendant under *§ 1447(e)* is different. *Smith v. White Consol. Industries, Inc., 229 F. Supp. 2d 1275, 1281 (N.D. Ala. 2002)*. A district court, when faced with an amended pleading adding a non-diverse defendant in a case removed based on diversity jurisdiction, "should scrutinize that amendment more closely than an ordinary amendment" and should deny leave to amend unless strong equities support the amendment. *Id. at 1281* (citations omitted).

The Court notes that, "[i]n balancing the equities, the parties do not start out on an equal footing." *Sexton v. G & K Services, Inc., 51 F. Supp. 2d 1311, 1313 (M.D. Ala. 1999)*. This is because of the diverse defendant's right to choose between a state or federal forum. *Bevels v. American States Ins. Co., 100 F. Supp. 2d 1309, 1313 (M.D. Ala. 2000)*. Giving diverse defendants the option of choosing the federal forum is the very purpose of the removal statutes. Id. (citing *Hensgens, 833 F.2d. at 1181*). Just as plaintiffs have the right to choose to sue in state court when complete diversity does not exist, non-resident defendants have the right to remove to and litigate in federal court when diversity of citizenship does exist. Id.

In determining whether the purpose of attempting to add a non-diverse defendant post-removal has been to destroy federal jurisdiction, courts often look to  [*10] see whether the plaintiff was aware or should have been aware of the non-diverse defendant at the time the suit was filed. See, e.g., *Smith, 229 F. Supp. 2d at 1280*; *Bevels, 100 F. Supp. 2d at 1313 (M.D. Ala. 2000)*; *Sexton v. G & K Servs., Inc., 51 F. Supp. 2d 1311, 1313 (M.D. Ala. 1999)*. In this case, it is undisputed that Plaintiffs were well aware of Colton's existence as a potential defendant prior to their filing suit in state court on February 8, 2010. Plaintiffs admit that they "knew of Janiene Colton from the outset" (DE 10 at 6). In fact, Plaintiffs sent a demand letter on October 22, 2009 (over three months before filing suit) to Colton, accusing her of releasing monies to Ms. Caruso, contrary to Florida law, and breaching her purported fiduciary duty to Mrs. Bleyer and Plaintiffs. (See Exh. A. to Plaintiffs' proposed amended complaint). The allegations against Colton all relate to alleged incidents which occurred prior to Plaintiffs filing suit against Wachovia.

Plaintiffs claim that they knew of Colton "from the outset" but that they "were not motivated to add Janiene Colton for the purpose of defeating jurisdiction, but [to] avoid any anomalous result if Wachovia Bank,  [*11] N.A. claims Janiene Colton acted outside her duties as a bank officer and branch manager in converting the monies and breaching her duties." (DE 10 at 6). The Court agrees with Wachovia that Plaintiffs have provided no reasonable explanation as to why they did not originally name her as a party, i.e., why they now believe that Colton may have been acting outside her duties as a Wachovia employee, whereas they did not have that belief in February of 2010 when they filed suit against Wachovia. The Court fails to see how Wachovia's "stonewalling in the production of any documents whatsoever" leads Plaintiffs to that conclusion regarding Colton. (DE 17 at 5). Significantly, Plaintiffs allege no independent cause of action or count directed to Colton, but rather, simply add her to each of the counts

against Wachovia. Based on the foregoing, the Court determines that Plaintiffs were motivated to add Colton for the purpose of defeating jurisdiction.

Turning to the second factor, the record clearly shows that Plaintiff acted in a dilatory fashion in adding Colton as a party defendant. While the motion to amend was filed close in time to removal (approximately 23 days after removal), there was [*12] no valid reason for waiting to add Colton as a defendant. Indeed, despite knowledge of both Colton's identity and her purported role in the underlying facts since at least October 2009, Plaintiffs did not seek to include her as a defendant until after removal. Where there is no apparent reason for waiting to add a defendant until after the case was removed, Plaintiffs are dilatory in naming that defendant. *Bevels, 100 F. Supp. 2d at 1313*; see also *In re Norplant Contraceptive Products Liability Litigation, 898 F.Supp. 429 (E.D. Tex.1995)* (denying motion to amend where plaintiff sought to add a non-diverse defendant only after the case was removed even though the plaintiff knew the identity of the defendant at an earlier time). Lastly, the Court notes that where, as here, the motion to amend and motion to remand are simultaneous and even embodied in the same filing before the court, it suggests that the amendment was designed to defeat jurisdiction. See, e.g., *Mehta v. New York Life Ins. Co., 2009 U.S. Dist. LEXIS 129065, 2009 WL 2252270 (M.D. Fla. 2009)*.

With respect to the third factor, the Court finds that Plaintiffs will not be significantly prejudiced if this amendment is not allowed. There has been no showing [*13] by Plaintiffs that they will not be able to obtain full relief on their claims in this court without the presence of Colton as a defendant. Plaintiffs can obtain a judgment against Wachovia without the presence of Colton, discovery will allow Plaintiffs access to the same information with or without Colton in the case, there has been no suggestion that Wachovia would be unable to satisfy a judgment, and Plaintiffs are free to sue Colton in state court should they wish to do so. See *Bevels, 100 F. Supp. 2d at 1313-14*; *Sexton, 51 F.Supp.2d at 1314*.

The Court notes that parallel lawsuits may cause Plaintiffs to bear additional costs and time and does not serve the purpose of judicial economy. See *Godwin v. National Union Fire Ins. Co. of Pittsburgh, Inc., No. 2:05CV783-SRW (WO), 2006 U.S. Dist. LEXIS 90907, 2006 WL 3924795, at * 3 (M.D. Ala. 2006)* (noting "the danger of parallel federal/state proceedings with the inherent dangers of inconsistent results and the waste of judicial resources"). Nonetheless, the Court concludes that the balance of the equities weighs against allowing the amendment.

Applying the Hensgens factors relevant to a court's exercise of discretion under *28 U.S.C. § 1447(e)*, the court finds that the [*14] factors militate against allowing Plaintiffs to amend their Complaint to destroy complete diversity. Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Motion to Amend Complaint to Add Florida Resident Party Defendant, and to Remand to State Court (DE's 9 and10) is **DENIED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 16th day of July, 2010.

/s/ Kenneth A. Marra

KENNETH A. MARRA

United States District Judge

---

**End of Document**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

DAVID JOSEPH CERNANCE,

      Plaintiff,

   vs.

CARMAX AUTO SUPERSTORES,
INC.,

      Defendant.

CIVIL ACTION FILE
NO.: 2:25-cv-00387-SCJ

(Removed from the Superior Court
of Pickens County, Georgia, Civil
Action File No. 2025SUCV0721)

## CERTIFICATE OF SERVICE AND TYPE SIZE COMPLIANCE

This is to certify that on this date, I electronically filed the foregoing

*Defendant CarMax Auto Superstores, Inc.'s Response Memorandum in Opposition*

*to Plaintiff's Motion for Leave to Amend Complaint and Motion to Remand* with

the Clerk of Court using the CM/ECF system, which will automatically send

notification of such filing, as well as sent a copy via statutory electronic service

and via first class mail in a properly addressed envelope with adequate postage

thereon to the following:

David Joseph Carnance
616 Hickory Cove Road
Jasper, Georgia 30143
davidcernance@gmail.com

Pursuant to Local Rule 5.1, NDGa., the foregoing memorandum is prepared

in Times New Roman, 14 point.

This 23rd day of December, 2025.

/s/ Sean E. Boyd
Sean E. Boyd
Georgia Bar No. 302874

MOZLEY, FINLAYSON & LOGGINS LLP
1050 Crown Pointe Parkway, Suite 1500
Atlanta, Georgia 30338-7704
(404) 256-0700 (telephone)
(404) 250-9355 (facsimile)
sboyd@mfllaw.com