IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Gainesville

JAN - 5 2026

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

DAVID JOSEPH CERNANCE,

    Plaintiff,

vs.

CARMAX AUTO SUPERSTORES, INC.,

    Defendant.

CIVIL ACTION FILE

NO.:  2:25-CV-00387-SCJ

## PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO AMEND AND MOTION TO REMAND

COMES NOW Plaintiff David Joseph Cernance and files this Reply Brief in further support of his Motion for Leave to Amend Complaint and Motion to Remand, showing the Court as follows:

CarMax's opposition rests on the incorrect premise that Plaintiff's fraud claim against Mr. Rouse depends solely on presale involvement. Plaintiff's fraud theory is based on both presale nondisclosure by CarMax and postsale fraudulent concealment and inducement by Mr. Rouse. After Plaintiff discovered rust, he returned to the Roswell CarMax location within the 10-day return period. At that time, Mr. Rouse personally reinspected the vehicle, informed Plaintiff that the rust was "cosmetic," stated that the truck had "passed," and represented that there was

"nothing to worry about." Plaintiff relied on these statements and did not return the vehicle. These statements were false, and CarMax later acknowledged the severity of the rust by authorizing a repair payment that the warranty would not cover.

Although CarMax corporate responded to the BBB, the substance of that response came directly from the Roswell store and from Mr. Rouse's reinspection and diagnosis. Corporate does not inspect vehicles; it merely relays information provided by the store. The BBB response states that the vehicle was reinspected on May 21, 2024, that the rust was cosmetic, and that the truck passed. These statements could only have come from Mr. Rouse, who handled Plaintiff's case at the Roswell location. This corroborates Plaintiff's allegations that Mr. Rouse was directly involved in the postsale concealment that prevented Plaintiff from returning the truck within the return window.

Mr. Rouse's declaration is narrowly drafted and omits his actual involvement. While he states he did not speak to Plaintiff before the sale, he does not deny reinspecting the vehicle, diagnosing the rust as cosmetic, communicating with Plaintiff during the return window, or providing the information that CarMax corporate repeated to the BBB. He also does not deny authorizing the later repair payment. These omissions are material and confirm that Plaintiff's claim against Mr. Rouse is viable and supported by documented evidence.

Even taking Mr. Rouse's declaration at face value, each statement is framed around a narrow presale window that has nothing to do with the conduct at issue.

While he emphasizes that he did not speak with Plaintiff before the sale, he omits that his involvement occurred immediately after the sale, during the reinspection and return-window communications. By limiting his declaration to what did not happen before the sale, he avoids acknowledging the postsale statements and actions that did occur. In this way, the declaration presents half-truths: technically accurate in isolation, but materially misleading because they exclude the very conduct that forms the basis of Plaintiff's fraud claim.

Plaintiff further notes that he moved to add Mr. Rouse as soon as he was able to identify him by name. Plaintiff initially filed using the name "Tony Rouse" because that was the only name Mr. Rouse provided during the postsale interactions. Mr. Rouse refused to provide his business card or his full legal name, and Plaintiff had no way to know that his correct legal name was "Letony Rouse, II" until CarMax filed his declaration in this Court. The record reflects this discrepancy. Plaintiff acted promptly based on the information available to him, and this fact defeats CarMax's argument that Plaintiff was dilatory or that the amendment is intended to defeat jurisdiction.

Plaintiff will be prejudiced if joinder is denied. The claims against CarMax and Mr. Rouse arise from the same events, the same misrepresentations, and the same concealment. Forcing Plaintiff to file a separate state-court action would create duplicative litigation, inconsistent rulings, and unnecessary expense. Complete relief cannot be obtained without the inclusion of the individual who

personally made the postsale misrepresentations that caused Plaintiff's damages.

Under 28 U.S.C. § 1447(e), the Court must consider the purpose of the amendment, the timeliness of the request, the potential prejudice to Plaintiff, and the equities. All four factors favor joinder. Plaintiff's claim against Mr. Rouse is legitimate, timely, and supported by evidence. Plaintiff acted promptly. Plaintiff will be prejudiced without joinder. The equities favor resolving all related claims in a single action. Because joinder destroys diversity, remand is required.

WHEREFORE, Plaintiff respectfully requests that this Court grant leave to amend the complaint to add Mr. Rouse as a defendant and remand this action to the Superior Court of Pickens County, Georgia pursuant to 28 U.S.C. § 1447(e).

Respectfully submitted,
This 5 day of January, 2026.

DAVID JOSEPH CERNANCE
Pro Se Plaintiff
616 Hickory Cove Rd
Jasper, GA 30143