# EXHIBIT A

# DECLARATION OF
# DAVID JOSEPH CERNANCE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

DAVID JOSEPH CERNANCE,

    Plaintiff,

vs.

CARMAX AUTO SUPERSTORES, INC.,

    Defendant.

CIVIL ACTION FILE

NO.: 2:25-CV-00387-SCJ

## DECLARATION OF DAVID JOSEPH CERNANCE

I, David Joseph Cernance, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

**1. Response to Paragraph 1:**

I am over twenty-one years of age and competent to testify to the matters stated herein.

**2. Response to Paragraph 2:**

I understand that Mr. Rouse is employed by CarMax as an Operations Manager. My interactions with him occurred in that capacity.

**3. Response to Paragraph 3:**

To the best of my knowledge, Mr. Rouse continues to work at the Roswell

CarMax location in the same capacity.

**4. Response to Paragraph 4:**

My statements are based on my personal knowledge of the events that occurred at the Roswell CarMax location, including my direct interactions with Mr. Rouse.

**5. Response to Paragraph 5:**

I understand that Mr. Rouse submitted his declaration in opposition to my motion for leave to amend and motion to remand.

**6. Response to Paragraph 6:**

I agree that Mr. Rouse was not involved in the presale process. My fraud claim against him is based solely on his postsale conduct.

**7. Response to Paragraph 7:**

I did not speak with Mr. Rouse before the sale. My interactions with him occurred after the sale, during the return-window reinspection.

**8. Response to Paragraph 8:**

I purchased the 2018 RAM 2500 from CarMax on May 16, 2024.

**9. Response to Paragraph 9:**

I agree that Mr. Rouse was not involved in the presale transaction. My claim concerns his postsale reinspection and statements.

**10. Response to Paragraph 10:**

I did not have any communication with Mr. Rouse before completing the

purchase transaction. After the purchase, when I noticed issues with the truck, Mr. Rouse was assigned as the point of contact to assist me. He conducted a postsale walk-around inspection and offered to have the issues repaired. I also had additional postsale interactions with him during the return-window period regarding the condition of the vehicle.

### 11. Response to Paragraph 11:

During the postsale reinspection, Mr. Rouse told me that the rust was "cosmetic," that the truck had "passed," and that there was "nothing to worry about." He also told me that the vehicle was not returnable. I relied on these statements and did not return the vehicle.

### 12. Response to Paragraph 12:

During the postsale reinspection, Mr. Rouse did provide information to me about the condition of the vehicle. His statements were the basis for the information later repeated in the BBB response.

### 13. Response to Paragraph 13:

My first interaction with Mr. Rouse occurred after the sale, during the return-window reinspection. This interaction forms the basis of my fraud claim.

### 14. Response to Paragraph 14:

I understand that Mr. Rouse is not personally a party to the sales contract. My claim against him is based on his postsale misrepresentations and concealment.

### 15. Response to Paragraph 15:

I understand that Mr. Rouse is a citizen and resident of Georgia. I did not know his full legal name until CarMax filed his declaration. During our interaction, he identified himself only as "Tony Rouse" and did not provide a business card or full name.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 5th day of January, 2026.

_____
DAVID JOSEPH CERNANCE