IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

DAVID JOSEPH CERNANCE,

Plaintiff,

vs.

CARMAX AUTO SUPERSTORES, INC.,

Defendant.

CIVIL ACTION FILE

NO.: 2:25-CV-00387-SCJ

## PLAINTIFF'S MOTION TO COMPEL DEPOSITION DATE AND DOCUMENT PRODUCTION

### INTRODUCTION

Plaintiff David Joseph Cernance respectfully moves the Court pursuant to Federal Rule of Civil Procedure 37(a) for an order compelling Defendant CarMax Auto Superstores, Inc. to provide a deposition date for the noticed deposition and to provide a complete list of documents responsive to Plaintiff's January 20, 2026 correspondence. Plaintiff further requests that Defendant be required to produce those documents no later than seven days before the scheduled deposition. Plaintiff has made repeated good-faith efforts to obtain this information, but Defendant has not responded, and Court intervention is now necessary.

### BACKGROUND

Plaintiff served a Notice of Deposition on January 17, 2026. On January 20, 2026, Plaintiff emailed Defendant's counsel requesting confirmation of the deposition date and requesting a list identifying each document, record, or item that Defendant intended to produce. Plaintiff did not request immediate production of the documents. Plaintiff sought only the list so that the scope of production could be confirmed, with the documents themselves to follow no later than seven days before the deposition.

Plaintiff followed up again on January 23, 2026, repeating the request for the deposition date and the document-identification list. On January 26, 2026, Plaintiff sent a final good-faith request seeking the same information. Defendant did not respond to any of these communications.

## RELEVANCE OF THE REQUESTED DISCOVERY

The requested discovery is central to the claims and defenses in this action. Plaintiff requested documents that should exist in the ordinary course of Defendant's business, including records identifying the individual who inspected the vehicle at issue, that individual's training, certifications, job duties, and authorization to perform the inspection, as well as documentation supporting the inspection and reinspection.

Defendant's Initial Disclosures did not identify the inspector or any individual with knowledge of the post-sale inspection or reinspection. Defendant disclosed two presale representatives and one operational witness. The operational

witness acknowledges post-sale interaction with Plaintiff but expressly denies presale involvement and provides no information regarding the inspection, the reinspection, or the statements made to Plaintiff during the return period. Defendant did not disclose this individual as a person with post-sale knowledge and did not identify him as the inspector or as the individual responsible for the post-sale inspection.

As a result, the identity of the inspector and the person responsible for the post-sale inspection remains unknown. The requested documents are necessary to determine who performed the inspection, what qualifications that individual possessed, and whether the inspection complied with Defendant's policies.

## <u>NEED FOR COURT INTERVENTION</u>

Without the requested materials, Plaintiff cannot prepare for the deposition or evaluate Defendant's defenses. Defendant's silence leaves Plaintiff unable to identify the proper witness, unable to confirm the basis for Defendant's representations, and unable to conduct discovery in an orderly manner. Federal Rule of Civil Procedure 37(a) authorizes a party to move for an order compelling discovery when the opposing party fails to respond. Rules 26 and 30 require cooperation in scheduling depositions and participation in discovery in good faith. Defendant's failure to provide a deposition date or confirm the list and production timeline for basic, relevant documents obstructs the progression of this litigation. Plaintiff has exhausted all reasonable efforts to resolve this matter without Court

involvement.

## RELIEF REQUESTED

Plaintiff respectfully requests that the Court order Defendant to provide a deposition date within seven days of the Court's order, to provide a complete list identifying each document responsive to Plaintiff's January 20, 2026 correspondence within the same seven-day period, and to produce the actual documents no later than seven days before the scheduled deposition date. Plaintiff further requests that Defendant be required to state in writing if any requested document does not exist, and requests any additional relief the Court deems appropriate under Rule 37.

## CERTIFICATION OF GOOD-FAITH EFFORT

Pursuant to Rule 37(a)(1), Plaintiff certifies that he attempted in good faith to obtain the deposition date and document information without Court action. Plaintiff requested this information on January 20, 2026, followed up on January 23, 2026, and sent a final good-faith request on January 26, 2026. Defendant did not respond.

Respectfully submitted,
This 27th day of January, 2026.

DAVID JOSEPH CERNANCE
Pro Se Plaintiff
616 Hickory Cove Rd
Jasper, GA 30143