IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

|  |  |
|---|---|
| DAVID J. CERNANCE,<br><br>Plaintiff,<br><br>vs.<br><br>CARMAX AUTO SUPERSTORES, INC.,<br><br>Defendant. | CIVIL ACTION FILE<br>NO.:  2:25-CV-00387-SCJ |

## DEFENDANT CARMAX AUTO SUPERSTORES, INC'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEPOSITION DATE AND DOCUMENT PRODUCTION

Defendant CARMAX AUTO SUPERSTORES, INC. ("CarMax") hereby files its memorandum of law in opposition to the pro se plaintiff's premature and baseless Motion to Compel Deposition Date and Document Production (hereinafter "Motion to Compel").  As explained herein, the Motion to Compel is procedurally improper since the plaintiff failed to follow this Court's instructions to request a status conference before filing the motion.  Furthermore, the Motion to Compel also is baseless because CarMax does not have an obligation to produce a non-party for a deposition or to respond to a demand for documents that the plaintiff has not been properly served.

For these reasons, the Court should deny the Motion to Compel and schedule a hearing to determine the reasonable fees that it should award to CarMax for having to respond to the Motion to Compel.

## A.   __Background__

This case arose after plaintiff's 2018 RAM 2500 (hereinafter "subject vehicle") allegedly experienced mechanical failure due to a rusted fan clutch. Plaintiff previously purchased the subject vehicle from CarMax in May 2024.  In his lawsuit, which he originally filed in the Superior Court of Pickens County, Georgia (hereinafter "Superior Court") and named only CarMax as a defendant, plaintiff set forth claims against CarMax sounding in fraudulent misrepresentation, breach of contract, and violation of Georgia Fair Business Practices Act.  He seeks special, treble, and punitive damages.

On December 5, 2025, CarMax removed this case from the Superior Court to this Court based on diversity of citizenship jurisdiction.[1]  On December 11, 2025, CarMax timely filed its answers to plaintiff's complaint and first amended complaint.  Consequently, discovery commenced in this action thirty (30) days later, or on January 10, 2026 (which was a Saturday).  LR26.2(A), NDGa.

---

[1] Plaintiff subsequently filed a Motion for Leave to Amended Complaint and Motion to Remand to which CarMax filed a Response Memorandum in Opposition.  Those motions remain pending before the Court.

On Saturday, January 17, 2026, without any notice to CarMax or the undersigned counsel, plaintiff issued notices of deposition for (1) a non-party "May 21 Inspector," (2) non-party Letony Rouse, and (3) a CarMax corporate representative pursuant to Rule 36 of the Federal Rules of Civil Procedure.  (Exs. 1-4, Jan. 17, 2026 email and Deposition Notices.)  These notices are defective in that they did not include a date, time, or location, but instead stated that "[t]he deposition[s] will be taken on a mutually agreeable date and time, at a location to be agreed upon by the parties, or by remote means."  (Exs. 2-4, Deposition Notices.)

On Monday, January 19, 2026, the undersigned counsel emailed plaintiff to inform him that he was "in receipt of the notices of deposition, which mention that the depositions will be scheduled for a mutually agreeable time and place."  (Ex. 5, Jan. 19, 2025 email.)  The undersigned counsel advised plaintiff that scheduling of depositions could be discussed as the parties conducted discovery.  (*Id.*)

In response, on Tuesday, January 20, 2026, plaintiff emailed the undersigned counsel acknowledging his prior e-mail but insisted that the non-party "Inspector deposition" should "occur within the next 30-45 days" and that three dates be provided.  (Ex. 6, Jan. 20, 2025 email).  Along with requesting deposition dates for an unidentified, non-party, plaintiff also demanded (in his email) the production of "**Requested Documents for [the] Inspector Deposition**," and thereafter forth a

list of documents that he sought be provided to him "**no later than seven days before the Inspector's deposition**." (*Id.*) (emphasis in original).

On Wednesday, January 22, 2026, plaintiff sent another email to the undersigned counsel in which he advised that as the parties worked their way through discovery, they could "discuss the scheduling of the 30(b)(6) deposition as well as the topics," which topics the pro-se plaintiff agreed to provide "at the appropriate time" in advance of the deposition. (Ex. 7, Jan. 22, 2026 email). On Thursday, January 23, 2026, plaintiff sent another email to the undersigned counsel in which he demanded that the undersigned counsel provide him with deposition dates for the unidentified, non-party "Inspector," provide him with an address for that non-party deposition, and inform him of the "status of each item in [his] January 20 document request," including the items that would be produced, did not exist, and were being withheld along with the basis for withholding. (Ex. 8, Jan. 8, 2026 email).

Contrary to the plaintiff's representation to this Court, on Monday, January 26, 2026, at 10:37 am, the undersigned counsel responded to the plaintiff's earlier email correspondences to inform him that he was "in receipt of [his] prior emails." (Ex. 9, Jan. 26, 2026 email (1)). The undersigned counsel further informed plaintiff that CarMax was "in the process of trying to identify the person [that he had] identified as the 'May 21 Inspector," and that he would contact plaintiff about

matters related to scheduling once that person had been identified. (*Id.*) The undersigned counsel further informed plaintiff that CarMax would comply with its obligations under the Federal Rules of Civil Procedure with respect to his document production request . (*Id.*)

Later that day, plaintiff contacted the undersigned counsel to reengage about the matters mentioned in his emails on January 20nd and January 23rd at which time plaintiff seemed to acknowledge the undersigned counsel's email of the same day but disregarded it nonetheless. (Ex. 10, Jan. 26, 2026 email (2)). Therefore, the undersigned responded by resending his earlier email from the same day. (Ex. 11, Jan. 26, 2026 email (3)).

**B.     Motion to Compel**

On Tuesday, January 27, 2026, although the undersigned counsel had repeatedly made clear to plaintiff that CarMax is willing to work with him to schedule depositions in this case for a mutually agreeable time and place – as mentioned in his deposition notices – plaintiff filed the subject Motion to Compel pursuant to Rule 37 of the Federal Rules of Civil Procedure. Prior to filing the motion to compel, upon information and belief, plaintiff did not contact the Courtroom Deputy Clerk (Pamela Wright) about the purported "discovery dispute."

Therein, the plaintiff seeks an order compelling CarMax "to provide a deposition date for the noticed deposition" (**but without specifying to which deponent the order should be directed**) as well as "to provide a complete list of documents responsive to Plaintiff's January 20, 2026 correspondence" and to produce those documents "no later than seven days before the scheduled deposition," (Doc. 16, p. 1)

### C. Argument and Citation to Legal Authority

#### a. The Motion to Compel Should be Denied Because the Plaintiff Failed to Comply with the Court's Instructions before Filing It.

First, the Court should deny the Motion to Compel because plaintiff did not comply with this Court's instructions prior to filing the Motion to Compel.

In relevant part, this Court has instructed parties:

> Prior to filing a motion to compel discovery . . . and only after conferring with opposing counsel in a good faith effort to resolve the discovery dispute by agreement, **an attorney (or *pro se* litigant) must contact [Courtroom Deputy Clerk Pamela] Wright and notify her that there is a discovery dispute.** Ms. Wright will then schedule a conference call or videoconference in which the Court will attempt to resolve the matter, without the necessity of a formal motion.

*Instructions for Cases Assigned to the Honorable Steve C. Jones*, p. 7.

Although CarMax disagrees that a discovery dispute even exists, plaintiff was required to contact the Court prior to engaging in formal motion practice.[2]

---

[2] In fact, the Instructions explicitly state: "*Pro se* litigants shall govern themselves

Here, upon information and belief, plaintiff did not contact the Deputy Clerk (or anyone else at the Court) about the purported discovery dispute nor did he otherwise seek to schedule a conference call or videoconference to resolve it. Instead, plaintiff simply filed the subject Motion to Compel.

Accordingly, the Motion to Compel should be denied because plaintiff did not follow the Instructions of the Court before filing it.

### b. The Motion to Compel should be Denied because there is Nothing for the Court to Compel.

Second, in support of the Motion to Compel, plaintiff references Rule 37 of the Federal Rules of Civil Procedure, but he fails to identify the subsection(s) upon which he relies to support his position that a motion to compel is warranted in this case. This seems undoubtedly so because the requirements for obtaining a motion to compel pursuant to that rule have not been satisfied.

### i. The Federal Rules of Civil Procedure do not impose an obligation upon a party to provide deposition date(s) for a non-party.

Initially, although the plaintiff seeks a motion to compel "a deposition date for the noticed deposition," he has not identified the deponent for which he seeks to compel a deposition "date." Nonetheless, based on his request to compel the documents referenced in his January 20, 2026 email, plaintiff appears to be seeking an order to compel CarMax to provide a deposition date for the non-party "May 21 in accordance with these instructions."

Inspector." Thus, plaintiff effectively seeks to compel CarMax to produce an unnamed non-party for a deposition.[3]

Rule 30 permits a party to depose any person. Fed. R. Civ. P. 30(a). With respect to non-party deponents, Rule 30 provides that their attendance "may be compelled by subpoena under Rule 45." *Id.* In circumstances in which a deposition notice "names as the deponent a public or private corporation and describe[s] with reasonable particularity the matters for examination," then the "organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf." Fed. R. Civ. P. 30(b)(6).

However, "Rule 30 . . . does not require a party to litigation to produce persons for deposition who are merely alleged to be in the party's control." *Ethypharm SA France v. Abbott Labs.*, 271 F.R.D. 82, 90 (D. Del. 2010); *accord Galvan Arias v. Warner Bros.*, No. 24-cv-25021-ALTMAN-LETT, 2025 U.S. Dist. LEXIS 270825, at *2 (S.D. Fla. Dec. 15, 2025) (denying pro-se plaintiffs' motion to compel depositions of four (4) non-parties who were not party defendants or officers, directors, managing agents of defendant); *see In re Benicar (Olmesartan) Prods. Liab. Litig.*, No. 15-2606 (RBK/JS), 2016 U.S. Dist. LEXIS 137839, at

---

[3] Notably, plaintiff has not cited to any case law or other legal authority to support his contention that a party can be compelled to produce a non-party for a deposition.

*208 (D.N.J. Oct. 4, 2016) (recognizing that "a corporation is only required to produce an officer, director, or managing agent for deposition" pursuant to Rule 30); *Livesay v. Nat'l Credit Sys.*, No. 4:22-CV-19-TLS-JEM, 2022 U.S. Dist. LEXIS 219418, at *9 (N.D. Ind. Dec. 5, 2022) (same).

In relevant part, Rule 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production or inspection" in the circumstances in which "a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4)." Fed. R. Civ. P. 37(a)(3)(B)(ii). Relatedly, a Court may enter sanctions if "a party or a party's officer, director, or managing agent – or a person designated under Rule 30(b)(6) or 31(a)(4) – fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i).

Turning to the present case, plaintiff is not seeking to compel CarMax to make a designation pursuant to Rule 30(b)(6) or Rule 31(a)(4), or to produce an officer, director, or managing agent. Nor is plaintiff seeking sanctions due to the failure of CarMax (or its officer, director, managing agent, or designated representative) to appear for a deposition. Rather, plaintiff seeks to compel CarMax to provide a deposition date for some unnamed non-party "Inspector."

However, the Federal Rules of Civil Procedure do not impose an obligation or duty upon a party to produce a non-party employee for a deposition. Rather, to

the extent that plaintiff wishes to secure the presence of a non-party, such must be done by way of a subpoena issued pursuant to Rule 45. *Ethypharm SA France*, 271 F.R.D. at 90 (explaining that a 30(b)(6) witness speaks "for the corporation, and this testimony must be distinguished from that a mere corporate employee whose deposition is not considered that of the corporation and whose presence must be obtained by subpoena" (emphasis and internal quotation marks omitted)).

Accordingly, to the extent that plaintiff seeks to compel CarMax to provide a deposition date and, thus, effectively produce the "Inspector" for a deposition, the Motion to Compel should be denied.[4]

### ii. *The Federal Rules of Civil Procedure only require responses to properly served discovery papers.*

In relevant part, Rule 34 requires a party who is properly served with requests for production of documents to respond within thirty (30) days of service of the request. Fed. R. Civ. P. 34(b)(2). Rule 37 provides that a court may impose sanctions where a party fails to respond to requests for production "after proper service" of the discovery requests. Fed. R. Civ. P. 37(d)(3).

Rule 5 of the Federal Rules of Civil Procedure defines "service." In relevant part, that rule recognizes that a "**discovery paper**" must be served upon a party. Fed. R. Civ. P. 5(a)(1)(C) (emphasis added). Where "a party is represented by an

---

[4] As mentioned previously, CarMax remains willing to work with plaintiff to the extent legally required to schedule that deposition once the "Inspector" has been identified.

attorney, service . . . must be made on the attorney unless the court orders service on the party." Fed. R. Civ. P.5(b)(1). "**A paper is served** under this rule by" (i) "handing it to the person," (ii) leaving it "at the person's office," (iii) "mailing it to the person's last known address," (iv) if no known address, "leaving it with the clerk," (v) "sending it by other electronic means that the person consented to in writing," or (vi) "delivering it by any other means that the person consented to in writing." Fed. R. Civ. P. (b)(2) (emphasis added). Accordingly, implicit within the requirement for service is that the discovery request must be in a "paper" format.

Here, with respect to the documents that plaintiff seeks to compel, he did not include those in a "discovery paper." Rather, plaintiff merely mentioned within the body of an email correspondence that he sent to the undersigned counsel that he wanted certain documents before the "Inspector" deposition. Plaintiff has not cited any legal rule or case that has recognized that the inclusion of a request for documents in a basic email correspondence constitutes a "discovery paper," which should come as no surprises given that such verbiage clearly contemplates the service of a physical document. Accordingly, plaintiff has not properly served CarMax with a request for the documents referenced in his January 23, 2026 email correspondence.

-11-

Moreover, not only did plaintiff not properly serve the request for documents, but even if he had, his motion to compel is premature. Specifically, Rule 37 only permits a party to file a motion to compel the production of documents if the responding party does not provide responses within thirty (30) days of proper service. In this case, since the request for documents was made on January 23, 2026, even if plaintiff had properly served the request, which he did not, the earliest that he could file a motion to compel would be thirty (30) days after proper service, or February 22, 2026. Instead, he filed the subject motion on January 27, 2026, a mere four (4) days after he made an email demand for documents.

Accordingly, for these reasons, the Motion to Compel should be denied to the extent that plaintiff seeks to compel CarMax to produce documents listed in his January 23, 2026 email.

### c. CarMax should be awarded its expenses, including attorney's fees, for filing this opposition to plaintiff's Motion to Compel.

Pursuant to Rule 37, if a motion to compel "is denied, the court . . . must, after giving an opportunity to be heard, require the movant . . . to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B).

As discussed above, plaintiff's motion to compel should be denied because he failed to comply with the Court's explicit instructions to request a conference

before filing it and, furthermore, since the motion to compel is without merit given that CarMax does not have an obligation to produce a non-party at a deposition (and, thus, by extension provide a deposition date for such non-party) nor to provide responses to a document demand that was not properly served (nor in which the time to respond, even if properly served, has not passed).  Accordingly, along with denying the Motion to Compel, the Court should provide the plaintiff with an opportunity to be heard and then enter an order that awards CarMax its reasonable expenses.

**D.    Conclusion**

For the reasons set forth above, plaintiff's Motion to Compel should be denied and the Court should schedule a hearing to determine the reasonable expenses that should be awarded to CarMax for having to respond to the Motion to Compel.

This 10th day of February, 2026.

/s/ Sean E. Boyd
John L. McKinley, Jr.
Georgia Bar No. 495513
Sean E. Boyd
Georgia Bar No. 302874

Attorneys for Defendant
CarMax Auto Superstores, Inc.

-13-

-14-

MOZLEY, FINLAYSON & LOGGINS LLP
1050 Crown Pointe Parkway, Suite 1500
Atlanta, Georgia 30338-7704
(404) 256-0700 (telephone)
(404) 250-9355 (facsimile)
jmckinley@mfllaw.com
sboyd@mfllaw.com

# EXHIBIT 1

| | |
|---|---|
| **From:** | David Cernance <davidcernance@gmail.com> |
| **Sent:** | Saturday, January 17, 2026 9:37 AM |
| **To:** | Sean E. Boyd |
| **Cc:** | Maybel Thomas |
| **Subject:** | 3012-0101 Cernance, David v. CarMax Auto Superstores, Inc.: Service of Deposition Notices – Cernance v. CarMax |
| **Attachments:** | 01_May-21_Inspector_Deposition_Notice.pdf; 01_May-21 _Inspector_Deposition_Certificate_of_Service.pdf; 02_Letony-Rouse_Individual_Deposition_Notice.pdf; 02_Letony-Rouse_Deposition_Certificate_of_Service.pdf; 03_CarMax_30b6 _Corporate_Representative_Notice.pdf; 03_CarMax_30b6 _Corporate_Representative_Certificate_of_Service.pdf |

Mr. Boyd,

This email confirms that I have served the following Notices of Deposition by Certified U.S. Mail, Return Receipt Requested. PDF copies are attached for your convenience:

**• Notice of Deposition of the May 21 Inspector • Notice of Deposition of Letony Rouse • Notice of Deposition of CarMax Auto Superstores, Inc. pursuant to Rule 30(b)(6)**

These depositions are noticed in the following order: **(1) the May 21 Inspector, (2) Mr. Rouse, and (3) the Rule 30(b)(6) corporate representative.**

Upon receipt of Defendant's discovery responses, I reserve the right to notice additional depositions if necessary.

Regards,

**David Joseph Cernance**  Pro Se Plaintiff

--
David Cernance M.Div., MMSc
616 Hickory Cove Rd,
Jasper, GA 30143-6859

817.570.7097 Cell

1

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

DAVID JOSEPH CERNANCE,

    Plaintiff,

    vs.

CARMAX AUTO SUPERSTORES, INC.,
and

    Defendant.

CIVIL ACTION FILE

NO.:  2:25-CV-00387-SCJ

## **NOTICE OF DEPOSITION OF MAY 21 INSPECTOR**

Plaintiff hereby gives notice that he will take the deposition of the individual employed by CarMax Auto Superstores, Inc. who performed, participated in, supervised, or otherwise took responsibility for the alleged inspection of the 2018 RAM 2500 on May 21, 2024.

The deposition will be taken on a mutually agreeable date and time, at a location to be agreed upon by the parties, or by remote means.

The witness shall produce any and all documents, notes, photographs, checklists, service records, or electronic entries relating to the alleged May 21, 2024 inspection.

Respectfully submitted,
This 17th day of January, 2026.

DAVID JOSEPH CERNANCE
Pro Se Plaintiff
616 Hickory Cove Rd
Jasper, GA 30143

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

DAVID JOSEPH CERNANCE,

    Plaintiff,

  vs.

CARMAX AUTO SUPERSTORES, INC.,
and

    Defendant.

CIVIL ACTION FILE

NO.:  2:25-CV-00387-SCJ

### <u>NOTICE OF DEPOSITION OF LETONY ROUSE</u>

Plaintiff hereby gives notice that he will take the deposition of Letony Rouse, in his individual capacity, regarding his personal knowledge, actions, statements, and involvement relating to Plaintiff, the 2018 RAM 2500, the alleged May 21, 2024 inspection, the May 2024 return attempt, and all related communications.

The deposition will be taken on a mutually agreeable date and time, at a location to be agreed upon by the parties, or by remote means.
The witness shall produce any personal notes, emails, messages, or documents relating to his interactions with Plaintiff or the subject vehicle.

Respectfully submitted,
This 17th day of January, 2026.

DAVID JOSEPH CERNANCE
Pro Se Plaintiff
616 Hickory Cove Rd
Jasper, GA 30143

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

DAVID JOSEPH CERNANCE,

      Plaintiff,

  vs.

CARMAX AUTO SUPERSTORES, INC.,
and

      Defendant.

CIVIL ACTION FILE

NO.:  2:25-CV-00387-SCJ

## <u>NOTICE OF DEPOSITION OF CARMX AUTO SUPERSTORES, INC. PURSUANT TO FED. R. CIV. P. 30(b)(6)</u>

Plaintiff hereby gives notice that he will take the deposition of CarMax Auto Superstores, Inc. pursuant to Rule 30(b)(6). CarMax shall designate one or more corporate representatives to testify on its behalf regarding the following topics.

The alleged inspection of the 2018 RAM 2500 on May 21, 2024, including who performed it, why it was performed, what was inspected, and what documentation exists.

CarMax's policies and procedures for inspections, re-inspections, and documentation of such inspections.

CarMax's knowledge of rust on the 2018 RAM 2500, including when

CarMax first became aware of rust and how rust concerns are evaluated.

CarMax's handling of Plaintiff's return request in May 2024, including the reasons for denial and the application of the return policy.

All communications between CarMax employees and Plaintiff relating to the vehicle, rust concerns, inspections, or the return attempt.

Any statements made to Plaintiff that the vehicle "passed," that rust was "cosmetic," or that the vehicle was "fine."

CarMax's records, notes, service entries, and internal communications relating to Plaintiff or the subject vehicle.

The deposition will be taken on a mutually agreeable date and time, at a location to be agreed upon by the parties, or by remote means.

CarMax shall produce all documents, records, photographs, service notes, and electronic data relating to the above topics.

Respectfully submitted,
This 17th day of January, 2026.

DAVID JOSEPH CERNANCE
Pro Se Plaintiff
616 Hickory Cove Rd
Jasper, GA 30143

# EXHIBIT 5

| From: | Sean E. Boyd |
| Sent: | Monday, January 19, 2026 3:48 PM |
| To: | 'David Cernance' |
| Cc: | Maybel Thomas |
| Subject: | RE: Service of Deposition Notices – Cernance v. CarMax |

Good afternoon, Mr. Cernance – I am in receipt of the notices of deposition, which mention that the depositions will be scheduled for a mutually agreeable time and place.  As we work our way through discovery, we can discuss scheduling these depositions for such a time as well as the topics for the corporate representative deposition.

Best,
Sean

**Sean E. Boyd**
Partner

Direct.678.298.0749
Tel.404.256.0700
Fax.404.250.9355
sboyd@mfllaw.com



NOTICE: This message originates from the law firm of Mozley, Finlayson & Loggins LLP. The message and any file transmitted with it may contain confidential information which may be subject to the attorney-client privilege, or otherwise protected against unauthorized use. The information contained in this message and any file transmitted with it is transmitted in this form based on a reasonable expectation of privacy consistent with ABA Formal Opinion No. 99-413. Any disclosure, distribution, copying or use of the information by anyone other than the intended recipient, regardless of address or routing, is strictly prohibited. All attachments are believed to be free of viruses, but any attachments should be checked for viruses before being opened. If you have received this message in error, please advise the sender by immediate reply and delete the original message. Personal messages express views solely of the sender and are not attributable to Mozley, Finlayson & Loggins LLP.

**From:** David Cernance <davidcernance@gmail.com>
**Sent:** Saturday, January 17, 2026 9:37 AM
**To:** Sean E. Boyd <sboyd@MFLLaw.com>
**Cc:** Maybel Thomas <mthomas@MFLLaw.com>
**Subject:** Service of Deposition Notices – Cernance v. CarMax

Mr. Boyd,

This email confirms that I have served the following Notices of Deposition by Certified U.S. Mail, Return Receipt Requested. PDF copies are attached for your convenience:

1

**• Notice of Deposition of the May 21 Inspector • Notice of Deposition of Letony Rouse • Notice of Deposition of CarMax Auto Superstores, Inc. pursuant to Rule 30(b)(6)**

These depositions are noticed in the following order: **(1) the May 21 Inspector, (2) Mr. Rouse, and (3) the Rule 30(b)(6) corporate representative.**

Upon receipt of Defendant's discovery responses, I reserve the right to notice additional depositions if necessary.

Regards,

**David Joseph Cernance**  Pro Se Plaintiff


--
David Cernance M.Div., MMSc
616 Hickory Cove Rd,
Jasper, GA 30143-6859

817.570.7097 Cell

2

# EXHIBIT 6

| | |
|---|---|
| **From:** | David Cernance <davidcernance@gmail.com> |
| **Sent:** | Tuesday, January 20, 2026 7:57 PM |
| **To:** | Sean E. Boyd |
| **Cc:** | Maybel Thomas |
| **Subject:** | Scheduling In-Person Deposition of CarMax Inspector + Document Request |

**Mr. Boyd,**

Thank you for your email. I understand your comment regarding working through discovery; however, under the Federal Rules, depositions may be scheduled at any point during the discovery period, and the Inspector deposition has already been noticed. I am therefore moving forward with scheduling it now, and **I expect the deposition to occur within the next 30–45 days.**

I am ready to proceed with the in-person deposition of the CarMax employee who performed, supervised, or is designated to testify regarding the alleged May 21, 2024 inspection of my vehicle (the "Inspector"). Please provide **at least three available dates and times** for this in-person deposition within the next 30–45 days.

Please also confirm the following:

- The full physical address where the deposition will take place
- Any security or check-in requirements

In connection with this deposition, I request that CarMax produce the documents listed below **no later than seven days before the Inspector's deposition**, so I may review them in advance.

# Requested Documents for Inspector Deposition

- Any inspection checklist for May 21, 2024
- Any technician notes or findings from May 21, 2024
- Any documents reflecting the Inspector's training, certifications, qualifications, or authorization to perform vehicle inspections at CarMax
- Any photographs taken during the alleged May 21 inspection
- Any internal CarMax communications referencing a May 21 inspection
- Any service order, work order, or repair order associated with my vehicle on May 21
- Any technician assignment logs for May 21
- Any time-stamped entries showing when the vehicle was inspected
- Any mileage readings recorded on May 21
- Any documentation stating the vehicle "passed" an inspection on May 21
- Any documents the Inspector reviewed to prepare for testimony
- Any internal notes regarding rust concerns raised by me
- Any communications between CarMax employees regarding rust on this vehicle
- Any documents describing the rust as "cosmetic"

1

- Any documents describing the rust as "structural"
- Any documents used to determine the rust met CarMax standards
- Any internal notes regarding any return or replacement request
- Any documents referencing modification or branding as a basis for denying a return
- Any communications regarding the decision to deny a return
- Any documents showing when a return was denied
- Any documents showing the stated basis for the denial
- Any policies, procedures, or training materials the Inspector will rely on

Please advise if any of these documents do not exist or are being withheld, and on what basis.

Thank you,
David Cernance, M.Div., MMSc
616 Hickory Cove Road
Jasper, GA 30143-6859
817-570-7097 (Cell)

# EXHIBIT 7

**From:** David Cernance <davidcernance@gmail.com>
**Sent:** Thursday, January 22, 2026 9:16 AM
**To:** Sean E. Boyd
**Cc:** Maybel Thomas
**Subject:** Follow-Up Regarding Corporate Representative Deposition Topics

**Good morning, Mr. Boyd –**

I wanted to send a brief follow-up to address the portion of your prior email regarding the topics for the corporate representative deposition, as I did not address that point at the time.

As we work our way through discovery, we can discuss the scheduling of the 30(b)(6) deposition as well as the topics for the corporate representative. I will inform you of the timing, and the corporate representative deposition will be scheduled in a timely manner following the conclusion of the preceding depositions. I will provide the topics at the appropriate time and will issue them to you in advance.

Best regards, **David Cernance, M.Div., MMSc**
616 Hickory Cove Road
Jasper, GA 30143-6859

817.570.7097 Cell

1

# EXHIBIT 8

| | |
|---|---|
| **From:** | David Cernance <davidcernance@gmail.com> |
| **Sent:** | Friday, January 23, 2026 8:48 AM |
| **To:** | Sean E. Boyd |
| **Cc:** | Maybel Thomas |
| **Subject:** | Scheduling In-Person Deposition of CarMax Inspector + Document Request |

Good morning, Mr. Boyd —

I'm following up on my email sent **Monday, January 20, 2026 at 7:57 PM** regarding scheduling the in-person deposition of the CarMax employee designated as the Inspector. I have not yet received a response.

**Request for Deposition Dates**

To avoid any confusion, I am requesting **at least three available dates and times** for the Inspector's deposition to occur within the next **30–45 days.**

**Deposition Location Information Needed**

In order to finalize arrangements with the deposition company, please provide:

• **The full physical address** where the deposition will take place
• **Any security or check-in procedures** required for entry

**Status of January 20 Document Request**

In addition, I am requesting a written response identifying the status of each item in my January 20 document request — specifically:

• **Which items will be produced**
• **Which items do not exist**
• **Which items are being withheld and the basis for withholding**

**Preparation Status**

My deposition preparation is complete, and I am ready to proceed. At this stage, I am requesting the written status response so I can review which documents will be produced, which will not, and the basis for any withholding. This information is necessary to finalize the deposition materials and ensure everything is properly accounted for ahead of the production deadline.

1

I look forward to your reply so we may proceed accordingly.

David Cernance M.Div., MMSc
616 Hickory Cove Road
Jasper, GA 30143-6859

817.570.7097 Cell

# EXHIBIT 9

| | |
|---|---|
| **From:** | Sean E. Boyd |
| **Sent:** | Monday, January 26, 2026 10:37 AM |
| **To:** | David Cernance |
| **Cc:** | Maybel Thomas |
| **Subject:** | RE: Scheduling In-Person Deposition of CarMax Inspector + Document Request |

Good morning, Mr. Cernance – I am in receipt of your prior emails.

Currently, we are in the process of trying to identify the person you have identified as the "May 21 Inspector." Once done, I will contact you about matters related to scheduling that deposition.

As for your request for documentation, we will comply with our obligations pursuant to the Federal Rules of Civil Procedure.

Best,
Sean

**Sean E. Boyd**
Partner

Direct.678.298.0749
Tel.404.256.0700
Fax.404.250.9355
sboyd@mfllaw.com



NOTICE: This message originates from the law firm of Mozley, Finlayson & Loggins LLP. The message and any file transmitted with it may contain confidential information which may be subject to the attorney-client privilege, or otherwise protected against unauthorized use. The information contained in this message and any file transmitted with it is transmitted in this form based on a reasonable expectation of privacy consistent with ABA Formal Opinion No. 99-413. Any disclosure, distribution, copying or use of the information by anyone other than the intended recipient, regardless of address or routing, is strictly prohibited. All attachments are believed to be free of viruses, but any attachments should be checked for viruses before being opened. If you have received this message in error, please advise the sender by immediate reply and delete the original message. Personal messages express views solely of the sender and are not attributable to Mozley, Finlayson & Loggins LLP.

**From:** David Cernance <davidcernance@gmail.com>
**Sent:** Friday, January 23, 2026 8:48 AM
**To:** Sean E. Boyd <sboyd@MFLLaw.com>
**Cc:** Maybel Thomas <mthomas@MFLLaw.com>
**Subject:** Scheduling In-Person Deposition of CarMax Inspector + Document Request

Good morning, Mr. Boyd —

I'm following up on my email sent **Monday, January 20, 2026 at 7:57 PM** regarding scheduling the in-person deposition of the CarMax employee designated as the Inspector. I have not yet received a response.

**Request for Deposition Dates**

To avoid any confusion, I am requesting **at least three available dates and times** for the Inspector's deposition to occur within the next **30–45 days.**

**Deposition Location Information Needed**

In order to finalize arrangements with the deposition company, please provide:

- **The full physical address** where the deposition will take place
- **Any security or check-in procedures** required for entry

**Status of January 20 Document Request**

In addition, I am requesting a written response identifying the status of each item in my January 20 document request — specifically:

- **Which items will be produced**
- **Which items do not exist**
- **Which items are being withheld and the basis for withholding**

**Preparation Status**

My deposition preparation is complete, and I am ready to proceed. At this stage, I am requesting the written status response so I can review which documents will be produced, which will not, and the basis for any withholding. This information is necessary to finalize the deposition materials and ensure everything is properly accounted for ahead of the production deadline.

I look forward to your reply so we may proceed accordingly.

David Cernance M.Div., MMSc
616 Hickory Cove Road
Jasper, GA 30143-6859

817.570.7097 Cell

# EXHIBIT 10

| | |
|---|---|
| **From:** | David Cernance <davidcernance@gmail.com> |
| **Sent:** | Monday, January 26, 2026 11:43 AM |
| **To:** | Sean E. Boyd |
| **Cc:** | Maybel Thomas |
| **Subject:** | Follow-Up Regarding Deposition Scheduling and Outstanding Discovery Requests |

**Good morning, Mr. Boyd —**

I am following up again regarding my January 20, 2026 email sent at 7:57 PM, as well as my January 23, 2026 follow-up. Although I received an email from you, I have not received any response to the information requested in my January 20 and January 23 emails.

For clarity, the timeline is as follows:

- **January 17, 2026** — Notice of Deposition served
- **January 20, 2026** — Request for deposition dates and document-status list sent
- **January 23, 2026** — Follow-up requesting dates and the document-status list
- **January 26, 2026** — No response received to the requested information

To move this forward, I am again requesting:

1. **At least three available dates and times** for the in-person deposition of the CarMax employee who performed the alleged May 21 inspection.

   For accuracy, I want to clarify that **I have not identified this individual**. CarMax's Initial Disclosures identify four witnesses — three CarMax employees and myself — and none of those individuals are identified as the May 21 inspector.

   Additionally, **Mr. Rouse's sworn declaration does not state that he performed the May 21 inspection, supervised it, witnessed it, or had any involvement in it.** His declaration is **silent on presale involvement** and **silent on post-sale inspections**, and therefore does not identify him as the inspector or as a witness with knowledge of that event.

   Because CarMax has asserted that an inspection occurred on May 21, it is CarMax's responsibility to identify the employee with knowledge of that inspection.

2. **The full physical address** where the deposition will take place, including any security or check-in procedures required for entry.
3. **A written response addressing each item in my January 20 request**, specifically:
   • Which items will be produced
   • Which items do not exist
   • Which items are being withheld and the basis for withholding

I am continuing to make every effort to resolve these scheduling and document-identification issues cooperatively and efficiently. Please confirm receipt and provide the requested information.

1

Respectfully,
**David Cernance, M.Div., MMSc**
616 Hickory Cove Road
Jasper, GA 30143-6859

817.570.7097 Cell

2

# EXHIBIT 11

| | |
|---|---|
| **From:** | Sean E. Boyd |
| **Sent:** | Monday, January 26, 2026 11:47 AM |
| **To:** | David Cernance |
| **Cc:** | Maybel Thomas |
| **Subject:** | RE: Follow-Up Regarding Deposition Scheduling and Outstanding Discovery Requests |
| **Attachments:** | RE: Scheduling In-Person Deposition of CarMax Inspector + Document Request |

Good morning, Mr. Cernance – Please see the attached e-mail, which was sent to you earlier today addressing the matters referenced below.

Best,
Sean

**Sean E. Boyd**
Partner

Direct.678.298.0749
Tel.404.256.0700
Fax.404.250.9355
sboyd@mfllaw.com



NOTICE: This message originates from the law firm of Mozley, Finlayson & Loggins LLP. The message and any file transmitted with it may contain confidential information which may be subject to the attorney-client privilege, or otherwise protected against unauthorized use. The information contained in this message and any file transmitted with it is transmitted in this form based on a reasonable expectation of privacy consistent with ABA Formal Opinion No. 99-413. Any disclosure, distribution, copying or use of the information by anyone other than the intended recipient, regardless of address or routing, is strictly prohibited. All attachments are believed to be free of viruses, but any attachments should be checked for viruses before being opened. If you have received this message in error, please advise the sender by immediate reply and delete the original message. Personal messages express views solely of the sender and are not attributable to Mozley, Finlayson & Loggins LLP.

**From:** David Cernance <davidcernance@gmail.com>
**Sent:** Monday, January 26, 2026 11:43 AM
**To:** Sean E. Boyd <sboyd@MFLLaw.com>
**Cc:** Maybel Thomas <mthomas@MFLLaw.com>
**Subject:** Follow-Up Regarding Deposition Scheduling and Outstanding Discovery Requests

**Good morning, Mr. Boyd —**

I am following up again regarding my January 20, 2026 email sent at 7:57 PM, as well as my January 23, 2026 follow-up. Although I received an email from you, I have not received any response to the information requested in my January 20 and January 23 emails.

For clarity, the timeline is as follows:

- **January 17, 2026** — Notice of Deposition served

1

- **January 20, 2026** — Request for deposition dates and document-status list sent
- **January 23, 2026** — Follow-up requesting dates and the document-status list
- **January 26, 2026** — No response received to the requested information

To move this forward, I am again requesting:

1. **At least three available dates and times** for the in-person deposition of the CarMax employee who performed the alleged May 21 inspection.

   For accuracy, I want to clarify that **I have not identified this individual**. CarMax's Initial Disclosures identify four witnesses — three CarMax employees and myself — and none of those individuals are identified as the May 21 inspector.

   Additionally, **Mr. Rouse's sworn declaration does not state that he performed the May 21 inspection, supervised it, witnessed it, or had any involvement in it.** His declaration is **silent on presale involvement** and **silent on post-sale inspections**, and therefore does not identify him as the inspector or as a witness with knowledge of that event.

   Because CarMax has asserted that an inspection occurred on May 21, it is CarMax's responsibility to identify the employee with knowledge of that inspection.

2. **The full physical address** where the deposition will take place, including any security or check-in procedures required for entry.
3. **A written response addressing each item in my January 20 request**, specifically:
   • Which items will be produced
   • Which items do not exist
   • Which items are being withheld and the basis for withholding

I am continuing to make every effort to resolve these scheduling and document-identification issues cooperatively and efficiently. Please confirm receipt and provide the requested information.

Respectfully,
**David Cernance, M.Div., MMSc**
616 Hickory Cove Road
Jasper, GA 30143-6859

817.570.7097 Cell

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

DAVID JOSEPH CERNANCE,

      Plaintiff,

     vs.

CARMAX AUTO SUPERSTORES,
INC.,

      Defendant.

CIVIL ACTION FILE
NO.: 2:25-cv-00387-SCJ

(Removed from the Superior Court
of Pickens County, Georgia, Civil
Action File No. 2025SUCV0721)

## <u>CERTIFICATE OF SERVICE AND TYPE SIZE COMPLIANCE</u>

This is to certify that on this date, I electronically filed the foregoing

*Defendant CarMax Auto Superstores, Inc.'s Memorandum of Law in Opposition to*

*Plaintiff's Motion to Compel Deposition Date and Document Production* with the

Clerk of Court using the CM/ECF system, which will automatically send

notification of such filing, as well as sent a copy via statutory electronic service to

the following:

David Joseph Carnance
616 Hickory Cove Road
Jasper, Georgia 30143
davidcernance@gmail.com

Pursuant to Local Rule 5.1, NDGa., the foregoing memorandum is prepared

in Times New Roman, 14 point.

This 10th day of February, 2026.

                                                    */s/ Sean E. Boyd*
                                                    Sean E. Boyd
                                                    Georgia Bar No. 302874

MOZLEY, FINLAYSON & LOGGINS LLP
1050 Crown Pointe Parkway, Suite 1500
Atlanta, Georgia 30338-7704
(404) 256-0700 (telephone)
(404) 250-9355 (facsimile)
sboyd@mfllaw.com