IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

DAVID JOSEPH CERNANCE,

Plaintiff,

vs.

CARMAX AUTO SUPERSTORES, INC.,

Defendant.

CIVIL ACTION FILE

NO.:  2:25-CV-00387-SCJ

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL DEPOSITION DATES AND DOCUMENT PRODUCTION

Plaintiff David Joseph Cernance respectfully submits this Reply in Support of his Motion to Compel. Defendant's opposition does not resolve the outstanding discovery issues and instead raises procedural concerns that have now been fully addressed.

### I. Plaintiff Has Now Complied With the Court's Discovery Conference Procedures

Defendant argues that the Motion should be denied because Plaintiff did not contact the Courtroom Deputy before filing it. Out of respect for the Court's procedures, Plaintiff has now taken that step.

On February 10, 2026, Plaintiff:

1. Contacted defense counsel to request a joint approach to the Courtroom Deputy; and

2. Contacted Courtroom Deputy Clerk Pamela Wright, copying defense

counsel, to request a discovery conference pursuant to Judge Jones's instructions.

Plaintiff stands ready to participate in that conference at the Court's convenience.

This resolves the procedural concern raised in Defendant's opposition.

## II. Plaintiff Satisfied Rule 37's Good-Faith Conferral Requirement Before Filing the Motion

Rule 37 requires a good-faith effort to resolve discovery disputes before seeking court intervention. Plaintiff satisfied this requirement.

Defendant acknowledges receiving Plaintiff's communications:

"I am in receipt of your prior emails." (Doc. 17, Ex. 9)

Between January 20 and January 26, Plaintiff requested:

• deposition dates,

• identification of the May 21 inspector, and

• document production.

Defendant did not provide dates, did not identify the inspector, and did not produce documents. This failure created the discovery impasse that necessitated the Motion.

## III. Defendant Has Not Identified the May 21 Inspector

Defendant states:

"CarMax was in the process of trying to identify the person [plaintiff] identified as the 'May 21 Inspector.'" (Doc. 17, p. 4)

This confirms that the inspector has not been identified. Identification is necessary to schedule the deposition noticed on January 17, 2026.

## IV. Defendant Has Not Provided Deposition Dates

Defendant's opposition does not identify a single date offered for:

• the May 21 inspector,

• Letony Rouse, or

• the Rule 30(b)(6) corporate representative.

Rule 30 requires cooperation in scheduling depositions. Plaintiff attempted to obtain dates; Defendant did not provide any.

## V. Defendant Has Not Produced Documents or Served Responses to Plaintiff's Formal Discovery

Defendant argues that Plaintiff's January 20 email was not a formal discovery request. However:

1. Plaintiff served formal written discovery requests, including Requests for Production, which remain unanswered; and

2. Defendant acknowledges receiving Plaintiff's communications and was aware of the outstanding requests.

Defendant's opposition does not state that any documents have been produced or that any written responses have been served. Rule 34 requires timely responses and objections, which have not been provided.

## VI. Defendant's Request for Fees Is Not Supported

Rule 37(a)(5)(B) applies only when a motion is denied and the movant acted improperly. Plaintiff acted in good faith, attempted to resolve the issues without court intervention, and has now complied with the Court's procedures. Defendant's request for fees should be denied.

## VII. Conclusion

The core discovery issues remain unresolved:

• The May 21 inspector has not been identified.

• No deposition dates have been provided.

• No documents have been produced.

• No responses to formal discovery have been served.

Plaintiff respectfully requests that the Court:

1. Grant the Motion to Compel,

2. Order Defendant to identify the May 21 inspector,

3. Order Defendant to provide deposition dates,

4. Order Defendant to produce responsive documents, and

5. Set a firm deadline for compliance.

Respectfully submitted,
This 11th day of February, 2026.

DAVID JOSEPH CERNANCE
Pro Se Plaintiff
616 Hickory Cove Rd
Jasper, GA 30143-6859

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

DAVID JOSEPH CERNANCE,

      Plaintiff,

vs.

CARMAX AUTO SUPERSTORES, INC.,

      Defendant.

CIVIL ACTION FILE

NO.:  2:25-CV-00387-SCJ

## RULE 5.4(A) CERTIFICATE OF SERVICE

COMES NOW Plaintiff David Joseph Cernance, pursuant to Local Rule 5.4(A) of the United States District Court for the Northern District of Georgia, and hereby files this Certificate of Service, stating that a true and correct copy of **Plaintiff's Reply in Support of Motion to Compel Depositions and Production** has been served via electronic mail and U.S. first-class mail in a properly addressed envelope with adequate postage affixed to counsel for Defendant at the following address:

Sean E. Boyd
MOZLEY, FINLAYSON & LOGGINS LLP
1050 Crown Pointe Parkway, Suite 1500
Atlanta, Georgia 30338-7704
sboyd@mfllaw.com

Pursuant to Local Rule 5.1, NDGa., the foregoing certificate is prepared in Times

New Roman, 14 point.

This 11th day of February, 2026

_DAVID JOSEPH CERNANCE_
Pro Se Plaintiff
616 Hickory Cove Rd
Jasper, GA 30143-6859
davidcernance@gmail.com