IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

DAVID JOSEPH CERNANCE,

Plaintiff,

vs.

CARMAX AUTO SUPERSTORES, INC.,

Defendant.

CIVIL ACTION FILE

NO.: 2:25-CV-00387-SCJ

FILED IN CLERK'S OFFICE
U.S.D.C. - Gainesville

MAR 23 2026

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

## PLAINTIFF'S MOTION FOR LEAVE TO SERVE ADDITIONAL INTERROGATORIES

Plaintiff, proceeding pro se, respectfully moves this Court for leave to serve a limited number of additional interrogatories pursuant to Federal Rule of Civil Procedure 33(a)(1). This request is necessary to clarify material inconsistencies between Defendant's sworn discovery responses, its internal business records, and the sworn statements of Operations Manager Letony Rouse II.

## I. INTRODUCTION

Defendant has taken the position that Plaintiff must obtain leave of Court before serving additional interrogatories. Plaintiff now seeks leave to serve narrowly tailored interrogatories directed at resolving contradictions in Defendant's discovery posture, particularly concerning the identity and knowledge

of individuals involved in the inspections of the subject vehicle and the internal communications surrounding those inspections.

## II. LEGAL STANDARD

Rule 33(a)(1) limits parties to twenty-five interrogatories unless otherwise ordered. Courts routinely grant leave to exceed this limit where additional interrogatories are necessary, proportional, and directed toward resolving central factual issues. The interrogatories Plaintiff seeks fall squarely within this standard.

## III. GOOD CAUSE EXISTS FOR ADDITIONAL INTERROGATORIES

Defendant admits that multiple inspections of the subject vehicle occurred, including an acquisition inspection, a pre-sale inspection, and a post-sale inspection. Despite these admissions, Defendant has not identified the individuals who performed or supervised these inspections, has not produced corresponding inspection records, and has not clarified the scope or findings of these inspections. Defendant's responses to Plaintiff's Requests for Admission further confirm that no inspection report exists documenting at least one such inspection, that Defendant cannot identify the individual who performed the inspection, and that no supporting documentation is available. These admissions establish that Defendant acknowledges inspection-related activity while withholding the identifying information necessary to understand what occurred.

Defendant relies on the declaration of Operations Manager Letony Rouse II. Paragraph 5 of that declaration confirms that it was submitted solely in connection with Defendant's opposition to Plaintiff's motion to amend and motion to remand. The declaration is therefore limited in scope and addresses only pre-sale communications. It omits all post-sale involvement, including the May 21, 2024

undercarriage review, the internal partnership discussions, the rust-related communications, and the inspection-related activity reflected in Defendant's Salesforce business records. Because the declaration omits these matters, it does not resolve the inconsistencies between Defendant's sworn discovery responses and its internal records.

The timing of Defendant's internal records further underscores these inconsistencies. The Salesforce notes documenting the May 21, 2024 undercarriage review, the internal partnership discussions, and Mr. Rouse's involvement were created in September 2025, more than fifteen months after the inspection occurred. These retrospective notes contain detailed descriptions of the inspection activity and the communications between Mr. Rouse and other CarMax personnel. Yet only five months later, in February 2026, Mr. Rouse executed a verification stating that the facts in Defendant's interrogatory responses were not within the personal knowledge of any one person at CarMax. The close temporal proximity between the creation of the detailed Salesforce narrative and the verification claiming a lack of personal knowledge raises a significant inconsistency that further supports the need for additional interrogatories to clarify who possessed knowledge of the inspections and related communications.

The verification itself deepens the contradiction. In it, Mr. Rouse attests that the facts in Defendant's interrogatory responses are not within the personal knowledge of any one person at CarMax. However, the Salesforce records reflect that Mr. Rouse was directly involved in the post-sale inspection activity, participated in inspection-related communications, and was identified by other CarMax personnel as a point of contact regarding the rust concerns and the May 21, 2024 undercarriage review. These records demonstrate that Mr. Rouse

possessed firsthand knowledge of the inspection activity at issue, contradicting the representation in the verification that no individual had such knowledge.

Independent third-party inspection reports document severe structural corrosion shortly after purchase, including conditions rendering the vehicle economically nonviable. These reports further underscore the need to identify Defendant's inspection personnel and records. The record also reflects that Defendant authorized payment for corrosion-related repairs associated with the vehicle, demonstrating involvement and knowledge concerning the vehicle's condition that stands in contrast to Defendant's position that it cannot identify individuals with relevant firsthand knowledge.

Taken together, Defendant's admissions, interrogatory responses, sworn declaration, verification, internal business records, independent inspection reports, and payment authorization demonstrate that relevant inspection activity occurred but that Defendant has failed to identify responsible individuals or produce corresponding records. Additional interrogatories are therefore necessary to obtain clear, verified, and binding responses identifying the individuals involved, the scope and findings of inspections, and the existence and location of related documentation.

## IV. ADDITIONAL INTERROGATORIES ARE NECESSARY AT THIS STAGE

The need for additional interrogatories is immediate and arises from Defendant's failure to cure ongoing discovery deficiencies. Defendant failed to supplement its discovery responses by the applicable deadline, including the March 20, 2026 supplementation deadline. Despite Plaintiff's good-faith efforts to resolve

these issues through written communications and by seeking guidance from the Court, Defendant has not supplemented its responses, has not identified individuals involved in the admitted inspections, and has not produced corresponding inspection records. Defendant's recent communication to the Court does not resolve these deficiencies and instead maintains that Plaintiff must rely on depositions or other discovery mechanisms without providing the missing information. As a result, the issues remain unresolved, and Defendant continues to withhold identifying information central to this case. Limited additional interrogatories are therefore necessary to obtain clear, binding responses and to move discovery forward in an efficient and orderly manner.

## V. SCOPE OF REQUEST

Plaintiff seeks leave to serve no more than ten additional interrogatories. These interrogatories will be strictly limited to identifying individuals involved in inspections, clarifying inspection procedures and findings, identifying documents and data relating to inspections, and clarifying the role and knowledge of Operations Manager Letony Rouse II and other relevant personnel.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to serve a limited number of additional interrogatories upon Defendant.

## VII. CERTIFICATE OF GOOD FAITH

Plaintiff certifies that he has attempted in good faith to resolve these issues without Court intervention through prior correspondence and discovery

communications, and by seeking guidance from the Court, but the issues remain unresolved.

Respectfully submitted,
This 23rd day of March, 2026.

DAVID JOSEPH CERNANCE
Pro Se Plaintiff
616 Hickory Cove Rd
Jasper, GA 30143-6859

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

DAVID JOSEPH CERNANCE,

     Plaintiff,

vs.

CARMAX AUTO SUPERSTORES, INC.,

     Defendant.

CIVIL ACTION FILE

NO.: 2:25-CV-00387-SCJ

## RULE 5.4(A) CERTIFICATE OF SERVICE

COMES NOW Plaintiff David Joseph Cernance, pursuant to Local Rule 5.4(A) of the United States District Court for the Northern District of Georgia, and hereby certifies that a true and correct copy of **Plaintiff's Motion for Leave to Serve Additional Interrogatories** has been served via electronic mail and U.S. first-class mail in a properly addressed envelope with adequate postage affixed to counsel for Defendant at the following address:

Sean E. Boyd
MOZLEY, FINLAYSON & LOGGINS LLP
1050 Crown Pointe Parkway, Suite 1500
Atlanta, Georgia 30338-7704
sboyd@mfllaw.com

Pursuant to Local Rule 5.1, NDGa., the foregoing certificate is prepared in Times New Roman, 14 point.

This 23rd day of March, 2026

DAVID JOSEPH CERNANCE
Pro Se Plaintiff
616 Hickory Cove Rd
Jasper, GA 30143-6859
davidcernance@gmail.com