IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION



FILED IN CLERK'S OFFICE
U.S.D.C. - Gainesville

MAR 26 2026

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

DAVID JOSEPH CERNANCE,

    Plaintiff,

vs.

CARMAX AUTO SUPERSTORES, INC.,

    Defendant.

CIVIL ACTION FILE

NO.: 2:25-CV-00387-SCJ

## PLAINTIFF'S STATEMENT OF ISSUES FOR RECORD CLARIFICATION PURSUANT TO COURT'S INSTRUCTION

Plaintiff David J. Cernance submits this Statement pursuant to the Court's instruction during the March 26, 2026 discovery conference. The Court directed Plaintiff to place on the docket the specific discovery issues requiring clarification in order to perfect the record prior to depositions.

This filing is not a motion and seeks no relief. It is submitted solely to preserve the issues identified during the conference and to ensure a complete and accurate record.

### I. Identification of Individuals with Knowledge and Rule 26(a) Disclosures

Defendant has admitted that multiple inspections of the subject vehicle occurred, including an inspection on or about May 21, 2024. In sworn discovery responses, Defendant states that it cannot identify the individual who performed the inspection. Defendant has not identified in its Rule 26(a)(1) disclosures any individual with knowledge of the inspection or the subject of that knowledge. During the February 24, 2026 conference, Defendant referenced two individuals associated with the inspection date, but Defendant has not supplemented its disclosures or written responses pursuant to Rule 26(e) to clarify the roles or knowledge of those individuals. The identification of individuals with knowledge of the inspection and the subject of that knowledge remains unresolved.

## II. Internal Records and Sworn Statements

Defendant's internal business records reflect inspection-related activity, including references to "senior management" in connection with inspection findings, placement of the vehicle on a lift, and internal evaluation or discussion regarding the vehicle's condition. These records are not reconciled with Defendant's verification stating that no one person has complete personal knowledge, Defendant's interrogatory responses stating that the inspector cannot be identified, and Defendant's declaration, which does not address post-sale inspection activity. The source of the inspection-related information reflected in Defendant's records is not identified on the current record, and these issues remain unresolved.

## III. Clarification of "Senior Management" Reference

Defendant's internal records reference "senior management" in connection with inspection-related findings. Defendant has not clarified the identity of the

individual or individuals referenced as "senior management," the role of that individual in the inspection or evaluation of the vehicle, or whether that individual has knowledge of the inspection or its findings. This lack of clarification remains unresolved.

## IV. Absence of Inspection Documentation

Defendant has not produced any inspection report, inspection checklist, photographs, notes, or contemporaneous documentation relating to the May 2024 inspection, nor has Defendant produced any CarMax-generated record of that inspection. This remains unresolved in light of Defendant's admission that inspections occurred, the existence of internal records reflecting inspection-related activity, and Plaintiff's repeated requests for such materials.

## V. Timeline Considerations

The record reflects that internal materials describing inspection-related activity were created in or around September 2025, more than one year after the alleged inspection. Defendant subsequently submitted a verification stating that no individual has complete personal knowledge. The inspection date referenced in Defendant's records corresponds with other dated materials in the record. These timeline considerations remain unresolved.

## VI. Rule 26(e) Supplementation

Defendant has not supplemented, in writing, its Rule 26(a) disclosures to identify individuals with knowledge of the inspection or the subject of that knowledge. Defendant has not supplemented its interrogatory responses to clarify the roles or knowledge of individuals associated with the inspection, nor has

Defendant supplemented its identification of individuals referenced during the February 24, 2026 conference. These supplementation issues remain unresolved.

### VII. Purpose of This Filing

This Statement is submitted solely to preserve the issues identified during the Court-ordered conference, to ensure a complete record, to clarify the current state of discovery prior to depositions, and to comply with the Court's instruction to perfect the record. No relief is requested at this time.

Respectfully submitted,
This 26th day of March, 2026.

DAVID JOSEPH CERNANCE
Pro Se Plaintiff
616 Hickory Cove Rd
Jasper, GA 30143-6859