IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION



FILED IN CLERK'S OFFICE
U.S.D.C. - Gainesville

MAR 31 2026

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

DAVID JOSEPH CERNANCE,

Plaintiff,

vs.

CARMAX AUTO SUPERSTORES, INC.,

Defendant.

CIVIL ACTION FILE

NO.: 2:25-CV-00387-SCJ

## PLAINTIFF'S NOTICE FOR PURPOSES OF PERFECTING THE RECORD

Plaintiff David J. Cernance submits this Notice for the limited purpose of clarifying the record, consistent with the Court's instruction permitting filings made solely to preserve the accuracy of the procedural history and discovery communications.

On March 27, 2026, Plaintiff transmitted to Defendant a Rule 37(a)(1) good-faith letter identifying asserted deficiencies in Defendant's responses to Plaintiff's Second and Third Requests for Admission and Requests for Production. The letter provided a five-day period for Defendant to address the identified issues prior to Plaintiff seeking Court involvement.

Following that communication, Defendant's counsel responded by stating that he may seek attorney's fees in connection with Plaintiff's stated intent to request Court assistance if the issues remained unresolved.

Plaintiff further attaches as Exhibit A a true and correct copy of the March 27, 2026 Rule 37(a)(1) good-faith correspondence and Defendant's response.

Plaintiff submits this Notice solely to preserve the sequence of events and communications for the record. This filing does not seek any ruling, relief, or action from the Court.

Respectfully submitted,
This 31st day of March, 2026.

DAVID JOSEPH CERNANCE
Pro Se Plaintiff
616 Hickory Cove Rd
Jasper, GA 30143-6859

# EXHIBIT A

## RULE 37(a)(1) GOOD FAITH CORRESPONDENCE
## (MAR. 27–30, 2026)

 Gmail

---

# Rule 37 Good Faith Request – Discovery Deficiencies (Cernance v. CarMax, 2:25-cv-00387-SCJ)

2 messages

---

**David Cernance** <davidcernance@gmail.com>
To: "Sean E. Boyd" <sboyd@mfllaw.com>
Cc: Maybel Thomas <MTHOMAS@mfllaw.com>, "Tara M. Bragg" <TBragg@mfllaw.com>

Fri, Mar 27, 2026 at 1:37 AM

Mr. Boyd,

Plaintiff writes pursuant to Federal Rule of Civil Procedure 37(a)(1) to address continuing deficiencies in Defendant's responses to Plaintiff's Second and Third Requests for Admission and Requests for Production.

Despite Defendant's responses, several material deficiencies remain unresolved and prevent Plaintiff from obtaining the basic information necessary to proceed.

First, Defendant admits that multiple inspections of the subject vehicle occurred, including an acquisition inspection and a pre-sale inspection. However, Defendant has not produced any inspection reports, photographs, technician notes, or related documentation for those inspections. Defendant has also not stated whether such documents exist or do not exist.

Second, with respect to the alleged May 21, 2024 inspection, Defendant admits that no inspection report exists. (RFA No. 13). Defendant further states that it is unable to identify the technician who performed the inspection and has made only a "reasonable inquiry" without providing a definitive answer. (RFA No. 14). These responses remain incomplete and have not been supplemented.

Third, Defendant repeatedly states in its responses to Requests for Production that it is "endeavoring to determine" whether responsive documents exist or reserves the right to supplement at an unspecified time. These statements do not constitute complete responses under the Federal Rules and leave the existence of responsive materials unresolved.

Fourth, Defendant has not supplemented its Rule 26(a)(1) disclosures to identify any individual with knowledge of the inspections it admits occurred, nor has it identified the subject matter of such knowledge.

To resolve these issues without Court intervention, Plaintiff requests that Defendant provide the following within five (5) days:

1. A definitive statement as to whether documents exist for the acquisition inspection and pre-sale inspection, including reports, photographs, technician notes, or related materials.

   If such documents exist, they must be produced.

   If no such documents exist, Defendant must state so clearly.

2. Identification of all individuals with knowledge of each inspection performed on the subject vehicle, including acquisition, pre-sale, and any post-sale inspection, together with the subject matter of that knowledge.

3. A definitive statement regarding whether any documents, photographs, videos, or notes exist relating to the alleged May 21, 2024 inspection, beyond those already addressed in Defendant's responses.

4. Supplementation of Defendant's Rule 26(a)(1) disclosures to include all individuals with discoverable information concerning the inspections and the condition of the vehicle.

5. Confirmation that Defendant's responses to Requests for Production are complete and not subject to further supplementation, or identification of what specific information remains outstanding and when supplementation

If these deficiencies are not resolved within five (5) days, Plaintiff will seek relief from the Court, including a request for a discovery conference regarding Defendant's failure to provide complete responses.

This request is made in good faith in an effort to resolve these issues without Court intervention.

Regards,

David J. Cernance

---

**Sean E. Boyd** <sboyd@mfllaw.com>                                      Mon, Mar 30, 2026 at 12:31 PM
To: David Cernance <davidcernance@gmail.com>
Cc: Maybel Thomas <mthomas@mfllaw.com>, "Tara M. Bragg" <TBragg@mfllaw.com>

Mr. Cernance – As you know, the matters stated below have already been addressed by the Court on multiple occasions, and the Court has issued its decision regarding same twice.

If you decide to pursue further action with the Court regarding same, we will have no choice but to request attorneys' fees and any available sanctions that the Court may choose to impose. We would prefer not to have to do so.

Regards,

Sean

Sean E. Boyd
Partner

Direct.678.298.0749
Tel.404.256.0700
Fax.404.250.9355
sboyd@mfllaw.com

NOTICE: This message originates from the law firm of Mozley, Finlayson & Loggins LLP. The message and any file transmitted with it may contain confidential information which may be subject to the attorney-client privilege, or otherwise protected against unauthorized use. The information contained in this message and any file transmitted with it is transmitted in this form based on a reasonable expectation of privacy consistent with ABA Formal Opinion No. 99-413. Any disclosure, distribution, copying or use of the information by anyone other than the intended recipient, regardless of address or routing, is strictly prohibited. All attachments are believed to be free of viruses, but any attachments should be checked for viruses before being opened. If you have received this message in error, please advise the sender by immediate reply and delete the original message. Personal messages express views solely of the sender and are not attributable to Mozley, Finlayson & Loggins LLP.

[Quoted text hidden]



**image001.jpg**
8K

MOZLEY | FINLAYSON | LOGGINS
LLP
SINCE 1977