**EXHIBIT A**
**Email Correspondence Regarding Protective Order (March 31, 2026)**

 Gmail

David Cernance <davidcernance@gmail.com>

---

# Rule 30(b)(6) Deposition – Clarification of Materials for Corporate Testimony
3 messages

---

**David Cernance** <davidcernance@gmail.com>                                     Sat, Mar 28, 2026 at 5:42 PM
To: "Sean E. Boyd" <sboyd@mfllaw.com>
Cc: Maybel Thomas <MTHOMAS@mfllaw.com>, "Tara M. Bragg" <TBragg@mfllaw.com>

Mr. Boyd,

This email is not a new discovery request and does not seek to serve additional requests for production. Rather, it is a clarification directed to the upcoming Rule 30(b)(6) deposition and the topics already noticed, as well as information encompassed within Plaintiff's previously served discovery.

As you are aware, under Rule 30(b)(6), CarMax is required to prepare its designated corporate representative to testify regarding information known or reasonably available to the organization. That obligation necessarily includes review of documents, records, and communications relevant to the noticed topics. In addition, Rule 26(e) requires supplementation where responsive information has not been fully provided.

All requests below are limited to documents relating to the subject vehicle and the topics identified in the Rule 30(b)(6) notice.

To ensure that the deposition proceeds efficiently and without unnecessary delay, Plaintiff requests that CarMax produce the materials relied upon, reviewed, or necessary to prepare its Rule 30(b)(6) designee to testify on the noticed topics and previously served discovery, including:

* Inspection records relating to the subject vehicle, including acquisition, pre-sale, and post-sale inspections
* Photographs, technician notes, and inspection checklists relating to the subject vehicle
* Internal communications relating to the condition of the subject vehicle, including any references to rust or corrosion
* Communications relating to the subject vehicle between the Roswell location and corporate personnel
* Documents relating to any inspection or evaluation of the subject vehicle on or about May 21 or May 23, 2024
* Documents relating to warranty claims, MaxCare, or repair determinations concerning the subject vehicle
* Documents relating to any payment issued by CarMax for repairs to the subject vehicle
* Policies, procedures, or training materials relied upon in connection with inspections or evaluations of the subject vehicle
* Any materials reviewed or relied upon by the corporate representative in preparation to testify regarding the subject vehicle

To avoid any misunderstanding, a Rule 30(b)(6) deposition is not a substitute for documents that exist or should exist within CarMax's possession, custody, or control. If CarMax maintains that certain documents do not exist, the designated corporate representative will still be expected to testify fully regarding the information known or reasonably available to the organization, including the absence of such documents and the reasons for any nonexistence or unavailability.

Please produce these materials no later than seven (7) calendar days prior to the deposition so that the deposition may proceed in an efficient and orderly manner.

If any responsive materials are not produced, please identify them and state the basis for nonproduction.

This clarification is provided to avoid any confusion regarding the scope of the Rule 30(b)(6) preparation obligation and to prevent unnecessary motion practice.

Regards,

David Cernance M.Div., MMSc
616 Hickory Cove Road

817.570.7097 Cell

---

**Sean E. Boyd** <sboyd@mfllaw.com>                                                Tue, Mar 31, 2026 at 9:01 AM
To: David Cernance <davidcernance@gmail.com>
Cc: Maybel Thomas <mthomas@mfllaw.com>, "Tara M. Bragg" <TBragg@mfllaw.com>

Mr. Cernance –

As stated in the discovery responses, we have objected to producing confidential documents in the absence of a protective order of confidentiality that limits the use of those documents to this proceeding.  Consequently, we cannot produce those confidential documents or have our corporate representative testify to matter contained therein in the absence of such a protective order.  Stated differently, if we have the protective order in place, we can produce the documents and have the representative testify to the matters contained therein.

As you know, we previously sent you the attached protective order for your consent so that we could produce those documents.  I am sending it over again to see if you will consent to it or, if you do not, please inform us of the reason(s) you cannot so such that we can attempt to work together to get it in place.

Regards,

Sean

Sean E. Boyd
Partner

Direct.678.298.0749
Tel.404.256.0700
Fax.404.250.9355
sboyd@mfllaw.com



MOZLEY | FINLAYSON | LOGGINS
———————— LLP ————————
SINCE 1977

NOTICE: This message originates from the law firm of Mozley, Finlayson & Loggins LLP. The message and any file transmitted with it may contain confidential information which may be subject to the attorney-client privilege, or otherwise protected against unauthorized use. The information contained in this message and any file transmitted with it is transmitted in this form based on a reasonable expectation of privacy consistent with ABA Formal Opinion No. 99-413. Any disclosure, distribution, copying or use of the information by anyone other than the intended recipient, regardless of address or routing, is strictly prohibited. All attachments are believed to be free of viruses, but any attachments should be checked for viruses before being opened. If you have received this message in error, please advise the sender by immediate reply and delete the original message. Personal messages express views solely of the sender and are not attributable to Mozley, Finlayson & Loggins LLP.

[Quoted text hidden]

---

 **CarMax - Joint Motion for Protective Order (Cernance).docx**
39K

**David Cernance** <davidcernance@gmail.com>                    Tue, Mar 31, 2026 at 9:45 AM
To: "Sean E. Boyd" <sboyd@mfllaw.com>
Cc: Maybel Thomas <MTHOMAS@mfllaw.com>, "Tara M. Bragg" <TBragg@mfllaw.com>

Mr. Boyd,

I have reviewed the proposed protective order.

As previously stated, I am not in a position to agree to the terms as drafted. At this time, I am not providing revisions.

If Defendant believes a protective order is necessary, it may seek appropriate relief from the Court.

Plaintiff's discovery requests remain pending, and Defendant's obligations under the Federal Rules are not stayed.

Regards,
David J. Cernance

[Quoted text hidden]
--
[Quoted text hidden]