**EXHIBIT B**
**Proposed Protective Order of Confidentiality (Provided by Defendant)**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

DAVID J. CERNANCE,

    Plaintiff,

vs.

CARMAX AUTO SUPERSTORES, INC.,

    Defendant.

CIVIL ACTION FILE
NO.: 2:25-CV-00387-SCJ

## [PROPOSED]
## PROTECTIVE ORDER OF CONFIDENTIALITY

IT IS HEREBY ORDERED that the documents and other information, including the substance and content thereof, designated by defendant CARMAX AUTO SUPERSTORES, INC. (hereinafter, "CarMax"), as confidential and proprietary and produced by CarMax in response to any formal or informal requests for discovery in the present litigation shall be subject to the terms of this Protective Order of Confidentiality as set forth below.

IT IS FURTHER ORDERED AS FOLLOWS:

1.

For purposes of this Protective Order of Confidentiality, "Confidential Information" means any documents and written responses provided by CarMax in response to any formal or informal discovery requests which CarMax designates as

confidential by so indicating on the face of the writing with language reading "CONFIDENTIAL INFORMATION PURSUANT TO PROTECTIVE ORDER OF CONFIDENTIALITY" or with similar language.

2.

All Confidential Information may be used for the purposes of this lawsuit only.

3.

Except as specifically set out below, the parties and their attorneys shall not divulge or otherwise disclose the substance or existence of the documents or other information designated as Confidential Information, or any copies, prints, negatives, or summaries thereof, to any entity or person with the exception of the employees of parties' counsel and the experts and consultants employed by the parties in connection with the preparation and trial of this action.

4.

Before any such Confidential Information, or substance or summary thereof, shall be disclosed to experts or consultants retained by any party, the party or their attorney(s) shall tender a copy of this Protective Order of Confidentiality to each such person or entity in order that each such person or entity to whom the disclosure of Confidential Information is made shall be on notice and fully informed that the contents and substances of this Protective Order of

-2-

-3-

Confidentiality are, and are intended to be, equally binding upon it, him, or her, as well as upon all parties to this lawsuit and their counsel. Each expert and consultant employed by the parties to this lawsuit in connection with the preparation and trial of this action to whom Confidential Information will be disseminated will be required, prior to any such dissemination, to receive, read, and sign a copy of this Protective Order of Confidentiality and Exhibit 1 hereto, and to agree to be bound by the terms of this Protective Order of Confidentiality and to be personally subject to the jurisdiction of this Court for the purposes of enforcement hereof by the execution of a copy of Exhibit 1 hereto.

5.

All Confidential Information and any pleading, motion, or other paper filed with the Court disclosing any such Confidential Information shall be filed under seal and shall be kept under seal until further order of the Court. However, said information shall continue to be available to the Court and to such persons permitted access to the Confidential Information under this Protective Order of Confidentiality. Where possible, only the confidential portions of filings with the Court shall be filed under seal.

6.

Nothing in this Protective Order of Confidentiality shall be deemed a waiver of a party's rights (a) to oppose any motion by CarMax for a Protective Order of

-3-

Confidentiality, or (b) to oppose any objection by CarMax to the production of information, documents, or other materials in response to requests for discovery in this litigation.

7.

Nothing in this Protective Order of Confidentiality shall be deemed a waiver of CarMax's right to (a) oppose discovery on grounds other than that the documents and information sought constitute or contain confidential information; or (b) object to the admission in evidence, at trial of this action, of any Confidential Information.

8.

Nothing in this Protective Order of Confidentiality shall be deemed an admission by CarMax about the relevancy or admissibility of any Confidential Information. However, the production of Confidential Information by CarMax in response to requests for discovery in this litigation shall constitute an admission as to the authenticity of such materials which were generated in the ordinary course of business by CarMax.

9.

The inadvertent production of or failure to designate material as confidential shall not constitute a waiver of confidentiality, and the producing party may thereafter designate the same as Confidential Information.

10.

All materials designated as Confidential Information shall be treated as confidential pursuant to the terms of the Protective Order of Confidentiality until further order of this Court. A party may challenge the designation of any material as confidential or otherwise apply to the Court by motion at any time during the pendency of this case for a ruling upon good cause shown that materials not be treated as confidential. The party asserting the confidential protection should have the burden of proving that the document qualifies as confidential. Should a party make such a challenge and the Court rules that the challenged materials are not entitled to protection as Confidential Information, CarMax shall have ten (10) days after exhausting all appeals and petitions for relief to provide plaintiff with duplicate copies of the challenged materials free of any language indicating that they are subject to this Protective Order of Confidentiality.

11.

If a party intends to introduce at trial any Confidential Information into evidence, said party shall provide notice of such intention to the Court and to CarMax during the exchange of exhibit lists. The identification of Confidential Information in a party's exhibit lists and/or in any pretrial order shall constitute compliance with this provision.

-5-

12.

Nothing herein shall prevent any party from using the Confidential Information in connection with any trial, hearing, or other public proceeding in this matter or from seeking further protection with respect to the use of any such Confidential Information in connection with such trial, hearing, or other public proceeding in this matter.

13.

Each party or party's counsel, as applicable, shall maintain a list of the names of all persons to whom Confidential Information is disclosed until such time as all materials covered by this Protective Order of Confidentiality are returned to CarMax's counsel as set forth herein.

14.

Following the completion of the trial and appeals, if any, in this action, or at the satisfaction of any judgment, or upon conclusion of any settlement, if any, each party's counsel shall destroy, or CarMax's counsel will retrieve, all Confidential Information and any and all copies, translations, prints, negatives, and summaries thereof, including any and all copies, translations, prints, negatives, and summaries in the possession of each party, their experts, and their consultants.

SO ORDERED, this _____ day of _____, 2026.

BY THE COURT:

_____
HONORABLE STEVE C. JONES
Judge, United States District Court
Northern District of Georgia

**THIS PROTECTIVE ORDER OF CONFIDENTIALITY PREPARED BY:**

_____
John L. McKinley, Jr.
Georgia Bar No. 495513
Sean E. Boyd
Georgia Bar No. 302874

Attorneys for Defendant
CarMax Auto Superstores, Inc.

MOZLEY, FINLAYSON & LOGGINS LLP
1050 Crown Pointe Parkway, Suite 1500
Atlanta, Georgia 30338-7704
(404) 256-0700 (telephone)
(404) 250-9355 (facsimile)
jmckinley@mfllaw.com
sboyd@mfllaw.com

**THIS PROTECTIVE ORDER OF CONFIDENTIALITY CONSENTED TO BY:**

_____
David Joseph Cernance
Pro Se Plaintiff

616 Hickory Cove Road
Jasper, Georgia 30143
davidcernance@gmail.com

**EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

DAVID J. CERNANCE,

    Plaintiff,

vs.

CARMAX AUTO SUPERSTORES, INC.,

    Defendant.

CIVIL ACTION FILE
NO.: 2:25-CV-00387-SCJ

## ACKNOWLEDGMENT OF RECEIPT OF PROTECTIVE ORDER OF CONFIDENTIALITY AND AGREEMENT TO BE BOUND THEREBY

I acknowledge receipt of a copy of the PROTECTIVE ORDER OF CONFIDENTIALITY dated _____, 2026, and I agree that I will be bound by its provisions with respect to any information provided to me pursuant to the terms of this Agreement. I agree that if I receive any document marked "CONFIDENTIAL INFORMATION," I will not make any copies thereof without the written consent of the party furnishing such document in discovery, and I will not discuss the document with anyone other than counsel for a party or others necessary for the purpose of prosecuting or defending the case. I further agree to return any CONFIDENTIAL INFORMATION at the close of this litigation pursuant to this Protective Order of Confidentiality. I hereby consent to

-2-

the personal jurisdiction of the United States District Court for the Northern District of Georgia, Gainesville Division, with regard to any matter relating to or arising out of the Agreement and I acknowledge that I have read the Agreement and understand its terms. I further acknowledge that I may be subjected to sanctions by the Court if I fail to comply with the Order.

This _____ day of _____, 202___.


_____

Name: _____

Title: _____

-2-