**Shane Gazaway**

| | |
|---|---|
| **From:** | no-reply@efilingmail.tylertech.cloud |
| **Sent:** | Friday, April 3, 2026 5:54 PM |
| **To:** | Shane Gazaway |
| **Subject:** | Filing Submitted for Case: 2025SUCV0721; CERNANCE V/S CARMAX AUTO SUPERSTORE, INC; Envelope Number: 21343876 |

<mark>CAUTION - EXTERNAL:</mark>



# Filing Submitted

Envelope Number: 21343876
Case Number: 2025SUCV0721
Case Style: CERNANCE V/S CARMAX AUTO
SUPERSTORE, INC

The filing below has been submitted to the clerk's office for review. Please allow 24 - 48 hours for clerk office processing.

| Filing Details | |
|---|---|
| **Court** | Pickens County |
| **Date/Time Submitted** | 4/3/2026 5:52 PM EST |
| **Filing Type** | Notice |
| **Filing Description** | Order of Remand from United States District Court, Northern GA |
| **Type of Filing** | EFile |
| **Filed By** | Robert Gazaway |
| **Filing Attorney** | Kevin Weimer |

| Fee Details |
|---|
| Your account is never charged until your filing is accepted. If you see any pending charges on your account prior to acceptance, this is an authorization hold to ensure the funds are available so your filing can be accepted without delay.<br><br>If the filing is canceled or rejected these funds will be released and will return to your account according to your financial institution's policies (typically 3-10 business days). |
| Waiver Selected<br>Case Fees   $0.00<br>Notice        $0.00<br>Grand Total $0.00 |
| **Total:**$0.00 |

1

| Document Details | |
| --- | --- |
| **Lead Document** | show_temp-470.pdf |
| **Lead Document Page Count** | 10 |
| **File Copy** | [Download Document](#) |
| This link is active for 90 days. | |

For technical assistance, contact your service provider



Need Help? [Help](#)

No Lawyer? [Start Here](#)
Visit: https://georgia.tylertech.cloud/ofsweb
Email:efiling.support@tylertech.com

Please do not reply to this email. It was automatically generated.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

**DAVID J. CERNANCE,**

  **Plaintiff,**

**v.**

**CARMAX AUTO SUPERSTORES, INC.,**

  **Defendant.**

**CIVIL ACTION FILE**

**No. 2:25-CV-00387-SCJ**

ATTEST: A TRUE COPY
CERTIFIED THIS

Date: Apr 03 2026

KEVIN P. WEIMER, Clerk

By: s/Shane Gazaway
Deputy Clerk

**ORDER**

    This matter appears before the Court on Plaintiff's Motion for Leave to Amend Complaint and Motion to Remand. Doc. No. [6].[1]

## I.    BACKGROUND

    Plaintiff alleges that he purchased a 2018 RAM 2500 from Defendant on May 16, 2024. Doc. No. [1-2], ¶ 5. However, by August 7, 2024, the vehicle suffered mechanical failure from a rusted fan clutch, requiring repairs to "pervasive structural damage" in the vehicle. Id., ¶ 6. Plaintiff alleges that the

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers referenced are those imprinted by the Court's docketing software.

rust damage was pre-existing and undisclosed at the time that he purchased the vehicle. Id., ¶ 10. On November 7, 2025, Plaintiff commenced this action in the Superior Court of Pickens County, Georgia, bringing claims of fraudulent misrepresentation, breach of contract, and violation of Georgia Fair Business Practices Act against Defendant CarMax Auto Superstores, Inc. ("CarMax"). Id. On December 1, 2025, Plaintiff filed a First Amended Complaint to add a claim for punitive damages against Defendant. Defendant removed this action on December 5, 2025.

On December 11, 2025, Plaintiff filed a Motion for Leave to Amend Complaint and Motion to Remand. Doc. No. [6]. Plaintiff seeks to add Letony Rouse, II ("Mr. Rouse"), Operations Manager at the CarMax store located at 11450 Alpharetta Highway, Roswell, Georgia 30076 (Doc. No. [10-3]), as a Defendant to bring a fraud claim for Mr. Rouse's post-sale fraudulent concealment and inducement. Doc. Nos. [6]; [11]. Specifically, Plaintiff alleges that Mr. Rouse was "directly involved in the post-sale concealment that prevented Plaintiff from returning the truck within the return window." Doc. No. [11], 1–2. On December 23, 2025, Defendant CarMax filed a response in opposition to Plaintiff's motion (Doc. No. [10]), and on January 5, 2026, Plaintiff

2

submitted a reply, to which he attached his proposed amended complaint (Doc. No. [11]).

## II.    LEGAL STANDARD

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction," the Court has the authority to deny joinder or permit joinder and remand the action. 28 U.S.C. § 1447(e). "Congress has given district courts broad discretion to decide whether, after removal, to permit joinder of a new defendant who would destroy diversity[.]" Dever v. Family Dollar Stores of Ga., LLC, 755 Fed. App'x 866, 869 (11th Cir. 2018).

Our court has "no binding precedent that addresses how a district court should decide whether to permit the joinder of a non-diverse defendant after removal." Hickerson v. Enter. Leasing Co. of Ga., LLC, 818 Fed. App'x 880, 885 (11th Cir. 2020). However, courts in this Circuit have considered the following factors: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for amendment; (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and (4) any other factors bearing on the equities. Id.; see also Dever, 755

3

Fed. App'x at 869. This Court now considers these factors in determining whether Plaintiff should be allowed to amend his Complaint to join a non-diverse defendant.

## III.   ANALYSIS

The first factor "requires the Court to determine whether the *sole* purpose of Plaintiff's proposed amendment is to defeat federal jurisdiction. See Mushynkevych v. Infinity Auto Ins. Co., No. 24-CV-24674, 2025 WL 1036564, at *4 (S.D. Fla. Apr. 8, 2025) (citing Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987)) (emphasis added). The Court acknowledges that Plaintiff's filing of his Motion to Amend days after Defendant removed the case and before the commencement of discovery "suggests that the amendment is done with the 'specific purposes of destroying diversity jurisdiction.'" Small v. Ford Motor Co., 923 F. Supp. 2d 1354, 1357 (S.D. Fla. 2013) (quoting Ibis Villas at Mia. Gardens Condo Ass'n, Inc., v. Aspen Specialty Ins. Co., 799 F. Supp. 2d 1333, 1335 (S.D. Ga. 2011)). Additionally, Plaintiff concedes that he knew of the non-diverse defendant's involvement in the inspection of his vehicle prior to the filing of his complaint. See Doc. No. [11-2], 2–3 (alleging in his proposed second amended complaint that Mr. Rouse personally reinspected the vehicle and informed

4

Plaintiff that the rust was "cosmetic" within days of Plaintiff's purchase of the vehicle).  This also indicates that the purpose of amendment was to defeat diversity.

However, this Court finds that Plaintiff's timing alone is not dispositive of Plaintiff's motives to amend. See Mushynkevych, 2025 WL 1036564, at *5; see also Weaver v. Fam. Dollar Stores of Georgia, LLC, No. 1:20-CV-03072-ELR, 2021 WL 12300125, at *2 (N.D. Ga. June 14, 2021) (disagreeing with Defendant and "finding that other courts have held that the timing of plaintiff's motion is insufficient *by itself* to tilt this first factor in favor of defendant." (internal quotations omitted)). Rather, the Court places greater weight on whether the proposed claims against the nondiverse defendant appear facially valid, especially considering Plaintiff's *pro se* status. Taylor v. Alabama CVS Pharmacy, L.L.C., No. 7:16-CV-1827-TMP, 2017 WL 3009695, at *8 (N.D. Ala. July 14, 2017) (considering "whether the claim against the proposed defendant is relatively strong or weak on the merits.").

Upon reviewing Plaintiff's Proposed Second Amended Complaint (Doc. No. [11-2]), the Court finds that Plaintiff has a potentially viable claim against Mr. Rouse. The potential viability of Plaintiff's claim, considering the short time Plaintiff had to add this proposed defendant before removal and Plaintiff's *pro se*

5

status, weighs against the inference that Plaintiff's *sole* motives in seeking amendment is merely to defeat diversity jurisdiction. See Sexton v. Progressive Preferred Ins. Co., No. 4:09-CV-0102-HLM, 2009 WL 10664783, at *2 (N.D. Ga. July 28, 2009) (finding that "other than the timing to amend their Complaint and the fact that Plaintiffs have known [proposed defendant] for some time, there is no indication that Plaintiffs have sought leave to amend simply to defeat diversity jurisdiction" when Plaintiffs "seek to add proper, potentially viable claims against [proposed defendant]."); see also Santillana v. Manhattan Const. Co., No. 3:12-CV-4384-BF, 2013 WL 4854525, at *2 (N.D. Tex. Sept. 10, 2013) ("Courts have held that when a plaintiff states a viable claim against a non-diverse defendant it is unlikely that the primary purpose of the amendment is to destroy diversity jurisdiction." (internal quotations omitted)). Accordingly, the Court finds that this factor weighs little, if at all, in favor of denying amendment.

With respect to the second factor, the Court finds the same. "A plaintiff is dilatory in adding a non-diverse party when the plaintiff waits an unreasonable amount of time before asking for an amendment, despite having been able to ascertain the party's role in the suit all along." Hickerson, 818 Fed. App'x at 886. Accordingly, Plaintiff's prior knowledge of Mr. Rouse's involvement before

6

filing his initial complaint supports the finding of a lack of diligence. See O'Connor v. Auto. Ins. Co. of Hartford Conn., 846 F. Supp. 39, 41 (E.D. Tex. 1994) (holding that Plaintiff's proposed joinder was dilatory when he knew of the proposed additional party at the time he filed his initial complaint).

However, the Court does not find that Plaintiff waited an "unreasonable amount of time" before asking for an amendment. Plaintiff filed his Complaint on November 7, 2025, and Defendant removed the case less than a month later on December 5, 2025. Plaintiff promptly filed for amendment on December 11, 2025. Under this procedural history, there is "nothing to suggest that Plaintiff delayed the litigation to the prejudice of any Defendant or proposed Defendant." Venco Builders, Inc. v. Nautilus Ins. Co., No. 25-CV-5896-JMY, 2026 WL 192601, at *4 (E.D. Pa. Jan. 23, 2026) (finding that Plaintiff was not dilatory where he moved to amend less than ten days after removal); see also Sexton v. Progressive Preferred Ins. Co., 2009 WL 10664783, at *3 ("Given that Plaintiffs moved quickly to amend their Complaint to add [proposed defendant], the Court cannot find, based on Defendants' contention that Plaintiffs have known about [proposed defendant] for some time, that Plaintiffs have been dilatory in requesting leave to amend.").

7

With respect to the third factor, having found that Plaintiff has a viable claim against Mr. Rouse, the Court finds that this factor weighs in favor of amendment. The "redundancy, duplication of effort and expense, and multiplication of proceedings inherent in . . . parallel litigation is an injury to [a] plaintiff that certain courts have deemed sufficient to satisfy [the third] factor." Thornton v. McCarthy Bldg. Companies, Inc., No. 1:20-CV-01257, 2020 WL 6738153, at *2 (N.D. Ga. Nov. 17, 2020) (internal quotations omitted); but see Hickerson, 818 Fed. App'x at 886 ("Being made to litigate . . . in state court does not necessarily amount to a significant injury—even if it results in duplicative efforts on the plaintiffs' part—such that this factor weighs in the plaintiffs' favor").

While the Eleventh Circuit has found that duplicative efforts by Plaintiff does not automatically weigh this factor in favor of amendment, courts have found that "where the plaintiff would be forced to litigate identical actions in separate forums, the third factor leans in the plaintiff's favor[,]" especially when the claims stem from the same factual and legal questions. Lanza v. Hobby Lobby Stores, Inc., No. 24-CV-24043, 2025 WL 1684137, at *4 (S.D. Fla. June 16, 2025). Accordingly, the Court finds that the third factor weighs in favor of amendment.

8

Finally, the interests of judicial economy would also be served by allowing the amendment. "In a parallel state proceeding, similar discovery would be exchanged, [and] similar motions would be filed[.]" <u>Lindsay v. CSX Transportation, Inc.</u>, No. 5:17-CV-5, 2018 WL 1177935, at \*3 (S.D. Ga. Jan. 26, 2018), <u>report and recommendation adopted,</u> No. 5:17-CV-5, 2018 WL 1176855 (S.D. Ga. Mar. 6, 2018) Instead, allowing joinder and remanding the case "would promote the 'just, speedy and inexpensive determination' of this proceeding." <u>Id.</u> (quoting Fed. R. Civ. P. 1); <u>see also</u> <u>Sieben v. Hurley</u>, No. 1:24CV126-MW/MJF, 2025 WL 1421862, at \*3 (N.D. Fla. Jan. 27, 2025) (considering that requiring parallel proceedings is not in the interest of judicial economy, and holding that questions of state law are best resolved by state courts in deciding that the equities weighed in favor of amendment). Further, this case is still in the early procedural stages. Discovery has not closed, and no dispositive motions have been filed. Therefore, a remand would not seriously delay or prejudice the parties.

Accordingly, having weighed the equitable factors while also accounting for the policy of affording *pro se* litigants a liberal construction of their filings and a meaningful opportunity to present their claims, the Court finds that the balance weighs in favor of amendment.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to Amend Complaint and Motion to Remand to State Court (Doc. No. [6]) is **GRANTED**. The Clerk is hereby **DIRECTED** to **REMAND** this action to the State Court of Pickens County, Georgia.

All pending motions not otherwise ruled upon are hereby **DISMISSED AS MOOT**. As there are no further issues outstanding, the Clerk is **DIRECTED** to **CLOSE THIS ACTION**.

**IT IS SO ORDERED** this 2nd day of April, 2026.

/s/ Steve C. Jones
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**

10