IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION



DAVID JOSEPH CERNANCE,

Plaintiff,

vs.

CARMAX AUTO SUPERSTORES, INC.,

Defendant.

CIVIL ACTION FILE

NO.:  2:25-CV-00387-SCJ

## PLAINTIFF'S NOTICE FOR PURPOSES OF PERFECTING THE RECORD REGARDING COUNSEL SEAN E. BOYD'S REPRESENTATIONS TO THE COURT, APPARENT MISREPRESENTATIONS, AND SUBSEQUENT DISCOVERY INCONSISTENCIES RELATING TO THE ALLEGED MAY 21, 2024 INSPECTION

Plaintiff David J. Cernance, proceeding pro se, respectfully files this Notice for the limited purpose of perfecting the record, consistent with the Court's instruction during the March 26, 2026 conference:

"You can perfect the record by filing on the docket things you think are pertinent … but I am not giving you permission to file a motion to compel." **Mar. 26, 2026 Tr. 9:19–10:15.**

**This Notice is not a motion.**

Plaintiff does not request any ruling, relief, hearing, discovery order, sanction, adverse inference, reconsideration, or reopening of the remanded action. Plaintiff files this Notice solely to preserve the accuracy of the federal record concerning representations made to the Court regarding the alleged May 21, 2024 inspection of Plaintiff's vehicle.

## I. PURPOSE OF THIS NOTICE

During the federal proceedings, Defendant's counsel represented to this Court that CarMax could not identify the person who allegedly inspected Plaintiff's vehicle on May 21, 2024, and that CarMax had no inspection records, technician notes, photographs, or contemporaneous documentation from that date.

Those representations were material to the discovery issues then before the Court because Plaintiff was attempting to identify and depose the person or persons involved in the alleged inspection of his vehicle.

Since remand, subsequent sworn discovery responses have created a material inconsistency with the record that existed before this Court. Plaintiff therefore files this Notice to identify those later discovery responses and to preserve the issue for the record.

## II. THE COURT'S STATEMENT REGARDING COUNSEL'S REPRESENTATIONS

During the February 24, 2026 conference, the Court stated, in substance, that Mr. Boyd was an officer of the Court, that he had checked and researched the issue, and that if Plaintiff could show something different, counsel would have a problem with the Court.

Plaintiff files this Notice because subsequent discovery responses appear to show something different from what was represented to this Court.

Plaintiff is not asking this Court to decide the issue in this Notice. Plaintiff is preserving the record so that the federal docket accurately reflects the later-discovered inconsistency.

## III. REPRESENTATIONS MADE TO THE COURT DURING THE FEDERAL PROCEEDINGS

During the February 24, 2026 and March 26, 2026 conferences, Defendant's counsel represented, in substance, that CarMax could not identify the person who inspected Plaintiff's vehicle on May 21, 2024, and that CarMax had no records from that date.

Those representations included, in substance:

CarMax could not identify the inspector;

CarMax had no inspection report for May 21, 2024;

CarMax had no technician notes for May 21, 2024;

CarMax had no photographs from the alleged inspection;

CarMax had no contemporaneous documentation from the alleged inspection; and

CarMax had checked its records and could not locate the information Plaintiff was seeking.

Those representations were made to this Court as the basis for Defendant's position that it could not identify the person who allegedly inspected Plaintiff's vehicle.

## IV. SUBSEQUENT DISCOVERY RESPONSES CREATE A MATERIAL RECORD INCONSISTENCY

After remand, Letony "Tony" Rouse II served sworn discovery responses in the state-court action. Those responses are material to the federal record because they relate directly to the same alleged May 21, 2024 inspection that was discussed during the federal conferences.

In those responses, Rouse admits, in substance, that he personally **created, contributed to, reviewed, or approved** Salesforce Case Notes relating to Plaintiff's 2018 RAM 2500.

That admission is significant because the Salesforce Case Notes contain detailed factual assertions concerning the alleged May 21, 2024 inspection, including assertions that:

1. the vehicle was inspected at the store shortly after purchase;
2. the shop placed the vehicle on a lift;
3. the undercarriage and subframe were inspected;
4. the rust was determined to be cosmetic;
5. the rust was determined to be within CarMax's standards;
6. senior management inspected the undercarriage; and
7. the review occurred within the Love Your Car Guarantee window.

Those Salesforce entries were not created contemporaneously with the alleged May 21, 2024 inspection. They were created approximately fifteen (15) months later, after the September 2025 escalation.

Because Rouse admits that he created, contributed to, reviewed, or approved the Salesforce Case Notes, his sworn discovery responses create a direct source-of-information issue. Either the Salesforce statements were based on records, files, notes, photographs, checklists, logs, inspection materials, or other contemporaneous documentation, or they were based on personal knowledge or information supplied by someone with personal knowledge.

However, CarMax has represented that no such contemporaneous inspection records, technician notes, photographs, or inspection documentation exist, and that the inspector cannot be identified.

## V. ADDITIONAL SWORN RESPONSES REGARDING THE ALLEGED INSPECTION

Rouse's subsequent discovery responses also state, admit, or indicate, in substance, that:

1. he looked at or inspected the vehicle with a CarMax technician;
2. the vehicle was placed on a lift;
3. findings were made concerning the vehicle;
4. he communicated findings to Plaintiff;
5. he relied on information from a CarMax technician; and
6. documentation may have existed.

These sworn responses are materially inconsistent with the federal record as it existed when Defendant represented that CarMax could not identify the inspector,

could not identify the source of the alleged inspection information, and had no records, notes, photographs, or contemporaneous documentation from the alleged inspection.

## VI. THE VERIFICATION CREATES THE SAME SOURCE-OF-INFORMATION PROBLEM

CarMax's Verification, signed by Letony Rouse II on February 13, 2026, stated that the facts in CarMax's discovery responses were not within the personal knowledge of any one person at CarMax, but were assembled by authorized employees and counsel from records and files kept by CarMax in the regular and ordinary course of business, and from interviews of authorized CarMax employees.

That Verification creates a separate but related inconsistency.

If the facts were assembled from records, files, and employee interviews, then CarMax had identifiable factual sources for the inspection narrative.

If, however, CarMax now maintains that no inspection records exist, no technician notes exist, no photographs exist, no contemporaneous documentation exists, no person with personal knowledge can be identified, and no source for the Salesforce statements can be identified, then the Verification and the Salesforce narrative cannot both be reconciled with the representations made to this Court.

## VII. THE RECORD ISSUE PLAINTIFF SEEKS TO PRESERVE

Plaintiff respectfully submits that the contradiction is straightforward:

1. Either CarMax had records, files, inspection materials, system logs, or knowledgeable employees supporting the alleged May 21, 2024 inspection

narrative, in which case those sources should have been identified or preserved; or

2. CarMax did not have records, files, inspection materials, system logs, or knowledgeable employees supporting the inspection narrative, in which case the Salesforce Case Notes and Verification were unsupported by any identifiable factual source.

Plaintiff does not ask this Court to resolve that issue in this Notice. Plaintiff files this Notice only because the later discovery responses are directly relevant to the accuracy of the representations made during the federal proceedings.

## VIII. NO RELIEF REQUESTED

Plaintiff expressly states that this Notice is filed only for purposes of perfecting the record.

Plaintiff is not requesting:

1. a ruling;
2. sanctions;
3. reconsideration;
4. a discovery order;
5. a hearing;
6. an adverse inference;
7. reopening of the federal action; or
8. any other relief from this Court.

Plaintiff files this Notice solely to preserve the record and to allow the Court, if necessary, to compare counsel's prior representations with the sworn discovery responses now available. Plaintiff further files this Notice so that the record reflects

that subsequent sworn discovery responses materially contradict or call into question representations previously made to this Court regarding the alleged May 21, 2024 inspection, the existence of records, the identity of the inspector, and the source of the Salesforce inspection narrative.

Respectfully submitted,
This 6th day of July, 2026.

DAVID JOSEPH CERNANCE
Pro Se Plaintiff
616 Hickory Cove Rd
Jasper, GA 30143-6859