**EXHIBIT A**

**SELECTED SUBSEQUENT DISCOVERY MATERIALS RELATING TO THE ALLEGED MAY 21, 2024 INSPECTION**

Plaintiff attaches selected subsequent discovery materials from the state-court action for the limited purpose of perfecting the federal record. These materials relate to the alleged May 21, 2024 inspection, the Salesforce Case Notes, the CarMax Verification, and the source-of-information issues addressed in Plaintiff's Notice.

Plaintiff does not attach the federal conference transcripts as exhibits. The federal transcripts are cited by transcript page and line only.

## INDEX OF SELECTED MATERIALS ATTACHED AS EXHIBIT A

Plaintiff attaches only selected subsequent discovery materials for the limited purpose of perfecting the record. Plaintiff does not seek relief through this exhibit.

**Federal Transcript Citations — Cited Only, Not Attached**

1. **March 26, 2026 Transcript, page 9 line 19 through page 10 line 15**
   Court's statement that Plaintiff was not being granted permission to file a motion to compel, but could perfect the record by filing matters on the docket that Plaintiff believed were pertinent if the case later went before an appellate court.
2. **March 26, 2026 Transcript, page 10 line 16 through page 11 line 2**
   Court's discussion that Plaintiff needed to provide specifics and that counsel had represented that he did not know who inspected the vehicle.
3. **February 24, 2026 Transcript, page 6 line 1 through page 6 line 24**
   Court's discussion concerning counsel's representation that he had checked, researched, and could not identify a definite inspector, and that if Plaintiff could show something different, counsel would have an issue with the Court.
4. **February 24, 2026 Transcript, page 8 line 1 through page 9 line 11**
   Discussion concerning the alleged absence of May 21, 2024 inspection records and counsel's statement regarding any additional information concerning the inspection or inspector.

**Attached Selected Discovery Materials**

1. **Selected Rouse Discovery Response — Salesforce Case Notes**
   The page or pages showing Rouse's sworn response admitting, in substance, that he created, contributed to, reviewed, or approved Salesforce Case Notes relating to Plaintiff's 2018 RAM 2500.
2. **Selected Rouse Discovery Responses — Inspection, Technician, Source, and Communication Issues**
   The page or pages showing Rouse's sworn responses concerning the alleged inspection or evaluation, technician involvement, source of information, communication of findings to Plaintiff, or inability to identify the technician or source.
3. **CarMax Verification Signed by Letony "Tony" Rouse II**
   The verification page stating that CarMax's discovery responses were assembled from records and files kept by CarMax in the regular and

ordinary course of business and from interviews of authorized CarMax employees.

4. **Salesforce Case Notes Regarding Plaintiff's Vehicle**
   The Salesforce Case Notes pages containing the alleged May 21, 2024 inspection narrative, including references to senior management, lift inspection, undercarriage/frame/subframe evaluation, cosmetic-rust determination, and the Love Your Car Guarantee window.

1. Rouse Responses to Interrogatories — page 4

6.

State whether you were part of "senior management" and describe your responsibilities.

**RESPONSE:**    Rouse objects to interrogatory no. 6 on the ground that it is vague and ambiguous because "senior management" has not been defined, and on the grounds that a request to describe all "responsibilities" is overly broad in scope, is unduly burdensome, and it seeks information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, as Rouse understands the term senior management, in May 2024, he was a member of senior management at CarMax's Roswell Store, and he oversaw its service and operations departments.

7.

State whether you created, contributed to, reviewed, or approved any Salesforce Case Notes relating to the subject vehicle.

**RESPONSE:**    Insofar as interrogatory no. 7 relates to a 2018 RAM 2500 (VIN 3C6MR5AJ6JG347736) (hereinafter "2018 RAM 2500"), yes.

8.

Identify all individuals who created, contributed to, reviewed, or approved those notes.

**RESPONSE:**    Rouse objects to interrogatory no. 8 on the grounds that it does not identify the "notes" for which it seeks information and, thus, is overly broad in scope, and it seeks information that is irrelevant and is not reasonably calculated to

Mozley, Finlayson
& Loggins LLP
A Limited Liability
Partnership
1050 Crown Pointe Parkway
Suite 1500
Atlanta, Georgia 30338

-4-

2.  Rouse Responses to Interrogatories — pages 6–9

10 relates to the 2018 RAM 2500, to the extent known to Rouse, that information would be reflected in the Salesforce Case Notes themselves.

11.

Identify all information added after September 19, 2025 relating to inspection or evaluation.

**RESPONSE:**    Rouse objects interrogatory no. 11 on the ground that it is vague and ambiguous because the terms "inspection" and "evaluation" are undefined, it does not identify the object for which it seeks to determine if information exists as to any such inspection or evaluation, and it does not identify the object for which it seeks to determine if information has been added. Rouse further objects to this interrogatory on the basis that it is overly broad in time and scope, and it seeks information that is irrelevant and is not reasonably calculated to the lead to the discovery of admissible evidence. Subject to and without waiving these objections, insofar as interrogatory no. 11 relates to the 2018 RAM 2500, to the extent known to Rouse, that information would be reflected in the Salesforce Case Notes themselves.

12.

For each item of information identified in response to Interrogatory No. 11, identify with specificity the source of that information, including: (a) the identity of each person who provided or contributed the information; (b) any document, record, or system entry from which the information was derived; and (c) whether the information is based on personal knowledge, and if so, the identity of the person with such knowledge.

Mozley, Finlayson
& Loggins LLP
A Limited Liability
Partnership
1050 Crown Pointe Parkway
Suite 1500
Atlanta, Georgia 30338

-6-

**RESPONSE:**      Rouse hereby incorporates the objections raised in response to interrogatory no. 11. Further responding, insofar as interrogatory no. 12 relates to the 2018 RAM 2500, to the extent known to Rouse, that information would be reflected in the Salesforce Case Notes themselves.

13.

State whether Defendant contends that an inspection occurred on or about May 21, 2024.

**RESPONSE:**      Rouse objects to interrogatory no. 13 on the grounds that it is vague and ambiguous because the term "inspection" is undefined, and it does not identify the object for which it seeks to determine if any such "inspection" occurred. Subject to and without waiving these objections, to the extent responsive, Rouse states that the 2018 RAM 2500 was looked at on or about May 21, 2024, at CarMax's Roswell Store.

14.

Identify each person who performed or participated in that inspection.

**RESPONSE:**      Rouse objects to interrogatory no. 14 on the grounds that it is vague and ambiguous because the term "inspection" is undefined, and it does not identify the object for which it seeks to determine if any such "inspection" occurred. Rouse also objects to this interrogatory because it is overly broad in time and scope, and it seeks information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, to the extent responsive, on May 21, 2024, Rouse looked at the 2018 RAM 2500 with one

Mozley, Finlayson
& Loggins LLP
A Limited Liability
Partnership
1050 Crown Pointe Parkway
Suite 1500
Atlanta, Georgia 30338

-7-

of the technicians who was working at CarMax's Roswell Store, but he does not currently recall the identity of that technician. Discovery is ongoing, and Rouse reserves the right to supplement this response to the extent permitted by the Georgia Civil Practice Act.

15.

State whether you personally participated in any inspection or evaluation of the subject vehicle.

**RESPONSE:**      Rouse objects to interrogatory no. 15 on the grounds that it is vague and ambiguous because the terms "inspection" and "evaluation" are undefined. Subject to and without waiving this objection, to the extent responsive, Rouse looked at the 2018 RAM 2500 on or about May 21, 2024.

16.

If yes, describe your participation.

**RESPONSE:**      Rouse objects to interrogatory no. 16 on the grounds that it does not identify the matter for which it seeks information about any "participation," and, thus, is vague and ambiguous, overly broad in time and scope, is unduly burdensome, and it seeks information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to them without waiving these objections, to the extent responsive, on or about May 21, 2024, Rouse looked at the 2018 RAM 2500, to include the undercarriage and, specifically, the frame. Discovery is ongoing, and Rouse reserves the right to supplement this response to the extent permitted by the Georgia Civil Practice Act.

Mozley, Finlayson
& Loggins LLP
A Limited Liability
Partnership
1050 Crown Pointe Parkway
Suite 1500
Atlanta, Georgia 30338

-8-

17.

If no, state whether you know who performed the inspection and identify that person.

**RESPONSE:**    Rouse objects to interrogatory no. 17 on the grounds that it does not define the term "inspection" nor does it identify the object for which it seeks information about any such "inspection," and, thus, it is vague and ambiguous, overly broad in scope, and it seeks information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, to the extent responsive, on May 21, 2024, Rouse looked at the 2018 RAM 2500 with one of the technicians who was working at CarMax's Roswell Store, but he does not currently recall the identity of that technician.

18.

State whether any person with personal knowledge informed you that the inspection occurred and identify that person.

**RESPONSE:**    Rouse objects to interrogatory no. 18 on the grounds that it does not define the term "inspection" nor does it identify the object for which it seeks information about any such "inspection," and, thus, it is vague and ambiguous, overly broad in scope, and it seeks information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, to the extent responsive, on May 21, 2024, Rouse looked at the 2018 RAM 2500 with one of the technicians who was working at CarMax's Roswell Store, but he does not currently recall the identity of that technician.

Mozley, Finlayson
& Loggins LLP
A Limited Liability
Partnership
1050 Crown Pointe Parkway
Suite 1500
Atlanta, Georgia 30338

-9-

3. Rouse Responses to Requests for Admission — pages 9–13

23.

Admit that information regarding inspection of the Subject Vehicle was obtained by CarMax from employees or records after Plaintiff's September 2025 complaint.

**RESPONSE:**    Rouse has made reasonable inquiry, and the information known or readily obtainable by him is insufficient to enable him to admit or deny request for admission in no. 23.

24.

Admit that Defendant contends that a post-sale inspection of the Subject Vehicle occurred on or about May 21, 2024.

**RESPONSE:**    Responding to request for admission no. 24, Rouse admits that he contends the subject vehicle was looked at on or about May 21, 2024. Except as specifically admitted, request for admission no. 24 is denied.

25.

Admit that the Subject Vehicle was placed on a lift during the post-sale inspection of the Subject Vehicle alleged to have occurred on or about May 21, 2024.

**RESPONSE:**    Responding to request for admission no. 25, Rouse admits that the subject vehicle was placed on a vehicle lift when it was looked at on or about May 21, 2024. Except as specifically admitted, request for admission no. 25 is denied.

26.

Admit that the undercarriage of the Subject Vehicle was evaluated during the post-sale inspection of the Subject Vehicle alleged to have occurred on or about May 21, 2024.

Mozley, Finlayson
& Loggins LLP
A Limited Liability
Partnership
1050 Crown Pointe Parkway
Suite 1500
Atlanta, Georgia 30338

-9-

**RESPONSE:**    Responding to request for admission no. 26, Rouse admits that the undercarriage of the subject vehicle was looked at on or about May 21, 2024. Except as specifically admitted herein, request for admission no. 26 is denied.

27.

Admit that the frame or subframe of the Subject Vehicle was evaluated during the post-sale inspection of the Subject Vehicle alleged to have occurred on or about May 21, 2024.

**RESPONSE:**    Responding to request for admission no. 27, Rouse admits that the frame or subframe of the subject vehicle was looked at on or about May 21, 2024. Except as specifically admitted herein, request for admission no. 27 is denied.

28.

Admit that a purpose of the post-sale inspection of the Subject Vehicle alleged to have occurred on or about May 21, 2024 was to determine whether rust or corrosion was present.

**RESPONSE:**    Responding to request for admission no. 28, Rouse admits that on or about May 21, 2024, the subject vehicle was looked at, in part, to confirm that it met CarMax's standards at the time of sale. Except as specifically admitted herein, request for admission no. 28 is denied.

29.

Admit that the post-sale inspection of the Subject Vehicle alleged to have occurred on or about May 21, 2024 produced findings.

Mozley, Finlayson
& Loggins LLP
A Limited Liability
Partnership
1050 Crown Pointe Parkway
Suite 1500
Atlanta, Georgia 30338

-10-

**RESPONSE:**    Responding to request for admission no. 29, Rouse admits that findings were made when the subject vehicle was looked at on or about May 21, 2024. Except as specifically admitted herein, request for admission no. 29 is denied.

30.

Admit that findings from the post-sale inspection of the Subject Vehicle alleged to have occurred on or about May 21, 2024 were communicated within CarMax.

**RESPONSE:**    Responding to request for admission no. 30, Rouse admits that employees may have communicated about findings that were made when the subject vehicle was looked at on or about May 21, 2024. Except as specifically admitted herein, request for admission no. 30 is denied.

31.

Admit that findings from the post-sale inspection of the Subject Vehicle alleged to have occurred on or about May 21, 2024 were communicated to Plaintiff.

**RESPONSE:**    Responding to request for admission no. 31, Rouse admits that after the subject vehicle was looked at on or about May 21, 2024, he communicated the findings to plaintiff. Except as specifically admitted herein, request for admission no. 31 is denied.

32.

Admit that no inspection report exists for the post-sale inspection of the Subject Vehicle alleged to have occurred on or about May 21, 2024.

**RESPONSE:**    Responding to request for admission no. 32, Rouse admits he is not currently aware of an inspection report being prepared on or about May 21,

Mozley, Finlayson
& Loggins LLP
A Limited Liability
Partnership
1050 Crown Pointe Parkway
Suite 1500
Atlanta, Georgia 30338

-11-

2024, related to the subject vehicle. Except as specifically admitted herein, request for admission no. 32 is denied.

33.

Admit that no technician notes exist for the post-sale inspection of the Subject Vehicle alleged to have occurred on or about May 21, 2024.

**RESPONSE:**    Responding to request for admission no. 33, Rouse admits he is not currently aware of any technician notes being prepared on or about May 21, 2024, related to the subject vehicle. Except as specifically admitted herein, request for admission no. 33 is denied.

34.

Admit that no photographs taken by CarMax exist documenting the post-sale inspection of the Subject Vehicle alleged to have occurred on or about May 21, 2024.

**RESPONSE:**    Responding to request for admission no. 34, Rouse admits that he is not currently aware of any photograph taken on or about May 21, 2024, of the subject vehicle. Except as specifically admitted herein, request for admission no. 34 is denied.

35.

Admit that CarMax has not identified the individual who performed the post-sale inspection of the Subject Vehicle alleged to have occurred on or about May 21, 2024.

**RESPONSE:**    Rouse objects to request for admission no. 35 on the grounds that it improperly seeks an admission on behalf of CarMax. Subject to and without waiving this objection, Rouse has made reasonable inquiry, and the

Mozley, Finlayson
& Loggins LLP
A Limited Liability
Partnership
1050 Crown Pointe Parkway
Suite 1500
Atlanta, Georgia 30338

-12-

information known or readily obtainable by him is insufficient to enable him to admit or deny request for admission in no. 35.

36.

Admit that any findings communicated to Plaintiff regarding the post-sale inspection of the Subject Vehicle alleged to have occurred on or about May 21, 2024 were based on information obtained from a CarMax employee or agent.

**RESPONSE:**    Responding to request for admission no. 36, Rouse admits that after the subject vehicle was looked at on or about May 21, 2024, he communicated to plaintiff the findings.  Except as specifically admitted herein, request for admission no. 36 is denied.

37.

Admit that the identity of the CarMax employee or agent who provided information regarding the post-sale inspection of the Subject Vehicle alleged to have occurred on or about May 21, 2024 has not been disclosed.

**RESPONSE:**    Denied.

38.

Admit that Defendant cannot identify the individual who performed the post-sale inspection of the Subject Vehicle alleged to have occurred on or about May 21, 2024 despite conducting an investigation.

**RESPONSE:**    Denied as stated.

39.

Admit that Defendant cannot state under oath that the post-sale inspection of the

Mozley, Finlayson
& Loggins LLP
A Limited Liability
Partnership
1050 Crown Pointe Parkway
Suite 1500
Atlanta, Georgia 30338

-13-

4. CarMax Verification page

IN THE SUPERIOR COURT OF PICKENS COUNTY
STATE OF GEORGIA

DAVID JOSEPH CERNANCE,

　　　　Plaintiff,

vs.

CARMAX AUTO SUPERSTORES, INC.,
and LETONY "TONY" ROUSE II,

　　　　Defendants.

CIVIL ACTION FILE
NO. 2025SUCV0721

## VERIFICATION

STATE OF GEORGIA

COUNTY OF _Fulton_

Personally appeared before me, the undersigned officer, duly authorized to administer oaths, Letony Rouse II, and states that he signs this Verification for and on behalf of CarMax Auto Superstores, Inc. ("CarMax") and that he is duly authorized to do so; that the facts stated in the foregoing *Responses of Defendant CarMax Auto Superstores, Inc. to Plaintiff's First Interrogatories* are not within the personal knowledge of any one person at CarMax, and, as a result, they have been assembled by certain authorized employees of and counsel for CarMax from certain records and files kept by CarMax in the regular and ordinary course of business, and from interviews of certain authorized CarMax employees; and, that said facts are true and correct to the best of his knowledge and belief.

Sworn to and subscribed before me
this ᵢₗ day of＿＿＿ S ＿＿＿＿, 2026.

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
NOTARY PUBLIC
My Commission Expires: ＿4/29/2030

CARMAX AUTO SUPERSTORES, INC.

By: ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
Name: Letony Rouse II
Title:  Operations Manager

```
JADA LASHAY LONG
NOTARY PUBLIC
Fulton County
State of Georgia
My Commission Expires 4/29/2030
```

5. Salesforce Case Notes — CARMAX 088–089

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 500PW00000skvIZYAQ | 09/15/2025 | 8:17:34 | 937783 | Phone | David Cernance | David Cernance | Feed Comment | | Hello, Team! Thanks for driving us forward. We received notice about a customer issue and wanted to calibrate our approach. I've outlined the concern and what support is needed below. I appreciate your review and look forward to working together.@Kimya Sanders @Tony Rouse @Darrell Cuylear Area of Business:Service [Retail, Standards]Customer Info: DAVID CERNANCE | 8175707097 | davidcernance@gmail.comVehicle Info: 2018 Ram 1500 (25819443) | 3C6MR5AJ6JG347736 | SOLD: 5/16/2024 - 7,807 | Current mileage: ~17,000 miESP: Fidelity - $50 | 5/16/2029 - 150,000 | P00079639052Recap Customer Concern: Customer requesting rust remediation and underbody coating due to rust identified during his 90 Day Limited Warranty for unrelated repairs required to fan, during which Dodge dealer identified rust. CarMax has stated rust is within our standards, and customer is frustrated by lack of assistance and inability to communicate with senior leadership.Research Conducted to Validate: -Original offer from Norwood, MA in April 2024 notes undercarriage is rusted.-Notes from CQI indicate plow mount, which, along with low mileage, are strong indicators unit sat for long periods in interims between use in an area where road conditions would have accelerated corrosion.-Parent case 500733 opened four days after purchase from a survey notes concerns with undercarriage rust, with resolution from then LGM affirming a conversation between the two to arrange an appointment &quot;to get his truck looked at for the scratch on the door and the rust underneath.&quot;There is a subsequent appointment set 5/20 for 5/21/24 that reviews paint issue on D/S and P/S door and a misaligned rear bumper, but no line item that affirms rust level was inspected. Partnership Request: Team, like I&#39;ve shared below, while I am surprised at the timing of the customer&#39;s complaint, I am wondering after the rust level present at our intake. Facts of the vehicle origin would support there being some amount of subframe rust. If OfferHub photos are still available, would we be able to review for perforated rust? What are your thoughts? Thanks for your attention and partnership! |
| 500PW00000skvIZYAQ | 09/15/2025 | 8:28:40 | 937783 | Phone | David Cernance | David Cernance | Next Follow Up | 2025-09-13 | 2025-09-15 |
| 500PW00000skvIZYAQ | 09/15/2025 | 9:44:43 | 937783 | Phone | David Cernance | David Cernance | Store Owner | Kimya Sanders | Tony Rouse |
| 500PW00000skvIZYAQ | 09/15/2025 | 9:48:23 | 937783 | Phone | David Cernance | David Cernance | Feed Comment | | Spoke with the customer and informed him that the vehicle met CarMax standards to sell. The vehicle was inspected here at the store shortly after the customer purchased as this was brought up previously by the customer. The customer is asking that we have the frame sand blasted which is metal treatment that we would not offer or cover. The store would not offer any type of repair for this. |
| 500PW00000skvIZYAQ | 09/15/2025 | 9:48:49 | 937783 | Phone | David Cernance | David Cernance | Status | New | Resolved |
| 500PW00000skvIZYAQ | 09/15/2025 | 9:48:49 | 937783 | Phone | David Cernance | David Cernance | Resolution Options Presented | | |
| 500PW00000skvIZYAQ | 09/15/2025 | 10:01:56 | 937783 | Phone | David Cernance | David Cernance | Resolution Options Presented | | |

Internal Use Only

CARMAX 088

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 500PW00000skvIZYAQ | 09/15/2025 | 10:32:57 | 937783 | Phone | David Cernance | David Cernance | Feed Comment | Internal Partnership, Teams, 9/15 - 10:18a EST: @Tony Rouse and I calibrated on alignment. There is no new information as to how rust is impacting vehicle performance or required repairs. Customer was changing his oil last week; he noticed oil pan was rusty. He had reached out last Friday after taking his vehicle to a Dodge dealer to determine what remediation methods were available, as that facility had confirmed that the undercarriage was rusted. Tony and David shared a discussion Friday afternoon about what steps CarMax could support with that rust being within our standards. Shortly after purchase, following resolution of survey case, vehicle was brought in for standards review. Shop had placed vehicle on a lift to inspect undercarriage and subframe, but didn&#39;t open a line. At that time, rust was within CarMax&#39;s standards, customer was also within his 10 Day MBG and could have opted to return it. At this juncture, with no new information about--for example, a bolt being unable to be torqued or a drain plug for that oil pan unable to be removed due to rust, CarMax cannot participate in methods, like sandblasting and anti-corrosive undercoating, to remediate that rust. The information available about that vehicle&#39;s origin were available prior to purchase, as was CarMax&#39;s position about the presence of rust. The customer elected to both buy and keep the vehicle. Asides from an appraisal, CarMax 7298 unable to participate in greater support. |
| 500PW00000skvIZYAQ | 09/15/2025 | 16:04:33 | 937783 | Phone | David Cernance | David Cernance | Feed Comment | Outbound call, 9/15 - 3:55p EST: Attempt #1: I called customer to deliver resolution: (partnership has been taken both with store-level and CR leadership)Due to the time that has elapsed since purchase and previous review to determine whether present underbody rust met standards at the time of purchase, CarMax is unable to participate in defraying the costs of remedial rust-removal methods like sandblasting or the application of anti-corrosive undercoating. CarMax does tolerate some amount of surface rust below the vehicle, and partnership with senior management at our Roswell team, who inspected the undercarriage at an appointment on 5/21/24, have indicated that the concern was reviewed shortly after purchase to notify customer of whether the structural integrity of the metal was compromised. Our review indicates that the rust underneath vehicle was a cosmetic condition.With the review that was conducted inside the customer&#39;s Love Your Car Guarantee window, the customer had the opportunity to return the vehicle after being told the rust met our mechanical standards.Pre-purchase review about the facts of this vehicle&#39;s origin and potential for corrosion were available prior to purchase, and current dissatisfaction with that present rust does not influence what is possible from CarMax.Customer was unavailable. I left voicemail inviting callback and providing my direct extension. |
| 500PW00000skvIZYAQ | 09/15/2025 | 16:04:53 | 937783 | Phone | David Cernance | David Cernance | Next Follow Up    2025-09-15 | 2025-09-16 |
| 500PW00000skvIZYAQ | 09/16/2025 | 11:59:05 | 937783 | Phone | David Cernance | David Cernance | Feed Comment | Outbound call, 9/16 - 11:57a EST: Attempt #2: I called customer to deliver resolution. Customer unavailable. Closing case for customer unresponsiveness. |
| 500PW00000skvIZYAQ | 09/16/2025 | 12:00:32 | 937783 | Phone | David Cernance | David Cernance | Status    Resolved | Closed |
| 500PW00000skvIZYAQ | 09/16/2025 | 12:00:32 | 937783 | Phone | David Cernance | David Cernance | Resolution Options Presented | |
| 500PW00000skvIZYAQ | 09/17/2025 | 13:42:12 | 937783 | Phone | David Cernance | David Cernance | Feed Comment | Inbound call, Voicemail reviewed, 9/17 - 1:41p EST: Customer called in and left voicemail, announcing that he has received my voicemails but that he works M-W nights and sleeps during the day. He states he will be available R-F for callback. Maintaining closure. |
| 500PW00000skvIZYAQ | 09/17/2025 | 13:43:03 | 937783 | Phone | David Cernance | David Cernance | Feed Comment Reply | Inbound call, Voicemail reviewed, 9/17 - 1:42p EST: Customer left another voicemail inviting callback. |

CARMAX 089